KEITH E. EGGLETON, State Bar No. 159842
MAURA L. REES, State Bar No. 191698
ANTHONY J WEIBELL, State Bar No. 238850
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
E-mail: mrees@wsgr.com; aweibell@wsgr.com

Attorneys for Defendant
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GROSS, | CASE NO.:  C 12-00154 CRB |
| Plaintiff, | |
| v. | **SYMANTEC'S MOTION TO DISMISS THE COMPLAINT** |
| SYMANTEC CORPORATION, | Date:        April 20, 2012 |
| Defendant. | Time:        10:00 AM |

**SUMMARY OF ARGUMENT**

Defendant Symantec Corporation ("Symantec") moves to dismiss the complaint filed by Plaintiff James Gross ("Complaint" or "Compl.") in which Plaintiff alleges that he was fraudulently deceived into purchasing software developed and sold by a subsidiary of Symantec. Plaintiff's lawsuit alleges that the software at issue, which scans a user's computer system to identify and fix errors in the computer's registry, "does not actually perform any meaningful evaluation of the user's computer system" and that the software detects errors that "are not credible threats" to a user's computer.  Compl. ¶¶ 26-27.  Plaintiff further alleges that users are thus "duped" into purchasing software that "has very little (if any) utility."  *Id.* ¶ 4.

Plaintiff's allegations are without merit.  Symantec is world-renowned for its top-of-the-line computer software and has been recognized for both the quality of its software and for its commitment to ethical leadership.  The award-winning software at issue in this lawsuit offers among the best computer cleaning tools available to consumers, and has been praised by industry reviewers as "outstanding," "the best option for those seeking peace of mind and ease of use," and for having "delivered a noticeable performance improvement, which means that the software works as advertised."  Plaintiff will be unable to prove the baseless allegations set forth in the Complaint.  For purposes of the motion to dismiss, however, even where Plaintiff's factual allegations must be taken as true, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, as well as under Rule 9(b) for failure to allege the claims with the requisite specificity.

As an initial matter, Plaintiff's complaint against Symantec fails because Symantec was not a party to the underlying transaction that forms the basis of Plaintiff's complaint. Plaintiff's claims individually fail for several additional reasons.  Plaintiff's California Business & Professions Code Section 17200 claim should be dismissed because non-residents like Plaintiff Gross cannot rely on Section 17200 where the alleged wrongful conduct occurred outside of California.  *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270 (9th Cir. 2011).

Plaintiff's fraudulent inducement claim, as well as each of his other claims, which are all based on the same allegedly fraudulent representations, should be dismissed because (1) Plaintiff

cannot allege that Symantec made any fraudulent representations; (2) Plaintiff fails to plead fraud with the specificity required by Rule 9(b); (3) Plaintiff cannot state a fraud claim based on representations of future performance; (4) the alleged representations are non-actionable statements of opinion; and (5) the allegations in the Complaint are so contradictory as to make them implausible.

Plaintiff's breach of express warranty claim under California Commercial Code § 2313 should be dismissed because (1) California statutes do not apply to the software license purchased by Plaintiff in Washington from PC Tools Ltd., an Irish company; (2) California Commercial Code Section 2313 does not apply to software licenses generally; (3) even if the California Commercial Code applied, Plaintiff fails to plead the required elements of an express warranty; and (4) any express warranty was disclaimed in the parties' written agreement.

Plaintiff's claim for breach of contract should be dismissed because (1) Plaintiff cannot allege any contract between Symantec and himself; (2) Plaintiff fails to allege the terms of an express contract; (3) Plaintiff fails to sufficiently alleged an implied contract; (4) the express terms of the software license agreement disclaim the obligations alleged by Plaintiff; and (5) Plaintiff fails to sufficiently allege any breach of the alleged contract.

Plaintiff's breach of the implied covenant claim should be dismissed because (1) it is duplicative of the breach of contract claim; (2) the alleged conduct did not deprive Plaintiff of the fruits of the contract; and (3) it is based on conduct permitted by the contract.

Finally, Plaintiff's unjust enrichment claim fails because an express contract existed between the parties and where a contract exists, Plaintiff may not bring a claim on the theory of unjust enrichment.

For all of these reasons, Plaintiff's complaint should be dismissed with prejudice, as Plaintiff will not be able to cure the defects in his claims.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .......................................................................... vii

STATEMENT OF THE ISSUES ................................................................................... vii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

STATEMENT OF FACTS AND ALLEGATIONS ...................................................... 1

ARGUMENT ............................................................................................................... 2

I.      LEGAL STANDARD ...................................................................................... 2

II.     PLAINTIFF'S CLAIMS FAIL BECAUSE SYMANTEC WAS NOT A PARTY TO THE UNDERLYING TRANSACTION AT ISSUE ................................... 3

III.    PLAINTIFF'S UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED ............. 4

IV.     PLAINTIFF'S FRAUDULENT INDUCEMENT CLAIM AND ALL CLAIMS BASED ON THE ALLEGED FRAUD SHOULD BE DISMISSED ............................... 5

V.      PLAINTIFF'S EXPRESS WARRANTY CLAIM SHOULD BE DISMISSED ................ 7

VI.     PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED ......... 10

VII.    PLAINTIFF'S IMPLIED COVENANT CLAIM SHOULD BE DISMISSED ............... 13

VIII.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED ............ 14

CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*AccuSoft Corp. v. Palo*, 237 F.3d 31 (1st Cir. 2001)................................................................ 14

*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388 (9th Cir. 1988) ........................................ 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ........................................................... 2

*Attachmate Corp. v. Health Net, Inc.*, No. 09-1161, 2010 WL 4365833
    (W.D. Wash. Oct. 26, 2010)................................................................................................ 8

