KEITH E. EGGLETON, State Bar No. 159842
MAURA L. REES, State Bar No. 191698
ANTHONY J WEIBELL, State Bar No. 238850
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
E-mail: mrees@wsgr.com; aweibell@wsgr.com

Attorneys for Defendant
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GROSS, | CASE NO.: C 12-00154 CRB |
| Plaintiff, | |
| v. | **SYMANTEC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| SYMANTEC CORPORATION, et al., | |
| Defendants. | Date: June 8, 2012<br>Time: 10:00 AM |

## SUMMARY OF ARGUMENT

Defendant Symantec Corporation ("Symantec") moves to dismiss the First Amended Complaint filed by Plaintiff James Gross ("Complaint" or "FAC") in which Plaintiff alleges that he was deceived into purchasing software developed and sold by a subsidiary of Symantec. Plaintiff's lawsuit alleges that the software at issue, which scans a user's computer system to identify and fix errors in the computer's registry, "does not actually perform any meaningful evaluation of the user's computer system" and that the software detects errors that "are not credible threats" to a user's computer. FAC ¶¶ 44-45. Plaintiff further alleges that users are thus "duped" into purchasing software that "does not function as represented." *Id*. ¶ 4. In amending his complaint, Plaintiff replaced nearly every instance of the word "software" with the term "Scareware" to induce the Court to prejudge the character of the software at issue.

Plaintiff's allegations are without merit. Symantec is world-renowned for its top-of-the-line computer software and has been recognized for both the quality of its software and for its commitment to ethical leadership. The award-winning software at issue in this lawsuit offers among the best computer cleaning tools available to consumers, and has been praised by industry reviewers as "outstanding," "the best option for those seeking peace of mind and ease of use," and for having "delivered a noticeable performance improvement, which means that the software works as advertised." Plaintiff will be unable to prove his baseless allegations. But even for purposes of the motion to dismiss, where Plaintiff's factual allegations must be taken as true, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, as well as under Rule 9(b) for failure to allege the claims with the requisite specificity.

As an initial matter, Plaintiff's complaint against Symantec fails because Symantec was not a party to the underlying transaction that forms the basis of Plaintiff's complaint. Plaintiff's new attempt in his amended complaint to allege that PC Tools Ltd., the licensor of the software at issue, is the alter ego of Symantec fails because Plaintiff cannot allege (within the bounds of Rule 11) the critical factors necessary to show alter ego, especially where PC Tools Ltd. was already licensing the software purchased by Plaintiff long before its acquisition by Symantec.

Plaintiff's claims also individually fail for several additional reasons. Plaintiff's California Business & Professions Code Section 17200 claim should be dismissed because non-residents like Plaintiff Gross cannot rely on Section 17200 where the alleged wrongful conduct occurred outside of California. *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270 (9th Cir. 2011).

Plaintiff's fraudulent inducement claim, as well as each of his other claims, which are all based on the same allegedly fraudulent representations, should be dismissed because (1) Plaintiff cannot allege that Symantec made any fraudulent representations; (2) Plaintiff fails to plead fraud with the specificity required by Rule 9(b); (3) Plaintiff cannot state a fraud claim based on representations of future performance; (4) the alleged representations are non-actionable statements of opinion; and (5) the allegations in the Complaint are implausible.

Plaintiff's breach of express warranty claim under California Commercial Code § 2313 should be dismissed because (1) California statutes do not apply to the software license purchased by Plaintiff in Washington from PC Tools Ltd., an Irish company; (2) California Commercial Code Section 2313 does not apply to software licenses generally; (3) even if the California Commercial Code applied, Plaintiff fails to plead the required elements of an express warranty; and (4) any express warranty was disclaimed in the parties' written agreement.

Plaintiff's claim for breach of contract should be dismissed because (1) Plaintiff cannot allege any contract between Symantec and himself; (2) Plaintiff fails to allege the terms of an express contract; (3) Plaintiff fails to sufficiently alleged an implied contract; (4) the express terms of the software license agreement disclaim the obligations alleged by Plaintiff; and (5) Plaintiff fails to sufficiently allege any breach of the alleged contract.

Plaintiff's breach of the implied covenant claim should be dismissed because (1) it is duplicative of the breach of contract claim; (2) the alleged conduct did not deprive Plaintiff of the fruits of the contract; and (3) it is based on conduct permitted by the contract.

Finally, Plaintiff's unjust enrichment claim fails because there is no cause of action for unjust enrichment where an express contract exists.

For all of these reasons, Plaintiff's complaint should be dismissed with prejudice, as Plaintiff will not be able to cure the defects in his claims.

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION .................................................................................4

STATEMENT OF THE ISSUES ........................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................1

STATEMENT OF FACTS AND ALLEGATIONS ...............................................................1

ARGUMENT ....................................................................................................................2

I.      LEGAL STANDARD .............................................................................................2

II.     PLAINTIFF'S CLAIMS AGAINST SYMANTEC SHOULD BE DISMISSED
        BECAUSE SYMANTEC WAS NOT A PARTY TO THE TRANSACTION .................3

III.    THE UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED ...........................5

IV.     THE FRAUDULENT INDUCEMENT CLAIM SHOULD BE DISMISSED.................5

V.      THE EXPRESS WARRANTY CLAIM SHOULD BE DISMISSED.............................8

VI.     THE BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED ........................11

VII.    THE IMPLIED COVENANT CLAIM SHOULD BE DISMISSED...............................14

VIII.   THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED............................15

CONCLUSION ................................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## CASES

