KEITH E. EGGLETON, State Bar No. 159842
MAURA L. REES, State Bar No. 191698
ANTHONY J WEIBELL, State Bar No. 238850
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
E-mail: keggleton@wsgr.com;
mrees@wsgr.com; aweibell@wsgr.com

Attorneys for Defendant
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GROSS, | CASE NO.: C 12-00154 CRB |
| Plaintiff, | |
| v. | **SYMANTEC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| SYMANTEC CORPORATION, et al., | |
| Defendants. | Date: November 9, 2012<br>Time: 10:00 AM |

# SUMMARY OF ARGUMENT

This Court previously recognized in dismissing Plaintiff's First Amended Complaint ("FAC") that "Plaintiff's entire suit turns on how Symantec's representations compare to the actual functionality of its software." ECF No. 49 ("FAC Dismissal Order") at 9. Symantec's motion to dismiss the Second Amended Complaint ("SAC") explained that while the SAC now alleges specific representations made about the functionality of the software, Plaintiff fails to allege any facts showing those representations were false. In response to the motion to dismiss, Plaintiff argues that the Court's prior order only instructed him to identify the specific statements on the software website, and that he has now done that. But Plaintiff fails to recognize that those website representations are only actionable if they are *mis*representations, which they are not. Plaintiff's opposition further confirms that he does not dispute that the software actually does detect and remove real errors and that he does not allege the software failed to remove errors from his computer. Consequently, because Plaintiff cannot identify any gap between the representations made about the software and the results actually obtained by the software, Plaintiff has not alleged any actionable misrepresentations, any breach of warranty or contract, or any bad faith on the part of Symantec to deprive Plaintiff of the benefit of his purchase.

Accordingly, the SAC should be dismissed. And, as Plaintiff has now had three failed attempts to state a claim, Plaintiff's action is appropriately dismissed with prejudice.

**TABLE OF CONTENTS**

**Page**

I. THE COMPLAINT AS A WHOLE SHOULD BE DISMISSED BECAUSE IT DOES NOT AND CANNOT ALLEGE ANY FACTUAL EVIDENCE OF FRAUD ....... 1

    A. Plaintiff Does Not and Cannot Allege Any Facts Showing the Representations Made on the Product Website Were Fraudulent ........................... 1

    B. Plaintiff Does Not and Cannot Allege Facts Showing that Statements in the Software About "High Priority" Errors or "Low" System Health Are Fraudulent ................................................................................................................ 4

    C. The SAC Fails to Allege Any Facts Showing PC Tools Intended to Defraud its Customers .............................................................................................. 6

II. THE STATUTORY CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THE ALLEGED CONDUCT OCCURRED OUTSIDE CALIFORNIA ........ 6

III. THE EXPRESS WARRANTY AND CONTRACT CLAIMS SHOULD BE DISMISSED FOR INABILITY TO IDENTIFY ANY BREACH OR INJURY ............... 9

IV. THE IMPLIED COVENANT CLAIM SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF THE CONTRACT CLAIM AND FAILS TO SHOW INJURY ...................................................................................................................... 10

V. DISMISSAL WITH PREJUDICE IS APPROPRIATE BECAUSE PLAINTIFF HAS NOW HAD THREE CHANCES TO TRY TO STATE A CLAIM ........................ 11

CONCLUSION .......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

### CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................... 4, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 1

*Carrico v. City and Cnty. of S.F.*, 656 F.3d 1002 (9th Cir. 2011) ........................................ 12

*Coastal Abstract Serv. v. First Am. Title Ins. Co.*, 173 F.3d 725 (9th Cir. 1999) ................. 6

*Delacruz v. Cytosport, Inc.*, No. 11-3532, 2012 WL 2563857 (N.D. Cal. Jun. 28, 2012) ................................................................................................................................ 6

*Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) .............................................................. 11

*Fecht v. Price Co.*, 70 F.3d 1078 (9th Cir. 1995) ............................................................... 3, 4

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) ............................................... 3

*In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407 (9th Cir. 1994) ....................................... 4

*Parker v. Iolo Techs. LLC*, No. 12-0984, slip op., ECF No. 63 (C.D. Cal. Aug. 20. 2012) ........................................................................................................................... 9, 10

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580 (9th Cir. 2008) ............................................ 1, 7

