1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated, | Case No. 3:12-cv-00154-CRB |
| *Plaintiff*, | **PRELIMINARY APPROVAL ORDER** |
| v. | |
| SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company, | Judge: Honorable Charles R. Breyer<br>Action Filed: January 10, 2012 |
| *Defendants*. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter having come before the Court on Plaintiff's motion for preliminary approval (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff James Gross and Defendants Symantec Corp. and PC Tools, Ltd. (collectively, "Defendants"), pursuant to the Parties' Stipulation of Class Action Settlement (the "Agreement") and the Addendum to Stipulation of Class Action Settlement (the "Addendum"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.      Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Agreement.

2.      The Court has conducted a preliminary evaluation of the Settlement set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is cause to believe that the Settlement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, and (iii) the notice of the material terms of the Settlement to Settlement Class Members for their consideration and reaction is warranted. Therefore, the Court grants preliminary approval of the Settlement.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All individuals and entities residing in the United States and its territories that, prior to the date of this Order, purchased from an authorized seller a license to use any of the following software in the United States and its territories: PC Tools Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0.

4.      For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiff James Gross as Class Representative.

5.      For settlement purposes only, the Court hereby preliminarily approves the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman, and Chandler R. Givens

of Edelson LLC, as Class Counsel.

6.      On October 4, 2013 at 10:00 a.m., or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement and to determine whether (i) final approval of the Settlement should be granted, (ii) Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiff, should be granted, and in what amount, and (iii) a portion of the maximum allowable Fee Award should be designated for cy pres distribution, and in what amount. No later than the date fourteen (14) days prior to the date for Settlement Class Members to comment in support of or in opposition to the Settlement (as set forth below), Plaintiff shall file his papers in support of Class Counsel's application for attorneys' fees and expenses, and an incentive award to him as Class Representative. No later than the date fourteen (14) days prior to the date for Settlement Class Members to comment in support of or in opposition to the Settlement, the Parties shall jointly submit to the Court a list of proposed recipients of any potential cy pres distribution, including any proposals for allocation among cy pres recipients.  No later than the date twenty-eight (28) days prior to the Fairness Hearing, Plaintiff must file his papers in support of final approval of the Settlement and in response to any objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than the date twenty-eight (28) days prior to the Fairness Hearing.

7.      Pursuant to the Agreement, Epiq Systems is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order. To aid in the efficient submission of Claim Forms, the Agreement provides for Settlement Class Members to submit Claim Forms online without the need for a manual signature. However, by submitting an online Claim Form, such Settlement Class Members shall be bound to the same extent as if they had used a manual signature.

8.      The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by e-mail and establishing a Settlement Website, as more fully described in the

Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than twenty-eight (28) days following the entry of this Preliminary Approval Order and in accordance with the terms of the Agreement.

9.      All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their Request for Exclusion in writing, identifying the case name *Gross v. Symantec Corp., et al.*, and state the name, address and telephone number of the Settlement Class Member(s) seeking exclusion as well as the email address the Settlement Class Member(s) believes was used to purchase, register or activate the Software Products purchased. Each Request for Exclusion must also be physically signed with a statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *Gross v. Symantec Corp., et al*." The request must be mailed to the Settlement Administrator at the address provided in the notice and postmarked no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. A Request for Exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the notice, or that is not received within the time specified, shall be invalid and any person(s) serving such a request shall be deemed a member of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement. The Settlement Administrator shall promptly forward copies of all Requests for Exclusion to Class Counsel and Defendants' Counsel.

10.     Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however*, that all comments and objections must be filed with the Court and received by Class Counsel and Defendants' Counsel prior to the Fairness Hearing. A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her or its comment to be considered by the Court; however, all papers, briefs, pleadings, or

other documents that any objector would like the Court to consider ("Objections") must be filed with the Court, with a copy postmarked to Class Counsel and Defendants' Counsel, no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. All Objections shall include the caption *Gross v. Symantec Corp.*, *et al.*, No. 3:12-cv-00154-CRB, and provide: (i) the Settlement Class Member's full name and current address; (ii) the email address the Settlement Class Member believes was used to purchase, register or activate the Software Products purchased, (iii) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class; (iv) the specific grounds for the objection; (v) all documents or writings that such Settlement Class Member desires the Court to consider; and (vi) a notice of intention to appear at the Fairness Hearing (if any).

11.    Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding. While the declaration described in subparagraph 10(iii) is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiff or Defendants or both may take discovery regarding the matter, subject to Court approval. If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for an incentive award and attorneys' fees and expenses in accordance with the deadline and procedure set forth in the notice, and the Settlement Class Member is not granted relief by the Court, the Settlement Class Member will be deemed to have waived his, her or its right to be heard at the Fairness Hearing.

12.    The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law

1  or equity, proceeding, arbitration, tribunal, investigation, government action, administrative

2  proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of

3  the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing

4  contained herein shall be construed to prevent the Parties from offering the Agreement into

5  evidence for the purposes of enforcement of the Agreement.

6      13.    The certification of the Settlement Class shall be binding only with respect to the

7  settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or is

8  not approved in all material respects by the Court, or such approval is reversed, vacated, or

9  modified in any material respect by this or any other court, the certification of the Settlement Class

10  shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been

11  certified (including Defendants' right to oppose any subsequent motion for class certification), and

12  no reference to the Settlement Class, the Agreement, or any documents, communications, or

13  negotiations related in any way thereto shall be made for any purpose.

14

15      **IT IS SO ORDERED** this  28th  day of  May, 2013.

16

17  _____

18  HONORABLE CHARLES
    UNITED STATES

19

20



21

22

23

24

25

26

27

28