*Baltazar v. Apple Inc.*, No. 10-03231 WHA, 2011 WL 6747884
    (N.D. Cal. Dec. 22, 2011) ................................................................................................... 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 2

*Berthold Types Ltd. v. Adobe Sys., Inc.*, 101 F. Supp. 2d 697 (N.D. Ill. 2000) .......................... 8

*Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97 (1943) ....................................................... 12

*Diacakis v. Comcast Corp.*, No. 11-3002 SBA, 2012 WL 43649
    (N.D. Cal. Jan. 9, 2012).................................................................................................... 15

*Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292, 2010 WL 3974674
    (D. Kan. Sept. 30, 2010).................................................................................................... 8

*Discover Bank v. Ray*, 162 P.3d 1131 (Wash. Ct. App. 2007)................................................. 12

*Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134 (9th Cir. 2010) ............................................... 12

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004)..................................................... 6

*In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953 (N.D. Cal. 2007) ......................... 14

*Jogani v. Superior Court*, 165 Cal. App. 4th 901 (2008)......................................................... 15

*Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138 (N.D. Cal. Dec. 13, 2010),
    *vacated in part on other grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011)..................... 10

*Kwan v. Clearwire Corp.*, No. 09-1392, 2012 WL 32380
    (W.D. Wash. Jan. 3, 2012) ............................................................................................... 11

*Lamle v. Mattel, Inc.*, 394 F.3d 1355 (Fed. Cir. 2005).............................................................. 8

*Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1 (2007)........................................ 13

*McAfee v. Francis*, No. 11-00821, 2011 WL 3293759 (N.D. Cal. Aug. 1, 2011) ................. 11, 13

*McLauchlan v. Aurora Loan Servs. LLC*, No. 10-1560, 2011 WL 2650203
    (W.D. Wash. July 6, 2011)................................................................................................ 13

*Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779 (2003) ............................................ 15

*Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 301 P.2d 759 (Wash. 1956) ........................... 11

*Muniz v. Microsoft Corp.*, No. 10-0717, 2010 WL 4482107
    (W.D. Wash. Oct. 29, 2010) ................................................................. 10, 11, 13

*Myers v. State*, 218 P.3d 241 (Wash. Ct. App. 2009) ...................................... 10

*Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008) ................................ 9

*Nikoonahad v. Rudolph Techs., Inc.*, No. 08-2290 JF, 2010 WL 4340395
    (N.D. Cal. Oct. 27, 2010) ................................................................. 14

*Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214 (1999) ......................................... 8

*Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580 (C.D. Cal. 2008) ............................................ 4

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ................................................................ 8

*Pulvers v. Kaiser Found. Health Plan, Inc.*, 99 Cal. App. 3d 560 (1979) .................................... 9

*Sajfr v. BBG Commc'ns, Inc.*, No. 10-2341, 2012 WL 398991
    (S.D. Cal. Jan. 10, 2012) ................................................................. 4

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................................. 8, 9

*Schmier v. U.S. Court of Appeals*, 279 F.3d 817 (9th Cir. 2002)................................................. 2

*Schultz v. United Airlines, Inc.*, 797 F. Supp. 2d 1103 (W.D. Wash. 2011) ..................... 11, 12, 14

*Shook v. Scott*, 353 P.2d 431 (Wash. 1960) ........................................................................... 7

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001).............................................. 2

*Stiley v. Block*, 925 P.2d 194 (Wash. 1996) .......................................................................... 5

*Sullivan v. Oracle Corp.*, 662 F.3d 1265 (9th Cir. 2011).......................................................... 4

*Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011) ............................................................. 4, 8

*Swartz v. Deutsche Bank*, No. 03-1252, 2008 WL 1968948
    (W.D. Wash. May 2, 2008) ................................................................. 15

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ................................................................. 2

*Sys. Am., Inc. v. Rockwell Software, Inc.*, No. 03-2232 JF,
    2007 WL 218242 (N.D. Cal. Jan. 26, 2007) .............................................. 8

*Sys. Unlimited, Inc. v. Cisco Sys., Inc.*, 228 F. App'x 854 (11th Cir. 2007)................................ 8

*United States v. Bennett*, 621 F.3d 1131 (9th Cir. 2010) ...................................................... 3

*United States v. Bestfoods*, 524 U.S. 51 (1998) .................................................................... 3

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) .......................................... 3, 6

*Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213 (2010)............................................. 9

*Wessa v. Watermark Paddlesports, Inc.*, No. 06-5156, 2006 WL 1418906
    (W.D. Wash. May 22, 2006) ................................................................. 5, 6, 7

*Westby v. Gorsuch*, 50 P.3d 284 (Wash. Ct. App. 2002) ........................................ 6

*Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102 (N.D. Cal. 2003)................................ 2

*Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135 (1986) ........................... 9

*Willis v. Champlain Cable Corp.*, 748 P.2d 621 (Wash. 1988) .................................... 14

*Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215 (N.D. Cal. 2011) ................................. 14

## STATUTES

Cal. Bus. & Prof. Code § 17200............................................................... 1, 4, 7

Cal. Comm. Code § 2313 ......................................................................... 1, 7, 8

## RULES

Fed. R. Civ. P. 9(b)...........................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ........................................................................ 2, 3

1

**NOTICE OF MOTION AND MOTION**

2        PLEASE TAKE NOTICE that on April 20, 2012, at 10:00 a.m. in the courtroom of the

3   Honorable Charles R. Breyer, United States District Court, Northern District of California, San

4   Francisco Division, Courtroom 6, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA,

5   defendant Symantec Corporation ("Symantec") will, and hereby does, move the Court for an

6   order dismissing with prejudice the Complaint filed by plaintiff James Gross ("Plaintiff") on

7   January 10, 2012.  This motion is made pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

8   claim upon which relief can be granted and Fed. R. Civ. P. 9(b) for failure to plead

9   circumstances of fraud with requisite particularity.  The motion is based on this Notice of Motion

10  and Motion, the supporting Memorandum of Points and Authorities, the contract between the

11  parties attached to the accompanying Declaration of Anthony J Weibell ("Weibell Decl."), all

12  pleadings and papers on file in this action, oral argument of counsel, and any other matter which

13  may be submitted at the hearing.