*AccuSoft Corp. v. Palo*, 237 F.3d 31 (1st Cir. 2001)..................................................15

*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388 (9th Cir. 1988) ..........................7

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ..............................................2

*Attachmate Corp. v. Health Net, Inc.*, No. 09-1161, 2010 WL 4365833 (W.D. Wash. Oct. 26, 2010)..................................................................................................9

*Baltazar v. Apple Inc.*, No. 10-03231 WHA, 2011 WL 6747884 (N.D. Cal. Dec. 22, 2011)...........................................................................................................................2

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) .............................................................4

*Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909 (9th Cir. 2011) ................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................2

*Berthold Types Ltd. v. Adobe Sys., Inc.*, 101 F. Supp. 2d 697 (N.D. Ill. 2000) ............9

*Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97 (1943) ..........................................13

*Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292, 2010 WL 3974674 (D. Kan. Sept. 30, 2010)...........................................................................................................................9

*Discover Bank v. Ray*, 162 P.3d 1131 (Wash. Ct. App. 2007)......................................12

*Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134 (9th Cir. 2010) ...................................13

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ......................................................4

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) .......................................7

*In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953 (N.D. Cal. 2007) ..........15

*Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143 (9th Cir. 2004) ...................4

*Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138 (N.D. Cal. Dec. 13, 2010), *vacated in part on other grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011)...............10, 11

*Kwan v. Clearwire Corp.*, No. 09-1392, 2012 WL 32380 (W.D. Wash. Jan. 3, 2012)...........................................................................................................................12

*Lamle v. Mattel, Inc.*, 394 F.3d 1355 (Fed. Cir. 2005)..................................................9

*Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1 (2007) ......................13, 14

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. Cal. 2012) ............................5

*McAfee v. Francis*, No. 11-00821, 2011 WL 3293759 (N.D. Cal. Aug. 1, 2011) ...........11, 12, 13

*McLauchlan v. Aurora Loan Servs. LLC*, No. 10-1560, 2011 WL 2650203 (W.D. Wash. July 6, 2011) ....................................................................................... 14

*Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 301 P.2d 759 (Wash. 1956) ......... 12

*Muniz v. Microsoft Corp.*, No. 10-0717, 2010 WL 4482107 (W.D. Wash. Oct. 29, 2010) ................................................................................................................ 11, 13

*Myers v. State*, 218 P.3d 241 (Wash. Ct. App. 2009) ............................................. 11

*Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008) ............... 9

*Nikoonahad v. Rudolph Techs., Inc.*, No. 08-2290 JF, 2010 WL 4340395 (N.D. Cal. Oct. 27, 2010) ........................................................................................... 15

*Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214 (1999) ........................ 8

*Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580 (C.D. Cal. 2008) ......................... 5

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) .............................................. 8

*Pulvers v. Kaiser Found. Health Plan, Inc.*, 99 Cal. App. 3d 560 (1979) ................... 9

*Sajfr v. BBG Commc'ns, Inc.*, No. 10-2341, 2012 WL 398991 (S.D. Cal. Jan. 10, 2012) ............................................................................................................. 5

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) ............................. 9, 10

*Schmier v. U.S. Court of Appeals*, 279 F.3d 817 (9th Cir. 2002) ............................... 2

*Schultz v. United Airlines, Inc.*, 797 F. Supp. 2d 1103 (W.D. Wash. 2011) .......... 12, 15

*Shook v. Scott*, 353 P.2d 431 (Wash. 1960) ........................................................... 7

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................. 2

*Stiley v. Block*, 925 P.2d 194 (Wash. 1996) ........................................................... 6

*Sullivan v. Oracle Corp.*, 662 F.3d 1265 (9th Cir. 2011) ...................................... 5, 8

*Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011) .............................................. 5, 8

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890 (N.D. Cal. 2009) .................................................................................................... 4

*Swartz v. Deutsche Bank*, No. 03-1252, 2008 WL 1968948 (W.D. Wash. May 2, 2008) ........................................................................................................... 15

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) .......................................... 2, 4

*Sys. Am., Inc. v. Rockwell Software, Inc.*, No. 03-2232 JF, 2007 WL 218242 (N.D. Cal. Jan. 26, 2007) ...................................................................................... 9

*Sys. Unlimited, Inc. v. Cisco Sys., Inc.*, 228 F. App'x 854 (11th Cir. 2007) ................ 9

*United States v. Bennett*, 621 F.3d 1131 (9th Cir. 2010) .......................................... 3

*United States v. Bestfoods*, 524 U.S. 51 (1998) ..................................................... 3

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................ 2, 6

*Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073 (N.D. Cal. 2011)......................... 4

*Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989 (9th Cir. 2006) ................. 4

*Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213 (2010).................................. 10

*Wessa v. Watermark Paddlesports, Inc.*, No. 06-5156, 2006 WL 1418906 (W.D.
    Wash. May 22, 2006) ........................................................................................ 6, 7

*Westby v. Gorsuch*, 50 P.3d 284 (Wash. Ct. App. 2002) ............................................. 7

*Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135 (1986) ........................... 9

*Willis v. Champlain Cable Corp.*, 748 P.2d 621 (Wash. 1988) .................................... 15

*Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215 (N.D. Cal. 2011) ................................ 14

## STATUTES

California Business & Professions Code Section 17200 ........................................ 1, 5, 8