*Perez v. Wells Fargo Bank, N.A.*, No. 11-2279, 2011 WL 3809808 (N. D. Cal. Aug. 29, 2011) ........................................................................................................................ 6

*Quantum Tech. Partners II, L.P. v. Altman Browning and Co.*, 436 F. App'x 792 (9th Cir. 2011) ............................................................................................................... 3

*Rivera v. BAC Home Loans Serv., L.P.*, 756 F. Supp. 2d 1193 (N.D. Cal. 2010) ................ 6

*Vitt v. Apple Computer, Inc.*, 469 F. App'x 605 (9th Cir. 2012) ........................................... 5

*Warshaw v. Xoma Corp.*, 74 F.3d 955 (9th Cir. 1996) .......................................................... 3

*Wozniak v. Align Tech., Inc.*, 850 F. Supp. 2d 1029 (N.D. Cal. 2012) .............................. 3, 4

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) ............................ 11

### STATUTES

Cal. Bus. & Prof. Code § 17200 ............................................................................................. 6

Cal. Comm. Code § 2313 ....................................................................................................... 6

### RULES

Fed. R. Civ. P. 9(b) ................................................................................................................. 3

I. **THE COMPLAINT AS A WHOLE SHOULD BE DISMISSED BECAUSE IT DOES NOT AND CANNOT ALLEGE ANY FACTUAL EVIDENCE OF FRAUD**

   A. **Plaintiff Does Not and Cannot Allege Any Facts Showing the Representations Made on the Product Website Were Fraudulent**

As explained in the motion to dismiss, the SAC should be dismissed to the extent it is based on representations made on the PC Tools website "because Plaintiff fails to allege facts demonstrating that these representations were fraudulent." Mot. at 6. Plaintiff fails to address this deficiency in his opposition. Instead, Plaintiff's sole response is that he has done what the Court instructed because he has now "included in the SAC quotations from Symantec's websites and marketing materials describing the purported benefits and capabilities of the software at issue." Opp. at 5. But Plaintiff's response and the amendments he made to the SAC fail to recognize that the Court did not just instruct Plaintiff to identify the *representations* "by Symantec in describing the utility of its software, including the individual tasks it purports to perform." *Id.* (quoting FAC Dismissal Order at 10). Rather, Plaintiff is also required to identify "'functionality' *mis*representations with particularity" to survive dismissal. FAC Dismissal Order at 10 (emphasis added). Because the SAC does not allege facts showing that the representations on the website were *mis*representations, *see* Mot. at 6-7, the SAC fails to allege circumstances of fraud with particularity. *See* FAC Dismissal Order at 6 n.4 (recognizing that the first element of common law fraud is a "'*mis*representation'") (emphasis added).

Plaintiff argues that he should not have to "produce evidence" to support his claims at this stage of the litigation. Opp. at 7 n.5. But the SAC is not deficient because Plaintiff has not *produced* evidence to support his claims – it is deficient because has not *alleged* "'enough facts to state a claim to relief that is plausible on its face.'" *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Specifically, here, Plaintiff does not allege any facts showing that the Registry Mechanic software cannot be used to help "clean, repair and optimize your Windows® registry." Nor does Plaintiff allege any facts showing that users who "regularly" use the Registry Mechanic software to fix registry errors do not experience "faster, more stable" computer systems with "improve[d]" system "performance." Nor does Plaintiff allege any facts showing that Registry Mechanic does

not use "a high-performance detection algorithm to quickly identify missing and invalid references in your Windows registry."  Nor does Plaintiff allege any facts showing that Registry Mechanic fails to "scan your entire registry for any invalid entries in the Windows registry and provide a detailed list of all registry errors found."  Simply put, Plaintiff fails to allege any facts to explain why the website statements were false.

Plaintiff's failure to allege actual facts demonstrating why the representations are supposedly false is especially glaring in light of Plaintiff's admission in the Opposition that Plaintiff engaged an expert to perform an evaluation of the software.  Opp. at 2 n.1.  Plaintiff argues that he informed Symantec's counsel during a meeting of "the results of Plaintiff's expert's testing, the methodologies used, and the technical bases of Plaintiff's allegations."  *Id*.  Yet Plaintiff has consistently failed to allege those details of the expert's evaluation – not in the Complaint, nor in the First Amended Complaint, nor in the Second Amended Complaint.  Thus, Plaintiff admits that he is in possession of additional information that allegedly demonstrates why the representations are false, but argues that informing counsel during an in-person meeting should substitute for actually making allegations (subject to Rule 11) in a Complaint.  *Id*.  Plaintiff cites no authority for this theory, and it is not correct.  This is not a case where the Plaintiff seeks to excuse deficient pleading with a claim that it needs discovery of information in Defendant's possession, or otherwise lacks information about the product at issue.  Rather, Plaintiff acknowledges that he possesses detailed information, but has chosen not to allege it.  The inescapable conclusion is that the expert's specific findings do not actually demonstrate falsity of the software's advertising, and therefore Plaintiff seeks to rely on a conclusory allegation of falsity instead.