14

15

**STATEMENT OF THE ISSUES**

16        1.        Has Plaintiff failed to state a claim upon which relief can be granted with respect

17  to the causes of action alleged in the Complaint, such that the Complaint should be dismissed?

18        2.        Has Plaintiff failed to plead fraud with particularity, such that all causes of action

19  based upon allegations of fraud should be dismissed?

20        3.        Should the Complaint or any of the individual causes of action asserted therein be

21  dismissed with prejudice because granting leave to amend would be futile?

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF FACTS AND ALLEGATIONS**

Symantec is a software company that provides award-winning security, storage, and systems management software products to help its customers secure and manage their computer systems.  Symantec was number 382 on the Fortune 500 list in 2011 and ranks #7 in the Computer Software Category on the Fortune Most Admired Companies List.  In late 2008, Symantec acquired an Australian software company called PC Tools, Ltd. that develops and sells software that can fix registry errors and address privacy issues on a personal computer.  Compl. ¶¶ 3, 14.

Plaintiff James Gross is a Washington resident who allegedly purchased a license to use a PC Tools software product, PC Tools Registry Mechanic, via the PC Tools website, at www.pctools.com.  *Id.* ¶¶ 6, 30, 33.  The end user license agreement ("EULA") that governs the software license purchased by Plaintiff was not attached by Plaintiff to his Complaint, but is submitted herewith.  Weibell Decl., Ex. 1.  The EULA provides that "the licensor of the Software is an Irish Company, PC Tools Limited (Irish Company Number 426110) and the parties to this Agreement will be you and PC Tools Limited (Irish Company Number 426110)."  *Id.* ¶ 1.1.

On January 10, 2012, Plaintiff filed this lawsuit against Symantec alleging that the software at issue "does not actually perform any meaningful evaluation of the user's computer system" and that the software detects errors that "are not credible threats" to a user's computer.  Compl. ¶¶ 26-27.  Plaintiff further alleges that users are thus "duped" into purchasing software that "has very little (if any) utility."  *Id.* ¶ 4.  Based on these primary allegations, the Complaint asserts six causes of action against Symantec:  (1) violation of unfair competition under California Business and Professions Code § 17200, (2) fraudulent inducement, (3) breach of express warranty under California Commercial Code § 2313, (4) breach of contract, (5) breach of the implied covenant of good faith and fair dealing, and (6) unjust enrichment.  Plaintiff seeks to represent a nationwide class of all persons who purchased a license to PC Tools Registry

1   Mechanic and/or two other software applications:  PC Tools Performance Toolkit and Norton

2   Utilities.  *Id.* ¶ 35.

3                                                  **ARGUMENT**

4   **I.      LEGAL STANDARD**

5              Under Rule 12(b)(6), a complaint should be dismissed when it "fail[s] to state a claim

6   upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "In a motion to dismiss, the court

7   need not accept as true allegations that contradict matters properly subject to judicial notice or by

8   exhibit."  *Baltazar v. Apple Inc.*, No. 10-03231 WHA, 2011 WL 6747884, at *2 (N.D. Cal. Dec.

9   22, 2011) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  "[I]n

10  order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting

11  documents upon which their claims are based, a court may consider a writing referenced in a

12  complaint but not explicitly incorporated therein if the complaint relies on the document and its

13  authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal

14  quotation marks and citation omitted); *see also Wietschner v. Monterey Pasta Co.*, 294 F. Supp.

15  2d 1102, 1110 (N.D. Cal. 2003) ("Where a plaintiff fails to attach to the complaint documents

16  referred to in it, and upon which the complaint is premised, a defendant may attach to the motion

17  to dismiss such documents in order to show that they do not support plaintiff's claim.").

18             "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (citing *Bell Atl. Corp. v. Twombly*,

20  550 U.S. 544, 556 (2007)).  "Threadbare recitals of the elements of a cause of action, supported

21  by mere conclusory statements, do not suffice."  *Id.* at 1949.  While the Court accepts as true all

22  material allegations, it need not accept the truth of conclusory allegations, unwarranted

23  inferences, or legal conclusions cast in the form of factual allegations.  *Id.* at 1949-50; *Schmier*

24  *v. U.S. Court of Appeals*, 279 F.3d 817, 820 (9th Cir. 2002).

25             Under Rule 9(b), claims of fraud are held to an even higher pleading standard.  A "party

26  must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P.

27  9(b).  A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure

28  to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6)

1   for failure to state a claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

2   Where a claim is based on allegations of fraud, even though "fraud is not a necessary element of

3   [the] claim . . . the pleading of that claim as a whole must satisfy the particularity requirement of

4   Rule 9(b)." *Id.* at 1103-04.

5        Here, Plaintiff's derogatory allegations about the software at issue are untrue. For

6   purposes of the motion to dismiss, however, in which the falsity of Plaintiff's allegations is

7   largely irrelevant, Plaintiff's Complaint should still be dismissed under Rule 12(b)(6) for failure

8   to state a claim, as well as under Rule 9(b) for failure to allege the claims -- which are all

9   grounded in fraud -- with the requisite specificity.