California Commercial Code § 2313............................................................................ 1, 8, 9

California Uniform Commercial Code ("UCC") ........................................................... 9

## RULES

Fed. R. Civ. P. 9(b)............................................................................................... 2, 3, 6, 7, 10

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 2, 3, 10

Fed. R. Civ. P. 15(a) .................................................................................................... 2

Rule 8 ..................................................................................................................... 7, 8

Rule 11 ........................................................................................................................ 8

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 8, 2012, at 10:00 a.m. in the courtroom of the Honorable Charles R. Breyer, United States District Court, Northern District of California, San Francisco Division, Courtroom 6, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA, defendant Symantec Corporation ("Symantec") will, and hereby does, move the Court for an order dismissing with prejudice the First Amended Complaint ("FAC") filed by plaintiff James Gross ("Plaintiff") on April 2, 2012. This motion is made pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and Fed. R. Civ. P. 9(b) for failure to plead circumstances of fraud with requisite particularity. The motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, certain terms of the contract between the parties previously submitted to the Court as ECF No. 28-3, all pleadings and papers on file in this action, oral argument of counsel, and any other matter which may be submitted at the hearing.

# STATEMENT OF THE ISSUES

1.    Has Plaintiff failed to state a claim upon which relief can be granted with respect to the causes of action alleged in the Complaint, such that the Complaint should be dismissed?

2.    Has Plaintiff failed to plead fraud with particularity, such that all causes of action based upon allegations of fraud should be dismissed?

3.    Should the Complaint or any of the individual causes of action asserted therein be dismissed with prejudice because granting leave to amend would be futile?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF FACTS AND ALLEGATIONS**

Symantec is a software company that provides award-winning security, storage, and systems management software products to help its customers secure and manage their computer systems. Symantec was number 382 on the Fortune 500 list in 2011 and ranks #7 in the Computer Software Category on the Fortune Most Admired Companies List. In late 2008, Symantec acquired PC Tools Pty. Ltd., an Australian software company with an Irish subsidiary (PC Tools Ltd.), which develops and licenses software that can fix registry errors and address privacy issues on a personal computer. ECF No. 33 (hereinafter "FAC") ¶¶ 1, 3, 8, 15.

Plaintiff James Gross is a Washington resident who, after testing a trial version, bought a license to use the full version of a PC Tools software product, PC Tools Registry Mechanic, via the PC Tools website at www.pctools.com. *Id.* ¶¶ 6, 48, 51. In addition to certain "Terms and Conditions of Purchase" that governed Plaintiff's purchase of the full version of the software, an end user license agreement ("EULA") also governed his use of both the trial version and the full version of the software. ECF No. 28-3. The EULA provides that "the licensor of the Software is an Irish Company, PC Tools Limited (Irish Company Number 426110) and the parties to this Agreement will be you and PC Tools Limited (Irish Company Number 426110)." EULA ¶ 1.1.

On January 10, 2012, Plaintiff filed this lawsuit against Symantec alleging that the software at issue "does not actually perform any meaningful evaluation of the user's computer system" and that the software detects errors that "are not credible threats" to a user's computer. FAC ¶¶ 44-45. Based on these allegations, Plaintiff asserts six causes of action: (1) violation of California Business and Professions Code § 17200, (2) fraudulent inducement, (3) breach of express warranty under California Commercial Code § 2313, (4) breach of contract, (5) breach of the implied covenant of good faith and fair dealing, and (6) unjust enrichment. Plaintiff seeks to represent a nationwide class of all persons who purchased PC Tools Registry Mechanic and/or two other software applications: PC Tools Performance Toolkit and Norton Utilities. *Id.* ¶ 53.

Symantec previously filed a motion to dismiss Plaintiff's original complaint. ECF No. 28. Plaintiff made no attempt to oppose that motion. Instead, Plaintiff elected to voluntarily

amend his complaint pursuant to Fed. R. Civ. P. 15(a).  *See* ECF No. 32.  The focus of Plaintiff's amendment was to add PC Tools, Ltd. as a defendant and to allege that Symantec is liable for the acts of PC Tools, Ltd.  *See* FAC ¶¶ 1, 8, 16-33.  Because Plaintiff's amendments have not cured the defects in his original complaint, Plaintiff's claims should now be dismissed with prejudice.

**ARGUMENT**

## I.   LEGAL STANDARD

Under Rule 12(b)(6), a complaint should be dismissed when it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "In a motion to dismiss, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  *Baltazar v. Apple Inc.*, No. 10-03231 WHA, 2011 WL 6747884, at *2 (N.D. Cal. Dec. 22, 2011) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  "[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotation marks and citation omitted).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. at 1949.  While the Court accepts as true all material allegations, it need not accept the truth of conclusory allegations, unwarranted inferences, or legal conclusions cast in the form of factual allegations.  *Id.* at 1949-50; *Schmier v. U.S. Court of Appeals*, 279 F.3d 817, 820 (9th Cir. 2002).

Under Rule 9(b), claims of fraud are held to an even higher pleading standard.  A "party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  A motion to dismiss under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  Where a claim is based on allegations of fraud, even though "fraud is not a necessary element of [the] claim . . . the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  *Id.* at 1103-04.

Here, Plaintiff's derogatory allegations about the software at issue are untrue. For purposes of the motion to dismiss, however, in which the falsity of Plaintiff's allegations is largely irrelevant, Plaintiff's Complaint should still be dismissed under Rule 12(b)(6) for failure to state a claim, as well as under Rule 9(b) for failure to allege the claims -- which are all grounded in fraud -- with the requisite specificity.