Plaintiff appears to demonstrate a misunderstanding of the Dismissal Order as well as the pleading requirements for fraud by arguing that the vague allegations about the purported conclusions of his expert are sufficient to establish falsity of the statements on the PC Tools website.  *Id.* at 7.  In fact, the allegations in the SAC about Plaintiff's expert do not include anything showing the falsity of the representations on the website, and the prior dismissal order did not address whether the expert's alleged conclusions established falsity in the newly-asserted

website statements.  *See* FAC Dismissal Order at 6.  The allegations about the expert's conclusions address whether the "low" health or "high priority" errors were accurate characterizations of the state of the computer.  *See id.*; Opp. at 7.  But those allegations say nothing to contradict the representations on the website about the software's functionality in removing the errors (invalid registry entries) reported by the software.  As set forth in the allegations of the SAC, the expert's conclusions did not deny that the Registry Mechanic software does in fact scan a computer system to detect and report invalid references in the computer registry.  Nor did Plaintiff's expert deny that the software does in fact repair all invalid references in the computer registry detected by the software.  Nor did Plaintiff's expert deny that the regular removal of invalid references in the computer registry can improve system speed, performance, and stability.

While Plaintiff cites a string of securities fraud cases that he claims stand for the proposition that "his allegations suffice" without any allegations of facts explaining why the website statements were false, the cases he cites actually reject this argument.  *See* Opp. at 7-8 (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) ("*GlenFed* requires a plaintiff to plead *evidentiary facts* and the court to consider what inferences these facts will support - despite the pitfalls and inefficiencies of such an analysis at the pleading stage . . . and whether they are sufficient to satisfy the specificity requirement of Rule 9(b)") (emphasis added); *Warshaw v. Xoma Corp.*, 74 F.3d 955, 960 (9th Cir. 1996) (Rule 9(b) "requires explanation as to what is false or misleading about the statement" with "facts presented in the Complaint")).  Indeed, more recent authorities confirm that Plaintiff must allege facts showing the falsity of the statements at issue.  *Wozniak v. Align Tech., Inc.*, 850 F. Supp. 2d 1029, 1034 (N.D. Cal. 2012) ("a plaintiff, in addition to alleging the 'time, place and nature of the alleged fraudulent activities,' must 'plead evidentiary facts' sufficient to establish any allegedly false statement 'was untrue or misleading when made'") (quoting *Fecht*, 70 F.3d at 1082); *Quantum Tech. Partners II, L.P. v. Altman Browning & Co.*, 436 F. App'x 792, 793 (9th Cir. 2011) (affirming dismissal of fraud claim where plaintiff "didn't

1 allege facts showing that the representations about [defendant's] capabilities were false or
2 misleading when [made]").

3 　　　　As the Court has already recognized, "Plaintiff's entire suit turns on how Symantec's
4 representations compare to the actual functionality of its software." FAC Dismissal Order at 9.
5 Here, the software is represented as a "tool" that scans for and repairs "invalid registry entries"
6 to improve computer speed and performance. RJN Ex 1 at 1-2. But Plaintiff does not allege any
7 specific facts showing that the software fails to scan for and repair invalid registry entries. And
8 his cursory and vague allegations that the software does not perform as advertised are
9 insufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (legal
10 conclusions "supported by mere conclusory statements, do not suffice"); *see also* Dismissal
11 Order at 9 ("Plaintiff's allegations are too vague to be actionable in federal court."").
12 Accordingly, because Plaintiff has not and cannot allege any actual facts showing that the
13 representations made on the PC Tools website and in marketing materials were false, the SAC
14 should be dismissed with prejudice.