10  **II.    PLAINTIFF'S CLAIMS FAIL BECAUSE SYMANTEC WAS NOT A PARTY TO THE UNDERLYING TRANSACTION AT ISSUE**

11

12        As an initial matter, Plaintiff's complaint against Symantec fails because Symantec was

13   not a party to the underlying transaction that forms the basis of Plaintiff's complaint. The

14   software purchased by Plaintiff was not software developed or sold by Symantec. To the

15   contrary, Plaintiff went to the PC Tools website (not the Symantec website), purchased a license

16   to use PC Tools Registry Mechanic from PC Tools Ltd. (not from Symantec), and downloaded

17   the PC Tools Registry Mechanic software that was developed and marketed by PC Tools Pty.

18   Ltd. (not Symantec). Compl. ¶¶ 6, 14-15, 30, 33; EULA ¶ 1.1 ("the licensor of the Software is

19   an Irish Company, PC Tools Limited (Irish Company Number 426110) and the parties to this

20   Agreement will be you and PC Tools Limited (Irish Company Number 426110)"). Symantec

21   thus had no connection to Plaintiff's purchase of the Registry Mechanic software.

22        The mere ownership by Symantec of the PC Tools company, as alleged in the Complaint,

23   is not a sufficient basis to state a cause of action against Symantec. *See United States v.*

24   *Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in

25   our economic and legal systems' that a parent corporation (so-called because of control through

26   ownership of another corporation's stock) is not liable for the acts of its subsidiaries.") (citation

27   omitted); *United States v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010) (same). Plaintiff's

28   complaint against Symantec should, therefore, be dismissed with prejudice because no

1   amendment will cure the defect that Symantec was not a party to the underlying transaction

2   between Plaintiff and PC Tools.

3   **III.     PLAINTIFF'S UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED**

4          Plaintiff's claim brought under California Business & Professions Code Section 17200

5   should be dismissed because non-residents like Plaintiff Gross cannot bring a cause of action

6   under Section 17200 where the alleged wrongful conduct occurred outside of California.

7   *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270 (9th Cir. 2011) (§ 17200 did not apply to

8   decisions and policy set by California-based company where policy was implemented against

9   plaintiffs out-of-state) (recognizing certified question answered by California Supreme Court in

10  *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011)); *Sajfr v. BBG Commc'ns, Inc.*, No. 10-

11  2341, 2012 WL 398991, at *4 (S.D. Cal. Jan. 10, 2012) (dismissing Section 17200 claims where

12  "[t]he conduct that forms the basis of Plaintiffs' Complaint simply has no connection to

13  California"); *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 597-99 (C.D. Cal. 2008)

14  ("[E]xtraterritorial application of the UCL is improper where non-residents of California raise

15  claims based on conduct that allegedly occurred outside of the state.").

16         Here, Plaintiff Gross cannot bring a cause of action under Section 17200 because he is a

17  resident of Washington who purchased a software license over the Internet from an Irish

18  company (PC Tools Ltd.) and downloaded the software from the website of an Australian

19  company (PC Tools Pty. Ltd.).  Compl. ¶¶ 6, 14-15, 30, 33; EULA ¶ 1.1.  Consequently, as

20  stated in *Sajfr*, "[t]he conduct that forms the basis of Plaintiffs' Complaint simply has no

21  connection to California," and, under *Sullivan*, the mere fact that Symantec, the parent company

22  of PC Tools, is headquartered in California is insufficient to justify extraterritorial application of

23  California statutory law.  Plaintiff's Section 17200 claim should, therefore, be dismissed with

24  prejudice because no amendment will cure the fact that Plaintiff Gross was not a resident of

25  California when he purchased the PC Tools Registry Mechanic software.  Furthermore, even if

26  Plaintiff had been a California resident, his section 17200 claim would still fail because it is

27  grounded in fraud and Plaintiff has failed to plead fraud with the required specificity, as

28  discussed below.

1    **IV.    PLAINTIFF'S FRAUDULENT INDUCEMENT CLAIM AND ALL CLAIMS**
        **BASED ON THE ALLEGED FRAUD SHOULD BE DISMISSED**
2

3             Plaintiff's fraudulent inducement claim, as well as each of his other claims, which are all

4    based on the same allegedly fraudulent representations, should be dismissed because (1) Plaintiff

5    cannot allege that Symantec made any fraudulent representations; (2) Plaintiff fails to plead

6    fraud with the specificity required by Rule 9(b); (3) Plaintiff cannot state a fraud claim based on

7    representations of future performance; and (4) the allegations of fraud in the Complaint are so

8    contradictory as to make them implausible.

9             "Under Washington law, the nine elements of fraud are (1) representation of an existing

10   fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the

11   speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7)

12   plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon the

13   representation; and (9) damages suffered by the plaintiff." [1]  *Wessa v. Watermark Paddlesports,*

14   *Inc.*, No. 06-5156, 2006 WL 1418906, at *2 (W.D. Wash. May 22, 2006) (citing *Stiley v. Block*,

15   925 P.2d 194 (Wash. 1996)).  Here, Plaintiff's fraud allegations are based on two alleged

16   representations: (1) a statement of opinion about what the product would do for Plaintiff in the

17   future, specifically, that the software "would honestly and accurately scan his computer for

18   harmful problems, increase the speed and stability of his computer, and protect his privacy"; and

19   (2) a statement of opinion about the health of Plaintiff's computer, "that Plaintiff's 'System

20   Health' was 'LOW' and that 'High Priority' errors existed on his computer."  Compl. ¶ 59.  Both

21   alleged representations fail to support a claim for fraud against Symantec.