## II. PLAINTIFF'S CLAIMS AGAINST SYMANTEC SHOULD BE DISMISSED BECAUSE SYMANTEC WAS NOT A PARTY TO THE TRANSACTION

As an initial matter, Plaintiff's claims against Symantec fail because Symantec was not a party to the underlying transaction that forms the basis of Plaintiff's complaint. The software purchased by Plaintiff was not software developed or sold by Symantec. To the contrary, Plaintiff purchased a license to use PC Tools Registry Mechanic from PC Tools Ltd. (not from Symantec), and the PC Tools Registry Mechanic software was developed and marketed by PC Tools Pty. Ltd. (not Symantec). FAC ¶¶ 6, 48, 51; EULA ¶ 1.1 ("the licensor of the Software is an Irish Company, PC Tools Limited (Irish Company Number 426110) and the parties to this Agreement will be you and PC Tools Limited (Irish Company Number 426110)"). Symantec thus had no connection to Plaintiff's purchase of the Registry Mechanic software.

The mere ownership by Symantec of the PC Tools company, as alleged in the Complaint, *see* FAC ¶ 1, is not a sufficient basis to state a cause of action against Symantec. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.") (citation omitted); *United States v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010) (same). Nor can Plaintiff rely, as he attempts to do, on implausible conclusory allegations of "alter ego," agency, or "civil conspiracy" to pull Symantec into this lawsuit. FAC ¶ 19. Because PC Tools Ltd. was already licensing the software at issue long before its acquisition by Symantec, the company was clearly not set up by Symantec as a shell corporation to "mask" Symantec's alleged activities. *See id.* ¶ 15. Further, to the extent PC Tools is wholly owned and allegedly managed by Symantec, such allegations are insufficient to show alter ego, agency, or

conspiracy. *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1083 n.3 (N.D. Cal. 2011); *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890, 899 (N.D. Cal. 2009).

Plaintiff's alter ego allegation also fails because Plaintiff does not (and could not) allege facts showing "(1) that there is such unity of interest and ownership that the separate personalities [of PC Tools and Symantec] no longer exist and (2) that failure to disregard [their separate entities] would result in fraud or injustice." *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 920 (9th Cir. 2011) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)). The corporate veil can be pierced "only when corporate separateness is *illusory*." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) (emphasis added). The "critical facts" that must be established to pierce the corporate veil are "inadequate capitalization, commingling of assets, [or] disregard of corporate formalities." *Id.* Plaintiff has alleged none of these "critical facts," let alone identified any "injustice" that would result absent piercing the corporate veil. And Plaintiff's "[c]onclusory allegations of alter ego status are insufficient." *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1082 (N.D. Cal. 2011).

Plaintiff likewise fails to allege any of the required elements to show that PC Tools was acting on Symantec's behalf as its agent in licensing the Registry Mechanic software to Plaintiff. *Batzel v. Smith*, 333 F.3d 1018, 1035 (9th Cir. 2003) (agency requires a manifest mutual assent between principal and agent that agent will act on principal's behalf and subject to its control). Plaintiff similarly fails to allege with specificity, as required, any facts showing that Symantec entered into an agreement with PC Tools Ltd. to form a "civil conspiracy" to defraud Plaintiff, let alone any overt acts by Symantec to further the conspiracy. *See Swartz v. KPMG LLP*, 476 F.3d at 765; *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 990-92 (9th Cir. 2006).

Plaintiff's claims against Symantec should, therefore, be dismissed with prejudice because no amendment will cure the defects that Symantec was not a party to the underlying transaction between Plaintiff and PC Tools, or that PC Tools could not have been set up as a shell corporation because it was previously engaged in selling the software prior to acquisition.

# III.    THE UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED

Plaintiff's claim brought under California Business & Professions Code Section 17200 should be dismissed because non-residents like Plaintiff Gross cannot bring a cause of action under Section 17200 where the alleged wrongful conduct occurred outside of California. *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270 (9th Cir. 2011) (§ 17200 did not apply to decisions and policy set by California-based company where policy was implemented against plaintiffs out-of-state) (recognizing certified question answered by California Supreme Court in *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011)); *Sajfr v. BBG Commc'ns, Inc.*, No. 10-2341, 2012 WL 398991, at *4 (S.D. Cal. Jan. 10, 2012) (dismissing Section 17200 claims where "[t]he conduct that forms the basis of Plaintiffs' Complaint simply has no connection to California"); *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 597-99 (C.D. Cal. 2008) ("[E]xtraterritorial application of the UCL is improper where non-residents of California raise claims based on conduct that allegedly occurred outside of the state.").

Here, Plaintiff cannot assert a Section 17200 claim because he is a Washington resident who purchased a license over the Internet from an Irish company (PC Tools Ltd.) for software developed and marketed by an Australian company (PC Tools Pty. Ltd.).  FAC ¶¶ 6, 48, 51; EULA ¶ 1.1.  Consequently, as stated in *Sajfr*, "[t]he conduct that forms the basis of Plaintiffs' Complaint simply has no connection to California," and, under *Sullivan*, the mere fact that Symantec, the parent company of PC Tools, is headquartered in California is insufficient to justify extraterritorial application of California law.  Plaintiff's 17200 claim thus fails, as do the claims he alleges on behalf of a putative nationwide class that includes nonresidents, *see Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. Cal. 2012) (vacating certification of class of nationwide purchasers with respect to Section 17200 claim).  Furthermore, even if Plaintiff had been a California resident, his section 17200 claim would still fail because it is grounded in fraud and Plaintiff has failed to plead fraud with the required specificity, as discussed below.