15　　**B.　　Plaintiff Does Not and Cannot Allege Facts Showing that Statements in the Software About "High Priority" Errors or "Low" System Health Are**
16　　**Fraudulent**

17 　　　　As explained in the motion to dismiss, the SAC should also be dismissed to the extent it
18 is based on allegations that the software will report certain invalid registry entries as "high
19 priority" or will report that a computer has "low" health because Plaintiff alleges no specific
20 facts showing these to be false representations. Mot. at 7-8. Plaintiff responds by restating the
21 allegation that "Plaintiff's experts concluded that regardless of the actual condition of the user's
22 computer, the software 'characterize[s] innocuous files as 'High Priority'" and "arbitrarily
23 report[s] that the user's 'System Health,' 'Privacy Health,' and 'Disk Health' are 'LOW' without
24 any actual assessment of these issues.'" Opp. at 8 (quoting SAC ¶ 50).

25 　　　　As explained in the motion to dismiss, Plaintiff's allegations about "high priority" errors
26 and "low" system health are insufficient. Mot. at 7-8. Plaintiff fails to "'plead evidentiary facts'
27 sufficient to establish [the] allegedly false statement 'was untrue or misleading when made.'"
28 *Wozniak*, 850 F. Supp. 2d at 1034 (quoting *Fecht*, 70 F.3d at 1082). The alleged "high priority"

and "low" health representations must be analyzed in context. *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1414-15 (9th Cir. 1994) (explaining that statements must be analyzed in context to determine if they are misleading). As explained in the motion to dismiss, the error report generated by the software does not merely state that a computer has "x" number of "high priority" errors. Mot. at 7. Rather, along with the "high priority" representation, the software provides "a detailed list of all registry errors found," including each error's name, type, and location in the computer registry. RJN, Ex. 1 at 1, 6. Because the underlying data for each error is disclosed along with its priority label, the priority label by itself is not an actionable misleading representation – users have all the information necessary to understand and confirm the accuracy of the label. Similarly, with respect to the "low" health representation, as explained in the motion to dismiss, the full context of the alleged representations explains how the software assesses health and the actions by the user that affect it. Mot. at 8; RJN Ex. 1 at 1; RJN Ex. 2 at 2-3. Accordingly, taken in context with the full scope of the product documentation, Plaintiff does not adequately allege the falsity of these alleged representations.

As explained in the motion to dismiss, the SAC should also be dismissed because the "high priority" and "low" health labels are non-actionable statements of opinion. Mot. at 8-9. Plaintiff fails to allege or argue the existence of any objective criteria or industry standard by which errors are determined to be "high priority" or system health is determined to be "low." Plaintiff's only response to this deficiency is to argue that "the software uses a 'high-performance detection algorithm' to detect errors and problems on users' computers, which necessarily implies that it is operating through the use of some objective criteria." Opp. at 8. Contrary to Plaintiff's argument, the statement that the software uses a high-performance detection algorithm does not "necessarily impl[y]" that the software uses any industry-standard, objective criteria to determine error priority and system health. It simply states the method used to detect errors (which Plaintiff does not allege to be a false or incorrect statement). More importantly, Plaintiff fails to allege the existence of any objective criteria or universal industry standard, or any facts showing that the software's alleged statements of error priority and health are inconsistent with such an objective standard. This is an insufficient allegation of falsity. *Vitt*

SYMANTEC'S REPLY ISO MOT. TO DISMISS SAC   -5-
NO. C 12-00154 CRB

*v. Apple Computer, Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012) ("to be actionable as an affirmative misrepresentation, a statement must make a 'specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact'") (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999)); *Delacruz v. Cytosport, Inc.*, No. 11-3532, 2012 WL 2563857, at *8 (N.D. Cal. June 28, 2012) (alleged misrepresentations about the health value of a product were not actionable until plaintiff amended to allege "objective standards, such as the requirements identified by the FDA, which could evidence that certain contents in a product are not healthful").

The SAC should, therefore, be dismissed with prejudice to the extent it is based on such alleged representations.