22   _____

23        [1] Each of Plaintiff's claims arises from the alleged software license transaction and is thus
     subject to the choice of venue clause in the EULA that provides that the courts of the Republic of
24   Ireland have exclusive jurisdiction over such claims.  EULA ¶ 11. The EULA further designates
     Irish law in its choice of law clause.  *Id*.  Symantec does not seek to enforce the choice of venue
25   clause and choice of law clause for purposes of this motion to dismiss.  Consequently, the only
     state with any interest in the outcome of Plaintiff's claims is Washington, his state of residence
26   and the place where the alleged Internet transaction took place and the location where the
     software was installed.  Accordingly, this motion relies on Washington law in evaluating
27   Plaintiff's claims, though Symantec notes that Plaintiff's claims are similarly deficient under
     California law.
28

1   <u>First</u> and foremost, Plaintiff cannot allege that Symantec made these representations to

2   him because, as discussed above, he only interacted with PC Tools and never interacted with

3   Symantec.  *See supra* Section II.

4          <u>Second</u>, Rule 9(b) demands that "[a]verments of fraud must be accompanied by 'the who,

5   what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106 (citation

6   omitted).  "To avoid dismissal for inadequacy under Rule 9(b), the complaint must state the time,

7   place, and <u>specific content</u> of the false representations as well as the identities of the parties to

8   the misrepresentation."  *Wessa*, 2006 WL 1418906, at *2 (emphasis added) (citing *Edwards v.*

9   *Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *Alan Neuman Prods., Inc. v. Albright*,

10   862 F.2d 1388, 1393 (9th Cir. 1988)).  Here, the alleged representations lack the specificity

11   required under Rule 9(b) because Plaintiff fails to identify the content and location of any

12   specific statements made to him personally before purchasing the software that led him to

13   believe that PC Tools promised the software would detect "harmful problems, increase the speed

14   and stability of his computer, and protect his privacy," Plaintiff fails to identify the location or

15   description of any of the individual errors on Plaintiff's computer allegedly reported by the

16   software as being "high priority," and Plaintiff fails to identify any basis for alleging that his

17   computer health was not in fact "low."  Compl. ¶ 59.  Plaintiff's conclusory, vague, and scanty

18   allegations about the representations made to him and the alleged falsity of these representations

19   thus fails to meet the Rule 9(b) standard.

20          <u>Third</u>, to the extent the alleged representations contain a promise of what the software

21   would do for Plaintiff in the future if he purchased it and how his computer would perform after

22   using the software, they cannot support a fraud claim.  "A representation of an existing fact must

23   exist independently of: (1) any future acts or actions on the part of the party making the

24   statement, (2) the occurrence of any other particular event in the future, and (3) the particular

25   future uses of the person to whom the statement is made."  *Wessa*, 2006 WL 1418906, at *3

26   (citing *Westby v. Gorsuch*, 50 P.3d 284 (Wash. Ct. App. 2002)).  "'Where the fulfillment or

27   satisfaction of the thing represented depends upon a promised performance of a future act, or

28   upon the occurrence of a future event, or upon particular future use, or future requirements of the

representee, then the representation is not of an existing fact.'" *Id.* (quoting *Shook v. Scott*, 353 P.2d 431 (Wash. 1960)).

Fourth, not only do Plaintiff's allegations of fraud fail to meet the Rule 9(b) standard, but they also fail to meet even the "plausibility" standard of Rule 8. For example, Plaintiff's complaint effectively concedes that his computer system health was not good and needed to be "enhanced," which is why he searched for and downloaded a computer registry cleaning product. *See* Compl. ¶ 30. Plaintiff also, tellingly, only criticizes the free trial version of the software and does not allege that the full version of the software purchased by Plaintiff lacked the promised utility. *See id.* ¶¶ 30-34. Plaintiff further fails to state a plausible claim for fraud because the Complaint confusingly alleges in some parts of the Complaint that the software does not even perform an actual scan of the computer system, while in other parts of the Complaint, Plaintiff concedes -- as he must under Rule 11 -- that it does perform the promised scan. *Compare* Compl. ¶ 60 (alleging software "did not perform an actual evaluation of Plaintiff's computer"), *with id.* ¶¶ 24 (conceding that "each software product allows the user to perform a scan to detect certain computer problems"), 26 (admitting that software performs an evaluation, just not what Plaintiff alleges to be a "meaningful evaluation"), *and* 32 (admitting that an evaluation was performed on Plaintiff's computer and that it generated a report of errors). Consequently, Plaintiff fails to plausibly allege that the alleged representations were actually false or that he was actually injured by the manner in which the software operates.

## V.   PLAINTIFF'S EXPRESS WARRANTY CLAIM SHOULD BE DISMISSED

Plaintiff's breach of express warranty claim under California Commercial Code § 2313 should be dismissed because (1) California statutes do not apply to the software license purchased by Plaintiff in Washington from PC Tools Ltd., an Irish company; (2) California Commercial Code Section 2313 does not apply to software licenses generally; (3) even if the California Commercial Code applied, Plaintiff fails to plead the required elements of an express warranty; and (4) any express warranty was disclaimed in the parties' written agreement.