# IV.    THE FRAUDULENT INDUCEMENT CLAIM SHOULD BE DISMISSED

Plaintiff's fraudulent inducement claim, as well as each of his other claims, which are all based on the same allegedly fraudulent representations, should be dismissed because (1) Plaintiff

cannot allege that Symantec made any fraudulent representations; (2) Plaintiff fails to plead fraud with the specificity required by Rule 9(b); (3) Plaintiff cannot state a fraud claim based on representations of future performance; and (4) the allegations of fraud in the Complaint are so contradictory as to make them implausible.

"Under Washington law, the nine elements of fraud are (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon the representation; and (9) damages suffered by the plaintiff." [1] *Wessa v. Watermark Paddlesports, Inc.*, No. 06-5156, 2006 WL 1418906, at *2 (W.D. Wash. May 22, 2006) (citing *Stiley v. Block*, 925 P.2d 194 (Wash. 1996)). Here, Plaintiff's fraud allegations are based on two alleged representations: (1) a statement of opinion about what the product would do for Plaintiff in the future, specifically, that the software "would honestly and accurately scan his computer for harmful problems, increase the speed and stability of his computer, and protect his privacy"; and (2) a statement of opinion about the health of Plaintiff's computer, "that Plaintiff's 'System Health' was 'LOW' and that 'High Priority' errors existed on his computer." FAC ¶ 77. Both alleged representations fail to support a claim for fraud against Symantec.

<u>First</u> and foremost, Plaintiff cannot allege that Symantec made these representations to him because, as discussed above, he only interacted with PC Tools and never interacted with Symantec. *See supra* Section II.

<u>Second</u>, Rule 9(b) demands that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (citation omitted). "To avoid dismissal for inadequacy under Rule 9(b), the complaint must state the time, place, and <u>specific content</u> of the false representations as well as the identities of the parties to

---

[1] Plaintiff contends that the choice of law and venue clause in the EULA should not be enforced, FAC ¶ 30-33, and, as set forth in its earlier motion, Symantec does not seek to enforce it for purposes of this motion. Thus, the only state with an interest in Plaintiff's claims is Washington, which is his state of residence, the place where the alleged Internet transaction took place, and the place where the software was installed. Accordingly, this motion relies on Washington law, though Plaintiff's claims are similarly deficient under California law.

the misrepresentation." *Wessa*, 2006 WL 1418906, at *2 (emphasis added) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988)).  Here, the alleged representations lack the specificity required under Rule 9(b) because Plaintiff fails to identify the content and location of any specific statements made to him personally before purchasing the software that led him to believe that PC Tools promised the software would detect "harmful problems, increase the speed and stability of his computer, and protect his privacy," Plaintiff fails to identify the location or description of any of the individual errors on Plaintiff's computer allegedly reported by the software as being "high priority," and Plaintiff fails to identify any basis for alleging that his computer health was not in fact "low."  FAC ¶ 77.  Plaintiff's conclusory, vague, and scanty allegations about the representations made to him and the alleged falsity of these representations thus fail to meet the Rule 9(b) standard.

Third, to the extent the alleged representations contain a promise of what the software would do for Plaintiff in the future if he purchased it and how his computer would perform after using the software, they cannot support a fraud claim.  "A representation of an existing fact must exist independently of: (1) any future acts or actions on the part of the party making the statement, (2) the occurrence of any other particular event in the future, and (3) the particular future uses of the person to whom the statement is made."  *Wessa*, 2006 WL 1418906, at *3 (citing *Westby v. Gorsuch*, 50 P.3d 284 (Wash. Ct. App. 2002)).  "'Where the fulfillment or satisfaction of the thing represented depends upon a promised performance of a future act, or upon the occurrence of a future event, or upon particular future use, or future requirements of the representee, then the representation is not of an existing fact.'"  *Id.* (quoting *Shook v. Scott*, 353 P.2d 431 (Wash. 1960)).

Fourth, not only do Plaintiff's allegations of fraud fail to meet the Rule 9(b) standard, but they also fail to meet even the "plausibility" standard of Rule 8.  For example, Plaintiff's complaint effectively concedes that his computer system health was not good and needed to be "enhanced," which is why he searched for and downloaded a computer registry cleaning product.  *See* FAC ¶ 48.  Plaintiff also, tellingly, only criticizes the free trial version of the software and

does not allege that the full version of the software purchased by Plaintiff lacked the promised utility. *See id.* ¶¶ 48-52. Plaintiff further fails to state a plausible claim for fraud because the Complaint confusingly alleges that the software does not even perform an actual scan of the computer system, while elsewhere in the Complaint, Plaintiff concedes -- as he must under Rule 11 -- that it does perform the promised scan. *Compare* FAC ¶ 68 (alleging software "did not perform an actual evaluation of Plaintiff's computer"), *with id.* ¶¶ 42 (conceding that "each software product allows the user to perform a scan to detect certain computer problems"), 44 (admitting that software performs an evaluation, just not what Plaintiff alleges to be a "meaningful evaluation"), *and* 50 (admitting that an evaluation was performed on Plaintiff's computer and that it generated a report of errors). Consequently, Plaintiff fails to plausibly allege that the alleged representations were actually false or that he was actually injured by the manner in which the software operates.