### C. The SAC Fails to Allege Any Facts Showing PC Tools Intended to Defraud its Customers

The motion to dismiss explained that the "SAC should be dismissed because the allegations therein and the documents referenced therein render implausible any conclusion that PC Tools intended to defraud its customers." Mot. at 9 (citing FAC Dismissal Order at 6 n.4) (recognizing that Plaintiff must demonstrate "intent to defraud"). In responding to the motion to dismiss, Plaintiff does not even address this deficiency, which failure may be deemed a concession that he cannot overcome it. *See Rivera v. BAC Home Loans Serving, L.P.*, 756 F. Supp. 2d 1193, 1199 (N.D. Cal. 2010) (dismissing claims without leave to amend where plaintiff "failed to address this issue in their opposition to the motion to dismiss"); *Perez v. Wells Fargo Bank, N.A.*, No. 11-2279, 2011 WL 3809808, at *19 (N. D. Cal. Aug. 29, 2011) ("Plaintiffs do not address this claim in their Opposition brief, implicitly conceding that it fails to state a claim.").

## II. THE STATUTORY CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THE ALLEGED CONDUCT OCCURRED OUTSIDE CALIFORNIA

In addition to dismissal for failure to plead fraud with the requisite specificity, the motion to dismiss explained that the statutory causes of action alleged in the SAC under California Business & Professions Code Section 17200 and California Commercial Code Section 2313

1  should also be dismissed with prejudice because the conduct at issue that allegedly caused
2  Plaintiff injury occurred outside California.  Mot. at 9-10.  Specifically, the motion explained
3  that the Registry Mechanic software that Plaintiff purchased is a *PC Tools* product with source
4  code and marketing materials developed in *Australia*, and licensed to Plaintiff and other U.S.
5  users by an Irish company.  *Id.*  In responding to the motion to dismiss, Plaintiff can identify no
6  factual allegations to support his conclusory allegation that the PC Tools Registry Mechanic
7  software was developed and marketed in California, and his unsupported, "mere conclusory
8  statements, do not suffice" to state a claim.  *Iqbal*, 556 U.S. at 678.  Plaintiff also makes several
9  inaccurate statements in his response to this issue that require correction.

10  First, Plaintiff criticizes Symantec for not submitting with the motion to dismiss better
11  evidence of the location of the teams that developed and marketed the PC Tools software.  Opp.
12  at 10.  But of course Symantec is limited in what can be submitted on a motion to dismiss to the
13  documents relied upon by the complaint and judicially noticeable facts.  *Lazy Y Ranch*, 546 F.3d
14  at 588.  And contrary to Plaintiff's argument that the webpage incorporated by reference by
15  Plaintiff into the SAC does not identify the location of where PC Tools Registry Mechanic is
16  developed, the document expressly states that "PC Tools has offices located in Australia, United
17  States and the Ukraine, with *Research and Development headquartered in Sydney and Kiev*."
18  RJN Ex. 3 (emphasis added).  California is not listed as one of the locations for PC Tools
19  "research and development," which undermines any allegation by Plaintiff that PC Tools'
20  development occurs in California.

21  Second, Plaintiff incorrectly argues that Symantec "has at all times since [acquiring PC
22  Tools] controlled from its California headquarters the source code, websites, and marketing
23  materials associated with PC Tools branded products, including the representations made to and
24  the software purchased by Plaintiff."  Opp. at 10.  Plaintiff, however, fails to allege any facts to
25  support the conclusory allegation that the PC Tools Registry Mechanic software at issue was
26  developed and marketed in California rather than in Australia or Kiev where the PC Tools'
27  development teams are headquartered.  A plaintiff cannot overcome a pleading deficiency by
28

simply amending to include a conclusory allegation of the missing fact, in the absence of any factual support (or even reasonable basis) for such an allegation.

Third, Plaintiff incorrectly argues that "Symantec has abandoned its prior argument that it wasn't a party to the transaction underlying Plaintiff's claims and therefore, supposedly, could not be held responsible for the actions of PC Tools, Ltd." *Id.* Contrary to this misstatement, Symantec only withdrew its pleading challenge to being named a defendant in this lawsuit because of the potential for future restructuring at the company that may change the future corporate relationship between Symantec and the PC Tools subsidiaries. *See* ECF No. 44. Symantec did not withdraw or waive any challenges to the allegations that Symantec had involvement in the development of the PC Tools Registry Mechanic software at issue or the transaction at issue. *Id.* (stating that "because of corporate restructuring that may be taking place . . . Symantec hereby withdraws the arguments set forth in Section II (pp. 3-4) of Symantec's Motion to Dismiss the First Amended Complaint. . . . which arguments concern whether Plaintiff has sufficiently alleged facts showing that Symantec was properly named as a defendant in this action. Notwithstanding Symantec's withdrawal of these arguments, Symantec does not admit the truth of any allegations"). Symantec also disputes Plaintiff's theories of alter ego, agency, and conspiracy, although it no longer asserts a pleading challenge to them. *Id.* But regardless of whether or not Symantec asserts a pleading challenge to being named as a defendant as the wrong corporate entity, Plaintiff's allegations fail to show that any of the allegedly wrongful activities in developing or marketing the PC Tools Registry Mechanic software took place in California. *See* ECF No. 38 at 3-4.