First, for the same reason that Plaintiff's section 17200 claim fails, Plaintiff's breach of express warranty claim under California Commercial Code § 2313 fails because Plaintiff is a

1    Washington resident and California statutory law does not apply to transactions that take place

2    between non-residents completely outside of California.  *See Sullivan*, 51 Cal. 4th at 1207;

3    *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222-25 (1999). ("We ordinarily

4    presume the Legislature did not intend the statutes of this state to have force or operation beyond

5    the boundaries of the state."); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985)

6    (holding that due process clause of the United States Constitution places limitations on the

7    extraterritorial application of state law).  Here, the California statute simply does not apply to

8    Plaintiff Gross' transaction with an Irish company in Washington.

9         Second, Plaintiff's express warranty claim under § 2313 also fails because the California

10   Uniform Commercial Code ("UCC") does not apply to intellectual property licenses such as the

11   software license at issue.  *Sys. Am., Inc. v. Rockwell Software, Inc.*, No. 03-2232 JF, 2007 WL

12   218242, at *4 (N.D. Cal. Jan. 26, 2007) (California UCC does not cover "the transfer of

13   intellectual property rights" such as a software license agreement); *Sys. Unlimited, Inc. v. Cisco

14   Sys., Inc.*, 228 F. App'x 854, 859 (11th Cir. 2007) (California UCC does not apply to "[t]he sale

15   of intellectual property, which is what is involved here" because it "is not a transaction in

16   goods"); *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1359 n.2 (Fed. Cir. 2005) (California UCC does

17   not apply to "a license for intellectual property" because it "is not a sale of goods"); *Attachmate

18   Corp. v. Health Net, Inc.*, No. 09-1161, 2010 WL 4365833, at *2 (W.D. Wash. Oct. 26, 2010)

19   ("The weight of authority favors application of common law and not the UCC with regard to

20   software licenses."); *Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292, 2010 WL 3974674, at *9

21   (D. Kan. Sept. 30, 2010) (software license was not covered by the UCC); *Berthold Types Ltd. v.

22   Adobe Sys., Inc.*, 101 F. Supp. 2d 697, 698 (N.D. Ill. 2000) ("[T]he UCC does not apply to [a

23   software license] because it involves only granting a license and not a sale of goods.").

24        Third, even if California Commercial Code § 2313 could be applied to the software

25   license at issue (which it cannot), Plaintiff fails to adequately plead a breach of express warranty.

26   "To plead an action for breach of express warranty under California law, a plaintiff must allege:

27   (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty

28   which proximately caused plaintiff's injury."  *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 986-87

1   (N.D. Cal. 2009) (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142

2   (1986)).  "[S]tatements constituting 'mere puffery' cannot support liability under a claim for

3   breach of warranty" because "[t]he distinguishing characteristics of puffery are vague, highly

4   subjective claims as opposed to specific, detailed factual assertions." *Id.* at 987 (citing *Pulvers v.*

5   *Kaiser Found. Health Plan, Inc.*, 99 Cal. App. 3d 560, 565 (1979)); *see also Newcal Indus., Inc.*

6   *v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (causes of action based on

7   statements of opinion and "puffery" that are "not a quantifiable claim and do[] not describe (or

8   misdescribe) any specific or absolute characteristic of [the product at issue]" are properly

9   dismissed at the pleading stage); *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227

10  (2010) (express warranty claim requires proof that seller's statements constitute an affirmation of

11  fact or promise, or a description of the goods that was part of the basis of the bargain);

12       Here, Plaintiff fails to allege any actual statements by Symantec that would constitute an

13  express warranty because Symantec had no part in the transaction between Plaintiff and PC

14  Tools.  *See supra* Section II.  Plaintiff also fails to allege any statements made by PC Tools that

15  contained the "exact terms" of the alleged "express warranty."  To the contrary, Plaintiff vaguely

16  alleges that there was "an express warranty of merchantability created by affirmations of facts

17  and promises" through "advertising, websites, and in-software representations" that the

18  "software would truthfully identify and repair critical PC errors, increase computer speed,

19  performance and stability; protect against privacy risks; remove harmful errors; and 'clean up'

20  hard drives."  Compl. ¶¶ 70-71.  Plaintiff fails, however, to allege any specifics about where and

21  when such express warranties were made or the specific statements made by PC Tools that

22  included the alleged warranties.  Plaintiff's allegations are also based upon "vague, highly

23  subjective" representations about how the software would perform, representations that depend

24  on a person's subjective interpretation of the words "critical," "increased," "performance,"

25  "risks," "harmful," and "clean up."  Such subjective representations are not "specific, detailed

26  factual assertions" but instead are mere statements of opinion and puffery that "cannot support

27  liability under a claim for breach of warranty."  *Sanders*, 672 F. Supp. 2d at 987.

28

<u>Fourth</u>, any warranties or guarantees that the licensed software would be successful in detecting and removing computer errors were expressly disclaimed in the parties' written agreement.  *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1155-56 (N.D. Cal. Dec. 13, 2010) (dismissing warranty claims where seller disclaimed warranties), *vacated in part on other grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011).  The written agreement between Plaintiff and PC Tools contained no warranty that the product at issue would remove or rectify errors on Plaintiff's computer.   To the contrary, the parties' written agreement stated that "[i]n particular, PC Tools does not guarantee that the Software will detect, remove or rectify any errors on your computer, including, without limitation any errors in your Window's registry file or other operating system errors."  EULA ¶ 4.1.  The agreement further expressly disclaimed any express or implied warranties:  "PC Tools makes no warranties in relation to the Software, including warranties as to the performance or fitness for purpose of the Software."  *Id*. ¶ 4.5(a). Consequently, Plaintiff cannot state a claim for breach of express warranty.

## VI.   PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED

Plaintiff's claim for breach of contract should be dismissed because (1) Plaintiff cannot allege any contract between Symantec and himself; (2) Plaintiff fails to allege the terms of an express contract; (3) Plaintiff fails to sufficiently alleged an implied contract; (4) the express terms of the software license agreement disclaim the obligations alleged by Plaintiff; and (5) Plaintiff fails to sufficiently allege any breach of the alleged contract.