## V. THE EXPRESS WARRANTY CLAIM SHOULD BE DISMISSED

Plaintiff's breach of express warranty claim under California Commercial Code § 2313 should be dismissed because (1) California statutes do not apply to the software license purchased by Plaintiff in Washington from PC Tools Ltd., an Irish company; (2) California Commercial Code Section 2313 does not apply to software licenses generally; (3) even if the California Commercial Code applied, Plaintiff fails to plead the required elements of an express warranty; and (4) any express warranty was disclaimed in the parties' written agreement.

First, for the same reason that Plaintiff's section 17200 claim fails, Plaintiff's breach of express warranty claim under California Commercial Code § 2313 fails because Plaintiff is a Washington resident and California statutory law does not apply to transactions that take place between non-residents completely outside of California. *See Sullivan*, 51 Cal. 4th at 1207; *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222-25 (1999). ("We ordinarily presume the Legislature did not intend the statutes of this state to have force or operation beyond the boundaries of the state."); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985) (holding that due process clause of the United States Constitution places limitations on the

extraterritorial application of state law.  Here, the California statute simply does not apply to Plaintiff Gross' transaction with an Irish company in Washington.

Second, Plaintiff's express warranty claim under § 2313 also fails because the California Uniform Commercial Code ("UCC") does not apply to intellectual property licenses such as the software license at issue.  *Sys. Am., Inc. v. Rockwell Software, Inc.*, No. 03-2232 JF, 2007 WL 218242, at *4 (N.D. Cal. Jan. 26, 2007) (California UCC does not cover "the transfer of intellectual property rights" such as a software license agreement); *Sys. Unlimited, Inc. v. Cisco Sys., Inc.*, 228 F. App'x 854, 859 (11th Cir. 2007) (California UCC does not apply to "[t]he sale of intellectual property, which is what is involved here" because it "is not a transaction in goods"); *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1359 n.2 (Fed. Cir. 2005) (California UCC does not apply to "a license for intellectual property" because it "is not a sale of goods"); *Attachmate Corp. v. Health Net, Inc.*, No. 09-1161, 2010 WL 4365833, at *2 (W.D. Wash. Oct. 26, 2010) ("The weight of authority favors application of common law and not the UCC with regard to software licenses."); *Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292, 2010 WL 3974674, at *9 (D. Kan. Sept. 30, 2010) (software license was not covered by the UCC); *Berthold Types Ltd. v. Adobe Sys., Inc.*, 101 F. Supp. 2d 697, 698 (N.D. Ill. 2000) ("[T]he UCC does not apply to [a software license] because it involves only granting a license and not a sale of goods.").

Third, even if California Commercial Code § 2313 could be applied to the software license at issue (which it cannot), Plaintiff fails to adequately plead a breach of express warranty. "To plead an action for breach of express warranty under California law, a plaintiff must allege: (1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 986-87 (N.D. Cal. 2009) (citing *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986)). "[S]tatements constituting 'mere puffery' cannot support liability under a claim for breach of warranty" because "[t]he distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions." *Id.* at 987 (citing *Pulvers v. Kaiser Found. Health Plan, Inc.*, 99 Cal. App. 3d 560, 565 (1979)); *see also Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (causes of action based on

statements of opinion and "puffery" that are "not a quantifiable claim and do[] not describe (or misdescribe) any specific or absolute characteristic of [the product at issue]" are properly dismissed at the pleading stage); *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (express warranty claim requires proof that seller's statements constitute an affirmation of fact or promise, or a description of the goods that was part of the basis of the bargain);

Here, Plaintiff fails to allege any actual statements by Symantec that would constitute an express warranty because Symantec had no part in the transaction between Plaintiff and PC Tools. *See supra* Section II. Plaintiff also fails to allege any statements made by PC Tools that contained the "exact terms" of the alleged "express warranty." To the contrary, Plaintiff vaguely alleges that there were "express warranties" created by "affirmations of fact and promises made through . . . advertising, websites, and in-software representations" that the "software would truthfully identify and repair critical PC errors, increase computer speed, performance and stability; protect against privacy risks; remove harmful errors; and 'clean up' hard drives." FAC ¶¶ 88-89. Plaintiff fails, however, to allege any specifics about where and when such express warranties were made or the specific statements made by PC Tools that included the alleged warranties. Plaintiff's allegations are also based upon "vague, highly subjective" representations about how the software would perform, representations that depend on a person's subjective interpretation of the words "critical," "increased," "performance," "risks," "harmful," and "clean up." Such subjective representations are not "specific, detailed factual assertions" but instead are mere statements of opinion and puffery that "cannot support liability under a claim for breach of warranty." *Sanders*, 672 F. Supp. 2d at 987.

Fourth, because every computer has its own unique errors, PC Tools could not guarantee success in removing all errors from all computers, and the parties' written agreement necessarily disclaimed any such warranty. *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1155-56 (N.D. Cal. Dec. 13, 2010) (dismissing warranty claims where seller disclaimed warranties), *vacated in part on other grounds*, 771 F. Supp. 2d 1156 (N.D. Cal. 2011). As stated in the parties' written agreement, "[i]n particular, PC Tools does not guarantee that the Software will detect, remove or rectify any errors on your computer, including, without limitation any errors in

your Window's registry file or other operating system errors." EULA ¶ 4.1.  The agreement further disclaimed any express or implied warranties:  "PC Tools makes no warranties in relation to the Software, including warranties as to the performance or fitness for purpose of the Software."  *Id*. ¶ 4.5(a).  Consequently, Plaintiff cannot state a breach of express warranty claim.