Lastly, Plaintiff incorrectly makes assertions about the Performance Toolkit and Norton Utilities software products, arguing that those products "are also at issue here." Opp. at 10 n.7. However, the only product at issue in this lawsuit is the one purchased by Plaintiff, the PC Tools Registry Mechanic software. SAC ¶¶ 54-57. Plaintiff's assertions about other software are irrelevant.

## III. THE EXPRESS WARRANTY AND CONTRACT CLAIMS SHOULD BE DISMISSED FOR INABILITY TO IDENTIFY ANY BREACH OR INJURY

In addition to dismissal for inability to plead fraud and inability to plead conduct occurring in California, the motion to dismiss explained that the express warranty claim and breach of contract claim should further be dismissed with prejudice for inability to identify any breach or any injury. Mot. at 10-13. Specifically, Plaintiff does not allege any facts showing the software fails to perform as advertised, i.e., that the software cannot be used to speed up a computer, optimize its performance, remove orphaned registry references, provide options to boost system speed, protect private information, and improve system response time.

In response, Plaintiff claims that he "expressly alleges that his expert confirmed the software 'does not perform the valuable tasks represented by Symantec[,]' including speeding up a computer, optimizing its performance, improving system response time and the like." Opp. at 11 (citing SAC ¶¶ 48-52). Plaintiff, however, misrepresents his own allegations in the SAC. Nowhere in the SAC does Plaintiff allege that his expert opined that the full version of the software fails to perform the specific functions advertised. Plaintiff's conclusory quotation from the SAC comes from a paragraph that precedes the alleged findings of Plaintiff's purported expert. *See* SAC ¶ 48. Consequently, Plaintiff has alleged no actual facts showing the software fails to perform as advertised.

The motion to dismiss also explained that the warranty and contract claims should be dismissed for failure to show any injury. Mot. at 12-13. While Plaintiff argues that a breach of warranty and contract occurred because the software allegedly "exaggerate[s] purported errors and problems detected on users' computers," Opp. at 12, that would show only that the software was even more effective and comprehensive in cleaning computers than it needed to be, giving Plaintiff even more benefit than he bargained for. It would not show any breach or injury. *See* Mot. at 12-13.

In fact, Plaintiff makes no attempt to argue in his opposition that he has sufficiently alleged an injury. His opposition does not even mention the words "injury" or "damages." In a footnote, he merely quotes a portion of the lack of injury argument from the motion to dismiss

and states "just the opposite is true." Opp. at 11 n.8. To the extent Plaintiff's cursory response represents a belief that he need not show that the software failed to repair the invalid registry entries on his computer, he is mistaken. Notably, a federal district court recently dismissed claims nearly identical to Plaintiff's warranty and contract claims (and brought by the same attorneys representing Plaintiff) for failure to demonstrate any injury. *Parker v. Iolo Techs., LLC*, No. 12-0984, slip op., ECF No. 63 (C.D. Cal. Aug. 20. 2012).[1] In *Parker*, the court noted that the plaintiff's counsel were the same counsel that brought the present lawsuit against Symantec and at least three other similar lawsuits, and that "[m]any of the allegations are copied and pasted between the four complaints." *Id.* at 3. The court dismissed the complaint because the plaintiff had not "plausibly alleged" that he had suffered any injury. *Id.* at 5. The court reasoned in part that the plaintiff failed to allege that he had any errors on his computer that the software was designed to fix but failed to fix. *Id.* "Nor does he allege that the software failed to provide other advertised benefits, such as improving the performance and speed of his computer, repairing harmful errors, updating drivers, and improving the computer's Internet connection." *Id.*

Here, as in *Parker*, Plaintiff simply cannot articulate any injury or contract damages. That is because he cannot deny that the full version of the software allows a user to repair all detected errors, and otherwise to use the software for improving computer performance and speed.