<u>First</u>, Plaintiff's contract claim should be dismissed because, as explained above, Plaintiff cannot allege any contract between Symantec and himself when the transaction at issue was between Plaintiff and PC Tools.  *See supra* Section II.  Since Symantec was not a party to the alleged contract with Plaintiff, Symantec could not have breached that contract.

<u>Second</u>, Plaintiff fails to sufficiently allege the terms of an express contract.  "A breach-of-contract claim under Washington law requires a showing of '(1) a contract that imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of that duty.'"  *Muniz v. Microsoft Corp.*, No. 10-0717, 2010 WL 4482107, at *3 (W.D. Wash. Oct. 29, 2010) (quoting *Myers v. State*, 218 P.3d 241, 243 (Wash. Ct. App. 2009)).  "A breach of contract claim must

point to a provision of the contract that was breached" because "a contract cannot be breached if the contract does not include the term in question."  *Id.*  Where a plaintiff fails to attach a copy of the contract to the complaint or fails to allege the essential terms of the contract with the requisite specificity, the plaintiff "fail[s] to state breach of contract claims."  *McAfee v. Francis*, No. 11-00821, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011).

Here, Plaintiff fails to sufficiently allege the essential terms of the contract because the Complaint only vaguely alleges that Plaintiff entered into a contract with Symantec when Plaintiff "agreed to give the Defendant a fixed amount in exchange for, software that would remove legitimate computer errors from Plaintiff's . . . computer[]."  Compl. ¶ 77.  Plaintiff fails to allege, however, how an obligation to provide "software that would remove legitimate computer errors" ever became a part of the contract.  *Id.*  Indeed, the factual allegations of the Complaint merely allege that *after* Plaintiff had tested the trial version of the Registry Mechanic software, he then agreed to buy a license to the software by clicking the "Purchase Online" button and by paying the license fee.  *See id.* ¶ 33.  Nowhere in that process does Plaintiff allege he made his offer conditional on a promise that the software be able to remove legitimate errors from his computer or other promise that the software achieve specific results.  Nor does Plaintiff allege that PC Tools expressly stated that it promised that the software would be able to remove legitimate errors.  Consequently, Plaintiff fails to sufficiently allege an express contract.

Third, to the extent Plaintiff's cause of action is based on an "implied" promise that the software would achieve specific results, *see id.* ¶ 78, Plaintiff has failed to plead sufficient facts to support a cause of action based on implied contract.  "In Washington, an implied contract exists [only] if there is an offer; there is an acceptance; the acceptance is in the terms of the offer; it is communicated to the offeror; there is mutual intention to contract; and there is a meeting of the minds of the parties."  *Schultz v. United Airlines, Inc.*, 797 F. Supp. 2d 1103, 1107 (W.D. Wash. 2011) (citing *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 301 P.2d 759, 762 (Wash. 1956)).  Showing "mutual acceptance" of the terms and a "meeting of the minds" is a critical element of an implied contract claim.  *See Kwan v. Clearwire Corp.*, No. 09-1392, 2012 WL 32380, at *6 (W.D. Wash. Jan. 3, 2012) ("a contract requires a 'meeting of the minds' and 'a

-11-

1   manifestation of mutual assent'").  "In order to form a valid contract, there must be an <u>objective</u>

2   manifestation of mutual assent."  *Discover Bank v. Ray*, 162 P.3d 1131, 1133 (Wash. Ct. App.

3   2007) (emphasis added).

4          A seller's representations on its website describing a product or service that are merely

5   "aspirational" and "precatory" do not demonstrate the requisite manifestation of assent to create

6   an implied contract.  *Schultz*, 797 F. Supp. 2d at 1107 (holding that "language on [airline's]

7   website expressing its aspirational intention to deliver baggage in a timely manner [was]

8   insufficient to create an implied contract" because such website language was "merely precatory,

9   and falls far short of evincing an intent to contract").  Here, as in *Schultz*, Plaintiff fails to allege

10  sufficient facts to demonstrate any meeting of the minds on the alleged obligation to provide

11  software that would achieve certain results.  Plaintiff does not allege any specific statements that

12  were present on the PC Tools website or other materials that evidenced any intent to create a

13  distinct contract about the results to be achieved by the software.  Nor does Plaintiff allege any

14  facts showing an "objective manifestation" of assent by PC Tools to an obligation to provide

15  software that would achieve certain results.  To the extent the software materials indicated that

16  the software detects and removes errors, such representations are not the legal equivalent of a

17  specific promise that the software would actually be able to remove "legitimate errors" from

18  Plaintiff's computer.  Consequently, Plaintiff can show no meeting of the minds, and no implied

19  contract.

20          <u>Fourth</u>, Plaintiff's contract claim fails because the express terms of the written software

21  license agreement disclaim any promise that the software would achieve any specific results.

22  Plaintiff cannot bring a claim for implied contract that disregards the express terms of his

23  software license agreement.  *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1143 n.13 (9th Cir.

24  2010) ("under Washington state law, 'a party to a valid express contract is bound by the

25  provisions of that contract, and may not disregard the same and bring an action on an implied

26  contract relating to the same matter, in contravention of the express contract'") (quoting

27  *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 103 (1943)).  Here, Plaintiff's use of the full

28  version of the software was conditioned on his acceptance of the express terms of the EULA,

1  which contained no promise that the software would be able to rectify errors on Plaintiff's

2  computer.  To the contrary, the EULA stated that "[i]n particular, PC Tools does not guarantee

3  that the Software will detect, remove or rectify any errors on your computer, including, without

4  limitation any errors in your Window's registry file or other operating system errors."  EULA ¶

5  4.1.  The agreement further disclaimed any obligation that the software would actually achieve

6  such results:  "PC Tools makes no warranties in relation to the Software, including warranties as

7  to the performance or fitness for purpose of the Software."  *Id*. ¶ 4.5(a).