## VI.     THE BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED

Plaintiff's claim for breach of contract should be dismissed because (1) Plaintiff cannot allege any contract between Symantec and himself; (2) Plaintiff fails to allege the terms of an express contract; (3) Plaintiff fails to sufficiently allege an implied contract; (4) the express terms of the software license agreement disclaim the obligations alleged by Plaintiff; and (5) Plaintiff fails to sufficiently allege any breach of the alleged contract.

First, Plaintiff cannot allege any contract between Symantec and himself when the transaction at issue was between Plaintiff and PC Tools.  *See supra* Section II.  Since Symantec was not a party to the alleged contract, Symantec could not have breached that contract.

Second, Plaintiff fails to sufficiently allege the terms of an express contract.  "A breach-of-contract claim under Washington law requires a showing of '(1) a contract that imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of that duty.'"  *Muniz v. Microsoft Corp.*, No. 10-0717, 2010 WL 4482107, at *3 (W.D. Wash. Oct. 29, 2010) (quoting *Myers v. State*, 218 P.3d 241, 243 (Wash. Ct. App. 2009)).  "A breach of contract claim must point to a provision of the contract that was breached" because "a contract cannot be breached if the contract does not include the term in question."  *Id.*  Where a plaintiff fails to attach a copy of the contract to the complaint or fails to allege the essential terms of the contract with the requisite specificity, the plaintiff "fail[s] to state breach of contract claims."  *McAfee v. Francis*, No. 11-00821, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011).

Here, Plaintiff fails to sufficiently allege the essential terms of the contract because the Complaint only vaguely alleges that Plaintiff entered into a contract with Symantec when Plaintiff "agreed to purchase software that would detect and remove legitimate computer errors from Plaintiff's . . . computer[]."  FAC ¶ 95.  Plaintiff fails to allege, however, how a contractual obligation to provide "software that would detect and remove legitimate computer errors" ever

became a part of the contract. *Id.* Indeed, the factual allegations of the Complaint merely allege that *after* Plaintiff had tested the trial version of the Registry Mechanic software, he then agreed to buy a license to the software by clicking the "Purchase Online" button and by paying the license fee. *See id.* ¶ 51. Nowhere in that process does Plaintiff allege he made his offer conditional on a promise that the software would achieve specific results. Nor does Plaintiff allege in which specific statement PC Tools promised that the software would detect and remove "legitimate" errors. Consequently, even though the software is actually very effective at detecting and removing real errors, for purposes of this motion to dismiss, Plaintiff has failed to sufficiently allege any express contractual obligation requiring the software to do so.

Third, to the extent Plaintiff's cause of action is based on an "implied" promise that the software would achieve specific results, *see id.* ¶ 96, Plaintiff has failed to plead sufficient facts to support a cause of action based on implied contract. "In Washington, an implied contract exists [only] if there is an offer; there is an acceptance; the acceptance is in the terms of the offer; it is communicated to the offeror; there is mutual intention to contract; and there is a meeting of the minds of the parties." *Schultz v. United Airlines, Inc.*, 797 F. Supp. 2d 1103, 1107 (W.D. Wash. 2011) (citing *Milone & Tucci, Inc. v. Bona Fide Builders, Inc.*, 301 P.2d 759, 762 (Wash. 1956)). Showing "mutual acceptance" of the terms and a "meeting of the minds" is a critical element of an implied contract claim. *See Kwan v. Clearwire Corp.*, No. 09-1392, 2012 WL 32380, at *6 (W.D. Wash. Jan. 3, 2012) ("a contract requires a 'meeting of the minds' and 'a manifestation of mutual assent'"). "In order to form a valid contract, there must be an <u>objective</u> manifestation of mutual assent." *Discover Bank v. Ray*, 162 P.3d 1131, 1133 (Wash. Ct. App. 2007) (emphasis added).

A seller's representations on its website describing a product or service that are merely "aspirational" and "precatory" do not demonstrate the requisite manifestation of assent to create an implied contract. *Schultz*, 797 F. Supp. 2d at 1107 (holding that "language on [airline's] website expressing its aspirational intention to deliver baggage in a timely manner [was] insufficient to create an implied contract" because such website language was "merely precatory, and falls far short of evincing an intent to contract"). Here, as in *Schultz*, Plaintiff fails to allege

sufficient facts to demonstrate any meeting of the minds on the alleged obligation to provide software that would achieve certain results.  Plaintiff does not allege any specific statements that were present on the PC Tools website or other materials that evidenced any intent to create a distinct contract about the results to be achieved by the software.  Nor does Plaintiff allege any facts showing an "objective manifestation" of assent by PC Tools to an obligation to provide software that would achieve certain results.  To the extent the software materials indicated that the software is designed to remove errors, such representations are not the legal equivalent of an enforceable contractual obligation.  Consequently, even though the software is very effective at removing errors, Plaintiff can show no implied contract requiring the software to do so.