**IV.   THE IMPLIED COVENANT CLAIM SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF THE CONTRACT CLAIM AND FAILS TO SHOW INJURY**

In addition to being dismissed for failure to plead fraud as discussed above, the motion to dismiss explained that the implied covenant claim should also be dismissed with prejudice because it is duplicative of the breach of contract claim and fails to show that Plaintiff was denied the benefit of the contract. Mot. at 13-14. In response, Plaintiff does not dispute that his breach of the implied covenant claim is in fact duplicative of the contract claim. Plaintiff only argues that an exception applies here because he alleges that Symantec acted in bad faith to

---

[1] A copy of this decision printed from Pacer is attached hereto as Attachment A.

1  deprive him of the benefits of the contract. Opp. at 13. But Plaintiff fails to identify any benefit

2  of the contract that he was denied, let alone any bad faith conduct on Symantec's part

3  intentionally designed to prevent Plaintiff from receiving software that would detect and repair

4  invalid entries in Plaintiff's computer registry. Indeed, as discussed above and in the motion to

5  dismiss, if Plaintiff's allegations are true about the software's comprehensiveness in labeling

6  errors and encouraging regular cleaning, PC Tools delivered a software product that cleaned

7  Plaintiff's computer system even more thoroughly than promised. And Plaintiff does not

8  contend that the software failed to repair all of the invalid registry entries detected on his

9  computer as promised. Plaintiff can therefore show no frustration of his right to receive the

10 benefit of the contract.

## V. DISMISSAL WITH PREJUDICE IS APPROPRIATE BECAUSE PLAINTIFF HAS NOW HAD THREE CHANCES TO TRY TO STATE A CLAIM

It is time to end this case. While Plaintiff asks the Court to give him another chance to attempt to state a cause of action, Opp. at 13 n.11, the request should be denied because Plaintiff has already failed after three opportunities to do so. *See* ECF No. 1 (original complaint); ECF No. 33 (first amended complaint); ECF No. 50 (second amended complaint).

Where a plaintiff has "had three bites at the apple," the Court is "well within its discretion in disallowing a fourth." *Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011) (citing *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'")). "It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'" *Destfino*, 630 F.3d at 959 (affirming dismissal of second amended complaint with prejudice). A plaintiff's failure to correct the deficiencies in its previously-dismissed complaints is "'a strong indication that the plaintiff[] ha[s] no additional facts to plead.'" *Zucco Partners*, 552 F.3d at 1007 ("the district court did not err when it dismissed the SAC with prejudice, since it was clear that the plaintiffs had made their best case and had been found wanting"). Where plaintiffs have

1  requested leave to amend in the context of opposing a motion to dismiss, leave to amend is
2  properly denied as "futile" where "[t]hey seek leave to amend only as an afterthought" and "do
3  not . . . propose any specific allegations that might rectify their failure to [state a claim]."
4  *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

As in *Destfino* and *Zucco*, here, Plaintiff's failure to allege a plausible factual basis for his claims on his third attempt to do so demonstrates that he has no additional facts to plead. Plaintiff's entire action is based on the alleged theory that the software at issue does not repair "high priority" errors that are "lowering" the user's computer system health because the errors that are actually detected and reported by the software are not of any "high priority," and would not have the effect of lowering the users' computer system health. As explained in detail above and in the motion to dismiss, that theory – even if true – does not support a claim in fraud or contract. And, as in *Carrico*, despite Plaintiff's cursory request for leave to amend in a footnote at the end of his opposition, he has not proposed "any specific allegations that might rectify [his] failure to [state a claim]." This observation is particularly apt where Plaintiff admits his expert performed a thorough technical analysis, but has chosen not to include any of the details of that analysis in his complaints. Consequently, any further attempt to amend the complaint on this theory would be "futile."   The Court should now, therefore, dismiss the action with prejudice.

## CONCLUSION

For the foregoing reasons and the reasons stated in the moving papers, the Second Amended Complaint should be dismissed with prejudice.

Dated: September 21, 2012　　　　　　　　　WILSON SONSINI GOODRICH & ROSATI
　　　　　　　　　　　　　　　　　　　　　Professional Corporation

　　　　　　　　　　　　　　　　　　　　　By: /s/ Maura L. Rees
　　　　　　　　　　　　　　　　　　　　　　　Maura L. Rees

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　SYMANTEC CORPORATION