8        Fifth, Plaintiff's contract claim fails because Plaintiff fails to provide "specific allegations

9  as to breach."  *McAfee*, 2011 WL 3293759, at *2; *see also Muniz*, 2010 WL 4482107, at *3

10  (plaintiff must sufficiently allege a breach of a contractual duty); *see also Levy v. State Farm*

11  *Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007) ("Facts alleging a breach, like all essential

12  elements of a breach of contract cause of action, must be pleaded with specificity.").  Plaintiff's

13  allegations of breach are deficient because Plaintiff does not allege any facts showing that *after*

14  the contract was formed -- after Plaintiff purchased a license to use the full version of the

15  software -- the software did not remove "legitimate computer errors" from his computer pursuant

16  to the alleged obligation to do so.  Plaintiff's allegations about the deficiencies of the software all

17  pertain to his use of the *trial version* of the software.  *See* Compl. ¶¶ 32-34.  He makes no

18  allegations about what happened with respect to removal of errors from his computer after he

19  installed the full version.  Consequently, Plaintiff fails to make any "specific allegations"

20  identifying a breach of the contract by the full version of the software that he purchased.

21  **VII.   PLAINTIFF'S IMPLIED COVENANT CLAIM SHOULD BE DISMISSED**

22        Plaintiff's breach of the implied covenant claim should be dismissed because (1) it is

23  duplicative of the breach of contract claim; (2) the alleged conduct did not deprive Plaintiff of

24  the fruits of the contract; and (3) it is based on conduct permitted by the contract.

25        First, Plaintiff's implied covenant claim should be dismissed because it is duplicative of

26  the breach of contract claim and based on the same alleged conduct.  *Compare* Compl. ¶¶ 80-81,

27  *with id.* ¶¶ 86, 90; *see McLauchlan v. Aurora Loan Servs. LLC*, No. 10-1560, 2011 WL 2650203,

28  at *2 (W.D. Wash. July 6, 2011) (dismissing duplicative implied covenant claim not based on

"distinct conduct from the conduct involved in the breach of contract claim"); *Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1221 (N.D. Cal. 2011) (an implied covenant claim is properly dismissed if it relies on the same alleged acts as a contract claim).

<u>Second</u>, Plaintiff's implied covenant claim should be dismissed because Plaintiff's allegations do not show that he was denied the benefit of the contract.  Indeed, as explained above, Plaintiff does not allege any facts showing that after Plaintiff purchased the full version of the software, the software did not, in fact, remove "legitimate computer errors" from his computer.  Plaintiff's allegations about the deficiencies of the software are directed to his use of the *trial version* of the software *before* any contract was formed.  *See* Compl. ¶¶ 32-34.  Such conduct prior to the formation of the contract cannot form the basis of an implied covenant claim.  *See Nikoonahad v. Rudolph Techs., Inc.*, No. 08-2290 JF, 2010 WL 4340395, at *7 (N.D. Cal. Oct. 27, 2010) ("In an action for breach of the implied covenant of good faith and fair dealing, a plaintiff cannot prove fraudulent intent by pointing to conduct that falls outside of the contract.") (citing *AccuSoft Corp. v. Palo*, 237 F.3d 31, 45 (1st Cir. 2001) (implied covenant does not apply to "conduct occurring prior to the contract's existence.")).

<u>Third</u>, Plaintiff's implied covenant claim should be dismissed because an implied covenant claim cannot be based on conduct permitted by the parties' contract.  *Willis v. Champlain Cable Corp.*, 748 P.2d 621, 627-28 (Wash. 1988) (courts should not imply covenants of good faith that are inconsistent with the express contract terms); *In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 966 (N.D. Cal. 2007) (it is a "well-settled principle that the implied covenant cannot prohibit that which the contract specifically permits").  Here, the EULA expressly contemplates that the software may not be effective at repairing errors and may not be fit for its ordinary purpose.  EULA ¶¶ 4.1, 4.5(a).  Consequently, Plaintiff's allegations do not support a claim for breach of the implied covenant.

## VIII.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiff's unjust enrichment claim fails because Plaintiff alleges, and the EULA reflects, that an express contract existed between the parties.  Where "a contract exists, Plaintiff may not bring a claim on the theory of unjust enrichment." *Schultz*, 797 F. Supp. 2d at 1107; *see also*

1   *Swartz v. Deutsche Bank*, No. 03-1252, 2008 WL 1968948, at *25 (W.D. Wash. May 2, 2008)

2   ("Because [plaintiff] is suing based on the express terms of the written agreements . . . , the

3   unjust enrichment claim is inappropriate and [defendant's] motion to dismiss it will be

4   granted.").

5       Even under California law, Plaintiff's unjust enrichment claim fails because "unjust

6   enrichment" is not recognized as a stand-alone claim.  *Jogani v. Superior Court*, 165 Cal. App.

7   4th 901, 911 (2008); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003)

8   ("[T]here is no cause of action in California for unjust enrichment."); *Diacakis v. Comcast Corp.*,

9   No. 11-3002 SBA, 2012 WL 43649, at *6 (N.D. Cal. Jan. 9, 2012) (dismissing unjust enrichment

10  claim because "there is no independent claim for unjust enrichment").

11

12                                   **CONCLUSION**

13      For foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

14

15  Dated:  March 12, 2012                    WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
16

17                                            By:  /s/ Maura L. Rees
18                                                  Maura L. Rees

19

20

21

22

23

24

25

26

27

28