Fourth, Plaintiff's contract claim fails because the express terms of the written software license agreement disclaim any promise that the software would achieve any specific results.  Plaintiff cannot bring a claim for implied contract that disregards the express terms of his software license agreement.  *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1143 n.13 (9th Cir. 2010) ("under Washington state law, 'a party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract'") (quoting *Chandler v. Wash. Toll Bridge Auth.*, 137 P.2d 97, 103 (1943)).  Here, Plaintiff's use of the full version of the software was conditioned on his acceptance of the express terms of the EULA, which contained no promise that the software would be able to rectify errors on Plaintiff's computer.  To the contrary, the EULA stated that "[i]n particular, PC Tools does not guarantee that the Software will detect, remove or rectify any errors on your computer, including, without limitation any errors in your Window's registry file or other operating system errors."  EULA ¶ 4.1.  The agreement further disclaimed any obligation that the software would actually achieve such results:  "PC Tools makes no warranties in relation to the Software, including warranties as to the performance or fitness for purpose of the Software."  *Id.* ¶ 4.5(a).

Fifth, Plaintiff's contract claim fails because Plaintiff fails to provide "specific allegations as to breach."  *McAfee*, 2011 WL 3293759, at *2; *see also Muniz*, 2010 WL 4482107, at *3 (plaintiff must sufficiently allege a breach of a contractual duty); *see also Levy v. State Farm*

*Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007) ("Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity.").  Plaintiff's allegations of breach are deficient because Plaintiff does not allege any facts showing that *after* the contract was formed -- after Plaintiff purchased a license to use the full version of the software -- the software did not remove "legitimate computer errors" from his computer pursuant to the alleged obligation to do so.  Plaintiff's allegations about the deficiencies of the software all pertain to his use of the *trial version* of the software.  *See* FAC ¶¶ 50-52.  He makes no allegations about what happened with respect to removal of errors from his computer after he installed the full version.  Consequently, Plaintiff fails to make any "specific allegations" identifying a breach of the contract by the full version of the software that he purchased.

## VII.    THE IMPLIED COVENANT CLAIM SHOULD BE DISMISSED

Plaintiff's breach of the implied covenant claim should be dismissed because (1) it is duplicative of the breach of contract claim; (2) the alleged conduct did not deprive Plaintiff of the fruits of the contract; and (3) it is based on conduct permitted by the contract.

First, Plaintiff's implied covenant claim should be dismissed because it is duplicative of the breach of contract claim and based on the same alleged conduct.  *Compare* FAC ¶ 98, *with id.* ¶ 103, 107-108; *see McLauchlan v. Aurora Loan Servs. LLC*, No. 10-1560, 2011 WL 2650203, at *2 (W.D. Wash. July 6, 2011) (dismissing duplicative implied covenant claim not based on "distinct conduct from the conduct involved in the breach of contract claim"); *Zepeda v. PayPal, Inc.*, 777 F. Supp. 2d 1215, 1221 (N.D. Cal. 2011) (an implied covenant claim is properly dismissed if it relies on the same alleged acts as a contract claim).

Second, Plaintiff's implied covenant claim should be dismissed because Plaintiff's allegations do not show that he was denied the benefit of the contract.  Indeed, as explained above, Plaintiff does not allege any facts showing that after Plaintiff purchased the full version of the software, the software did not, in fact, remove "legitimate computer errors" from his computer.  Plaintiff's allegations about the deficiencies of the software are directed to his use of the *trial version* of the software *before* any contract was formed.  *See* FAC ¶¶ 50-52.  Such conduct prior to the formation of the contract cannot form the basis of an implied covenant

claim. *See Nikoonahad v. Rudolph Techs., Inc.*, No. 08-2290 JF, 2010 WL 4340395, at *7 (N.D. Cal. Oct. 27, 2010) ("In an action for breach of the implied covenant of good faith and fair dealing, a plaintiff cannot prove fraudulent intent by pointing to conduct that falls outside of the contract.") (citing *AccuSoft Corp. v. Palo*, 237 F.3d 31, 45 (1st Cir. 2001) (implied covenant does not apply to "conduct occurring prior to the contract's existence.")).

Third, Plaintiff's implied covenant claim should be dismissed because an implied covenant claim cannot be based on conduct permitted by the parties' contract. *Willis v. Champlain Cable Corp.*, 748 P.2d 621, 627-28 (Wash. 1988) (courts should not imply covenants of good faith that are inconsistent with the express contract terms); *In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 966 (N.D. Cal. 2007) (it is a "well-settled principle that the implied covenant cannot prohibit that which the contract specifically permits"). Here, the EULA expressly contemplates that, while the software is designed to repair errors, in some cases it might not be able to do so. EULA ¶¶ 4.1, 4.5(a). Consequently, even if the software had been unsuccessful in repairing errors on Plaintiff's computer, the implied covenant was not breached.

## VIII. THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiff's unjust enrichment claim fails because Plaintiff alleges, and the EULA reflects, that an express contract existed between the parties. Where "a contract exists, Plaintiff may not bring a claim on the theory of unjust enrichment." *Schultz*, 797 F. Supp. 2d at 1107; *see also Swartz v. Deutsche Bank*, No. 03-1252, 2008 WL 1968948, at *25 (W.D. Wash. May 2, 2008) (where plaintiff sued "based on the express terms of the written agreements . . . , the unjust enrichment claim is inappropriate and [defendant's] motion to dismiss it will be granted.").

CONCLUSION

For foregoing reasons, the First Amended Complaint should be dismissed with prejudice.

Dated: April 17, 2012                    WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation

                                         By: /s/ Maura L. Rees
                                              Maura L. Rees