# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>*v.*<br><br>SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company,<br><br>    *Defendants*. | Case No. 3:12-cv-00154-CRB<br><br>**STIPULATION OF CLASS ACTION SETTLEMENT**<br><br>Judge: Honorable Charles R. Breyer<br>Action Filed: January 10, 2012 |

This Stipulation of Class Action Settlement (the "Agreement") is entered by and among Plaintiff James Gross ("Gross" or "Plaintiff") for himself individually and on behalf of the Settlement Class, and Defendants Symantec Corporation ("Symantec") and PC Tools, Ltd. ("PC Tools") (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties").[1] This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Settled Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

## I.   RECITALS

WHEREAS, prior to Plaintiff filing the instant lawsuit, the Parties held an initial meeting (through counsel) during which Class Counsel presented their expert's conclusions about the Software Products at issue in the Action and their underlying methodologies, and the Parties otherwise discussed their respective views of the case. Based on those discussions, they agreed that there was at least some potential for an early resolution and therefore, proceeded with an all-day mediation before Judge Ronald M. Sabraw (ret.) of JAMS on January 3, 2012;

WHEREAS, the Parties did not reach a settlement at the January 3rd mediation and, as a result, on January 10, 2012, Plaintiff filed an action in the United States District Court for the Northern District of California, captioned *Gross v. Symantec Corp.*, Case No. 3:12-cv-00154-CRB (the "Action"), alleging claims for damages, injunctive, and declaratory relief against Symantec Corp. arising out of the design, marketing, and sale of the Software Products;

WHEREAS, on April 2, 2012, Plaintiff filed a First Amended Complaint in the Action, adding Symantec's wholly-owned subsidiary, PC Tools, Ltd., as a party-defendant;

WHEREAS, on April 17, 2012, Symantec moved to dismiss Plaintiff's First Amended Complaint;

WHEREAS, on July 31, 2012, the Court granted Symantec's motion to dismiss without prejudice and directed Plaintiff to file a further amended pleading;

---

[1]     Except as otherwise specified, defined terms shall have the meanings set forth in Section II of this Agreement.

WHEREAS, on August 14, 2012, Plaintiff filed a Second Amended Complaint in the Action;

WHEREAS, on August 31, 2012, Symantec moved to dismiss Plaintiff's Second Amended Complaint, which has been fully briefed but not yet ruled upon by the Court;

WHEREAS, during the pendency of Symantec's motions to dismiss, Plaintiff served and Symantec responded to his first set of written discovery requests;

WHEREAS, the Parties met and conferred by telephone and in writing regarding Symantec's written discovery responses;

WHEREAS, on November 12, 2012 the Parties proceeded with a second all-day mediation before Mr. John B. Bates, Jr. of JAMS. With the assistance of Mr. Bates, the Parties reached a class action settlement in principle that would resolve each of the claims against Defendants in the Action related to the alleged fraudulent design and marketing of the Software Products;

WHEREAS, Plaintiff and Class Counsel have conducted a comprehensive examination of the law and facts relating to the matters at issue in the Action regarding Plaintiff's claims and Defendants' potential defenses, including through formal and informal discovery, and exchanges of information both prior to and throughout the pendency of the Action;

WHEREAS, the Parties engaged in extensive arms-length settlement negotiations, which included two formal mediation sessions as well as the exchange of information through discovery;

WHEREAS, based on an analysis of the facts and the law applicable to Plaintiff's claims in the Action, and taking into account the burdens and expense of such litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiff and Class Counsel have concluded that this Settlement provides substantial benefits to the Settlement Class and the public as a whole, and is fair, reasonable, adequate, and in the best interest of Plaintiff and the Settlement Class;

WHEREAS, Defendants do not admit any liability or wrongdoing, but have similarly concluded that this Agreement is desirable in order to avoid the time, risk and expense of

defending protracted litigation, and to resolve finally and completely the pending and potential claims of Plaintiff and the Settlement Class; and

WHEREAS, the Parties agree that all Persons shall have an individual right to exclude themselves from the Settlement Class, such that participation in the Settlement Benefits provided by this Agreement shall be voluntary;

NOW, THEREFORE, the Parties stipulate and agree that any and all Released Claims against Symantec Corp. and PC Tools, Ltd., and all other Released Parties, shall be finally settled and resolved on the terms and conditions set forth in this Agreement, subject to Court approval, as a fair, reasonable and adequate settlement.

## II. **DEFINITIONS**

As used herein, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

"***Action***" means the case captioned *Gross v. Symantec Corp., et al.*, Case No. 3:12-cv-00154-CRB (N.D. Cal.), and any amendments thereto.

"***Agreement***" means this Stipulation of Class Action Settlement (including all exhibits hereto).

"***Approved Claim***" means a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is physically signed or electronically verified by the Settlement Class Member, and (c) satisfies the conditions of eligibility for a Settlement Payment as set forth in Section VI.C.1.

"***Claimant***" means a Settlement Class Member that submits a Claim Form for a Settlement Benefit.

"***Claim Form***" means the form attached hereto as Exhibit B, as approved by the Court. The Claim Form must be completed, and physically signed or verified electronically, by Settlement Class Members who wish to file a claim for a Settlement Benefit, and shall be available for download from the Settlement Website in electronic format and from the Settlement Administrator in hardcopy form. The Claim Form will require the Settlement Class Member to provide the following information: (i) full name, current address, telephone number (optional), and e-mail address, (ii) an affirmation that he or she purchased one or more of the Software Products, and (iii) a statement that he or she has not received a refund of all monies paid for the Software Product(s). The Claim Form will not require notarization, but will require that the information supplied is true and correct.

"***Claims Deadline***" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date ninety (90) days after the Settlement Class Notice is first disseminated to the Settlement Class. The Claims Deadline shall be clearly set forth in the notice to be provided to the Settlement Class, the Claim Form, the Court's order granting Preliminary Approval, and the Judgment.

"***Claims Period***" means the period of time during which Settlement Class Members may submit Claim Forms to receive Settlement Payments and shall commence on the date that the Settlement Class Notice is first disseminated to the Settlement Class and shall end on the date ninety (90) days thereafter.

"***Class Counsel***" means attorneys Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens of Edelson McGuire, LLC.

"***Class Representative***" means the named Plaintiff in this Action, James Gross.

"***Court***" means the United States District Court for the Northern District of California.

"***Defendants' Counsel***" means Keith E. Eggleton, Maura L. Rees, and Anthony J Weibell of Wilson Sonsini Goodrich & Rosati, P.C.

"***Effective Date***" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Judgment.

"***Fairness Hearing***" means the hearing before the Court where the Parties will request the Judgment be entered by the Court finally approving the settlement as fair, reasonable and adequate, and approving the Fee Award and the incentive award to the Class Representative.

"***Fee Award***" means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel through an Order in the form attached as Exhibit E to this Agreement.

"***Judgment***" means the Order of Final Judgment, in the form attached as Exhibit D to this Agreement, to be entered by the Court finally approving this Agreement, without material modifications that are unacceptable to the Parties.

"***Nationwide***" means the fifty (50) states, the District of Columbia, and the territories of the United States of America.

"***Notice Date***" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class.

"***Notice Expenses***" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, hosting on the Internet and publishing the Settlement Class Notice, identifying members of the Settlement Class and informing them of the proposed settlement, and (ii) any other reasonable and necessary notice and notice-related expenses.

"***Notice of Intention to Appear and Object***" is the written communication that may be filed with the Court by a Settlement Class Member in order to object to the approval of this Agreement. A copy of such Notice of Intention to Appear and Object must be signed by the Settlement Class

Member and also be sent to the Settlement Administrator, Class Counsel and Defendants' Counsel at the time of filing.

"***Notice Plan***" means the plan described in Section VIII of this Agreement for disseminating notice to the Settlement Class Members of the terms of this Agreement and the Fairness Hearing.

"***Opt-Out Period***" means the period for a Settlement Class Member to file a Request for Exclusion, which shall expire sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class, subject to Court approval. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

"***Parties***" means, collectively, Plaintiff James Gross and Defendants Symantec Corp. and PC Tools, Ltd.

"***PC Tools***" means Defendant PC Tools, Ltd., an Irish limited liability company.

"***Person***" means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns. The definition of "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

"***Preliminary Approval***" means the Court's Order Preliminarily Approving Class Action Settlement, in the form attached as Exhibit C to this Agreement, to be entered by the Court without material modifications that are unacceptable to the Parties.

"***Released Claims***" means any and all claims or causes of action of every kind and description (including any causes of action in law, claims in equity, complaints, suits or petitions) and any allegations of wrongdoing (including any assertions of liability, debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, obligations, promises, promissory estoppel, detrimental reliance, or unjust enrichment) and any demands for legal, equitable or administrative relief (including any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest, or expenses) that the Releasing Parties had or have (including assigned claims and "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including any state, local or federal regulatory body), in any jurisdiction worldwide, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the Released Conduct.

"***Released Conduct***" means any and all direct or indirect acts, omissions, representations, conduct, legal duties, unjust enrichment, trade practices, or obligations that arise out of, or are related or connected in any way with one or more of the following: (1) the design, use, functionality, operation, and/or performance of the Software Products, (2) the marketing and advertising of the Software Products as it relates to the design, use, functionality, operation and/or performance of the Software Products, and (3) warranties, representations, or omissions relating to the design, use, functionality, operation and/or performance of the Software Products. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendants.

"***Released Parties***" means Symantec Corp. and PC Tools, Ltd., their respective

predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, successors, attorneys, representatives, insurers, subrogees and assigns of any of the foregoing.

"*Releasing Parties*" means Plaintiff, any Person in the Settlement Class, any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates.

"*Remaining Funds*" means the amount of the Settlement Fund remaining after the payment of all Approved Claims, Settlement Administration Expenses, Notice Expenses, the incentive award to the Class Representative, and the Fee Award to Class Counsel.

"*Request For Exclusion*" is the written communication by or on behalf of a member of the Settlement Class in which he, she, or it requests to be excluded from the Settlement Class.

"*Settlement Administration Expenses*" means Notice Expenses (defined above) and all other expenses incurred by the Settlement Administrator in handling the administration of the settlement and performing the services it is obligated to perform under this Agreement related to administration of the settlement, which may include the processing of Claim Forms submitted by Settlement Class Members pursuant to this Agreement.

"*Settlement Administrator*" means, subject to approval of the Court, Epiq Systems, which will oversee the Notice Plan and the processing and payment of Settlement Class Members' Claim Forms as set forth in this Agreement.

"*Settlement Benefit*" means the benefit a Settlement Class Member may receive pursuant to this Agreement.

"*Settlement Payment*" means the payment to be made on Approved Claims as described in Section VI.C of this Agreement.

"*Settlement Class*" means all individuals and entities residing in the United States and its territories that, prior to the date on which the Court enters an order preliminarily approving the settlement,  purchased from an authorized seller a license to use any of the following software in the United States and its territories: PC Tools Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0. Excluded from the Settlement Class are the following: (i) the Defendants, the Settlement Administrator, and any respective parent, subsidiary, affiliate or control person of the Defendants, as well as the officers, directors, agents, servants, or employees of the Defendants, (ii) any judge presiding over this Action, (iii) all Persons whose claims against the Defendants have been fully and finally adjudicated and/or released, and (iv) the immediate family members of any such Person(s).

"*Settlement Class Member*" or "*Class Member*" means a Person who falls within the definition of the Settlement Class as set forth in this Agreement and who has not submitted a valid Request for Exclusion.

"*Settlement Class Notice*" means the form of Court-approved notice of this Agreement that is disseminated to the Settlement Class. The Parties have proposed that the Court approve notice in the form attached to this Agreement as Exhibit A.

"*Settlement Fund*" means the monetary funds from which Defendants shall pay all Approved Claims, Settlement Administration Expenses, the incentive award to the Class

Representative, and the Fee Award to Class Counsel. The amount of the Settlement Fund is Eleven Million Dollars ($11,000,000.00). The Settlement Fund represents the limit and extent of Defendants' monetary obligations under this Agreement. All Remaining Funds are the property of Defendants. The Settlement Fund is non-segregated, meaning Defendants will retain access to monies in the Settlement Fund and will not be required to place any monies in a separate account.

"***Settlement Website***" means the website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of claims, and provides access to relevant case documents including the Settlement Class Notice, information about the submission of Claim Forms and other relevant documents, including downloadable Claim Forms.

"***Software Products***" refers to PC Tools Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0.

"***Symantec***" means Defendant Symantec Corporation, a Delaware corporation.

"***Unknown Claims***" shall have the meaning set forth in Section V.B. of this Agreement.

## III.   FOR SETTLEMENT PURPOSES ONLY

This Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only and Defendants specifically deny any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement will not constitute, be construed as, or be admissible in evidence as, any admission by Defendants of (i) the validity of any claim, defense or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

## IV.   REQUIRED EVENTS AND COOPERATION BY THE PARTIES

**A.**   **Preliminary and Final Approval.** Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court and shall move the Court to enter a Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

1.   Appoint Plaintiff James Gross as representative of the Settlement Class;

2.   Appoint Class Counsel to represent the Settlement Class;

3.   Certify the Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only and without prejudice to Defendants' right to contest class certification if this Agreement is not approved;

4.   Preliminarily approve this Agreement for purposes of disseminating notice

to the Settlement Class;

     5.     Approve the form and contents of the Settlement Class Notice and the method of its dissemination to members of the Settlement Class; and

     6.     Schedule a Fairness Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of expenses and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for the Fee Award and an incentive award to the Class Representative, and dismissing the Action with prejudice.

A copy of the form of the proposed Preliminary Approval Order agreed to by the Parties is attached hereto as Exhibit C.

**B**.     **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Agreement.

**C.**     **Certification of the Settlement Class.** For purposes of this settlement only, Plaintiff and the Defendants stipulate to the certification of the Settlement Class, which is contingent upon the Court's final approval of this settlement and the occurrence of the Effective Date. Should the settlement not receive final approval from the Court or the Effective Date not occur, the certification of the Settlement Class shall be void and this Agreement will not constitute, be construed as, or be admissible in evidence as, an admission or be used for any purpose whatsoever in this Action or any other pending or future action.

**V.**     <u>**RELEASES**</u>

     **A.**     **The Release.** Upon the entry of the Judgment, and in consideration of the Settlement Benefits described herein, each Settlement Class Member shall be deemed to have released, acquitted and forever discharged Defendants and each of the Released Parties from any and all "Released Claims."

     **B.**     **Unknown Claims.** The Release includes the release of Unknown Claims.

"Unknown Claims" means claims that could have been raised in this litigation and that Plaintiff, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Conduct or might affect his, her or its decision to agree, object or not to object to the settlement. Upon the Effective Date, Plaintiff, any member of the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiff, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

   **C.**     **Exclusive Remedy.** This Agreement shall be the sole and exclusive remedy of Settlement Class Members against any of the Released Parties relating to any and all Released Claims and/or Released Conduct. None of the Released Parties shall be subject to liability or expense of any kind to any Settlement Class Member who has not timely filed a valid Request For Exclusion with respect to any Released Claim. Upon the entry of the Judgment, each and every Settlement Class Member shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any of the Released Parties in any court,

arbitration, tribunal, forum or proceeding.

**D.     Jurisdiction of the Court.** The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Action, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement.

## VI.    SETTLEMENT BENEFITS

**A.     Improvements to the Software Products.** As soon as practicable, but no later than ninety (90) days after the Effective Date, Defendants shall modify the current versions of the respective Software Products to:

1.     Deactivate the "System Health" meter within the main, Graphical User Interface ("GUI") such that a user's System Health is reported as "unknown" until after the individual performs a scan with the Software Product to assess the registry and other monitored areas for invalid entries and other issues;

2.     Refrain from claiming in the GUI prompt presented to users when upgrading from the trial version to the full version of the Software Products that upgrading will increase the "speed" of the user's computer or will cause the computer to run "faster";

3.     No longer include representations within the Software Products that any specific errors require "immediate repair";

4.     No longer describe invalid registry entries as "errors"; and

5.     Within the Software Products' GUI "Help" section, include documentation that clearly explains the detection and reporting methodologies underlying the operations of the respective Software Products' diagnostic scan, as described more fully in Section VI.B.

**B.     New Documentation Explaining the Software Products' Functionalities.** As soon as practicable, but no later than ninety (90) days after the Effective Date, Defendants agree to develop and publish new documentation to be associated with the modified versions of the Software Products described in VI.A that substantially conform to the following:

1.   _Documentation explaining the "System Heath" meter_. Defendants shall create documentation that further explains, in a clear and concise manner, the  "System Health" meter, and the factors considered in determining a computer's "System Health."

2.   _Documentation explaining the effect of issues detected on a user's computer by the Software Products_. Defendants shall create documentation that explains, in a clear and concise manner, the potential harm that the issues detected by the Software Products might pose to a computer's operations, including what is meant by a "High Priority" issue.

**C.**   **Settlement Payment.** Defendants shall establish the Settlement Fund in the amount of $11,000,000.00, representing the maximum amount Defendants shall be obligated to pay under this Agreement, including Settlement Administration Expenses, Notice Expenses, the Fee Award, the incentive award to the Class Representative described in Section XI.A of this Agreement (the "Incentive Award"), and Settlement Payments to the Settlement Class Members. All such payments (other than any portion of Settlement Administration Expenses to be paid by Class Counsel) shall be paid from the Settlement Fund. Defendants represent that they have the financial ability to make the payments required under the terms of this Agreement and will make all such payments as they come due.

1.   _Settlement Payment Eligibility_. To be eligible for a Settlement Payment under the Agreement, a Settlement Class Member must affirm in the Claim Form: (i) that he, she or it purchased one or more of the Software Products, and (ii) that he, she or it did not previously receive a full refund of all monies paid for the Software Product(s). Settlement Class Members who have received a full refund of the monies paid for a Software Product shall not be entitled to receive a Settlement Payment for such Software Product.

2.   _Individual Settlement Payments to Class Members_.  Each Settlement Class Member who physically signs or verifies electronically, and timely submits a Claim Form, in the form attached hereto as Exhibit B, providing all of the information requested in the Claim Form, and who is determined by the Settlement Administrator to be eligible for payment under the criteria set forth above in Section VI.C.1, shall be entitled to one payment of nine dollars ($9.00) to

be paid from the Settlement Fund. In the event that the amount in the Settlement Fund, after accounting for payment of Settlement Administration Expenses, Notice Expenses, the full amount of the Fee Award and the Incentive Award, is not sufficient to pay in full all Settlement Payments, the Settlement Administrator shall make the Settlement Payments on a *pro rata* basis. The Defendants shall facilitate payments from the Settlement Fund in conjunction with the Settlement Administrator.

3. *Antivirus Software*. Each Person who is identified to be a member of the Settlement Class, and who does not timely submit a Request for Exclusion, shall be entitled to receive three (3) months of free access to Symantec's proprietary antivirus software known as Norton Antivirus. Notice of and access to the antivirus software shall be provided to each identified member of the Settlement Class via email from the Settlement Administrator within sixty (60) days after the Effective Date.

## VII.  CLAIMS PROCESS & SETTLEMENT ADMINISTRATION

### A.  Submission of Claims

1. *Submission of Electronic and Hard Copy Claims*. Settlement Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website, or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator may reject any Claim Forms that are incomplete, inaccurate, or not timely received.

2. *Requests for Claim Forms*. Any Settlement Class Member unable or unwilling to complete an online Claim Form or download a Claim Form from the Settlement Website may call a toll free number to be established by the Settlement Administrator, or write to the Settlement Administrator, to request a hardcopy Claim Form. In order to be sent a hardcopy Claim Form, the Settlement Class Member must provide his, her or its name and mailing address.

### B.  Settlement Administrator's Duties.

1. *Cost Effective Claims Processing*. The Settlement Administrator shall, under

1    the supervision of the Court, administer the relief provided by this Agreement by processing Claim

2    Forms in a rational, responsive, cost effective and timely manner.

3              2.      *Dissemination of Notices.* The Settlement Administrator shall disseminate

4    the Settlement Class Notice as provided in Section VIII *infra*.

5              3.      *Maintenance of Records.* The Settlement Administrator shall maintain

6    reasonably detailed records of its activities under this Agreement. The Settlement Administrator

7    shall maintain all such records as required by applicable law in accordance with its business

8    practices and such records will be made available to Class Counsel and Defendants' Counsel upon

9    request. The Settlement Administrator shall also provide reports and other information to the Court

10   as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel

11   and Defendants' Counsel with information concerning notice, administration and implementation

12   of the settlement. Should the Court request, the Parties in conjunction with the Settlement

13   Administrator, shall submit a timely report to the Court summarizing the work performed by the

14   Settlement Administrator, including a report of all amounts paid to Settlement Class Members on

15   account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

16              (a)     Receive Requests for Exclusion from Class Members to exclude

17       themselves from the settlement and provide to Class Counsel and Defendants' Counsel a

18       copy thereof within five (5) days of the deadline for submission of such forms and requests.

19       If the Settlement Administrator receives any Requests for Exclusion or other requests from

20       Settlement Class Members after the deadline for the submission of Requests for Exclusion,

21       the Settlement Administrator shall promptly provide copies thereof to Class Counsel and

22       Defendants' Counsel.

23              (b)     Provide weekly or other periodic reports to Class Counsel and

24       Defendants' Counsel upon request that include, without limitation, reports regarding the

25       number of Claim Forms received, the number of Claim Forms approved by the Settlement

26       Administrator, and the categorization and description of Claim Forms rejected by the

27       Settlement Administrator.

28

(c)     Make available for inspection by Class Counsel and Defendants'

Counsel the Claim Forms and any supporting documentation received by the Settlement

Administrator at any time upon reasonable notice.

(d)     Cooperate with any audit by Class Counsel or Defendants' Counsel,

who shall have the right but not the obligation to review, audit, and evaluate all claims for

accuracy, veracity, completeness and compliance with the terms and conditions of this

Agreement.

4.     *Creation of Settlement Website*. The Settlement Administrator shall create

the Settlement Website. The Settlement Website shall contain claims information and relevant

documents, including but not limited to a copy of the Settlement Class Notice, the Claim Form,

this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint

in the Action. The Settlement Website shall also include a toll free telephone number and mailing

address through which Settlement Class Members may contact the Settlement Administrator

directly.

5.     *Review of Claim Forms*. The Settlement Administrator shall reject a Claim

Form where it is unsigned or incomplete, or there is evidence of abuse or fraud. The Settlement

Administrator shall employ reasonable means to prevent fraud and to verify that Claim Forms have

not been submitted by persons other than potential Settlement Class Members, such as by requiring

that all electronic Claim Forms be submitted with a unique single-use code disseminated to

Settlement Class Members with the Settlement Class Notice. Defendants' Counsel and Class

Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by

a Settlement Class Member and such challenges shall be timely decided by the Settlement

Administrator, if not resolved by agreement of the Parties.

6.     *Requests for Additional Information*. In the exercise of its duties outlined in

this Agreement, the Settlement Administrator shall have the right to reasonably request additional

information from the Parties or any Settlement Class Member.

7.     *Timing of Settlement Payments*. The Settlement Administrator shall make all

Settlement Payments by check and mail them to Settlement Class Members within thirty (30) days after the Effective Date.

      **C.**    **Payment of Settlement Administration Expenses.** The first $150,000.00 in Settlement Administration Expenses shall be paid by Defendants out of the Settlement Fund. Any additional Settlement Administration Expenses in excess of $150,000.00 shall be paid one half by Defendants out of the Settlement Fund and one half by Class Counsel.

**VIII.**   <u>**SETTLEMENT CLASS NOTICE**</u>

      **A.**    **Direct Notice.** Within seven (7) days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, Defendants shall provide the Settlement Administrator with a list containing the last known e-mail addresses in their possession for the potential members of the Settlement Class. Within twenty-one (21) days after receipt of the e-mail list from Defendants, the Settlement Administrator shall disseminate notice of the settlement to the members of the Settlement Class via e-mail. The Settlement Class Notice shall be substantially in the form attached as Exhibit A and include an electronic link to the Settlement Website (as identified below) and an electronic single-use code or other reasonable fraud-prevention device employed by the Settlement Administrator to prevent submission of Claim Forms by persons other than potential Settlement Class Members. For e-mails that result in a bounce-back or are otherwise undeliverable, the Settlement Administrator shall re-send the e-mail.

      **B.**    **Settlement Website.** Within twenty-one (21) days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with Section VII.B.4 of this Agreement.

      **C.**    **Contents of the Settlement Class Notice.** The Settlement Class Notice shall, *inter alia*, (i) specify the deadline for Settlement Class Members to opt-out of, object to, or otherwise comment upon the settlement by day, month, and year, and state that any objection to this Agreement, and any papers submitted in support of said objection, will only be considered by the Court at the Fairness Hearing if, on or before the deadline to opt-out of, object to, or otherwise

comment upon the settlement, the Person making the objection files a Notice of Intention to Appear and Object and copies of such papers he, she or it proposes to submit for consideration at the Fairness Hearing with the Clerk of the Court and delivers copies of the same by mail, hand, or overnight delivery service to both Class Counsel and Defendants' Counsel; (ii) instructions on how to submit a Claim Form; (iii) the deadline for Settlement Class Members to submit Claim Forms; and (iv) the date, time and location of the Fairness Hearing. A copy of the proposed notice is attached as Exhibit A hereto.

## IX.    OPT-OUT AND OBJECTIONS

**A.    Right to Exclusion.** Any Settlement Class Member may submit a Request for Exclusion from the settlement at any time during the Opt-Out Period, which shall expire sixty (60) days following the date that the Settlement Class Notice is first disseminated to the members of the Settlement Class. To be valid, any Request for Exclusion must be in writing; identify the case name *Gross v. Symantec Corp. et al.*, No. 3:12-cv-00154; state the name, address and telephone of the member(s) of the Settlement Class seeking exclusion; identify the email address the Settlement Class Member believes was used to purchase, register or activate the Software Products purchased by the Settlement Class Member; be physically signed by the Person(s) seeking exclusion; and must be postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. Each Request for Exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *Gross v. Symantec Corp., et al.*" Any Person who elects to opt out of the Settlement Class shall not (i) be bound by any orders or Judgment entered in this Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. No Person may opt out of the Settlement Class through "mass" or "class" opt-outs.

**B.    Right to Object or Comment.** Any Settlement Class Member may comment in support of or in opposition to the settlement and may do so in writing, in person, or through counsel, at his or her own expense, at the Fairness Hearing. Except as the Court may order otherwise, no Settlement Class Member objecting to the settlement shall be heard and no papers,

1    briefs, pleadings, or other documents submitted by any such Settlement Class Member shall be

2    received and considered by the Court unless such Settlement Class Member shall both file with the

3    Court and mail to Class Counsel and Defendants' Counsel a written objection with the caption

4    *Gross v. Symantec Corp., et al.*, No. 3:12-cv-00154, that includes: (i) the Settlement Class

5    Member's full name and current address, (ii) the email address the Settlement Class Member

6    believes was used to purchase, register or activate the Software Products purchased by the

7    Settlement Class Member, (iii) a signed declaration that he or she believes himself or herself to be

8    a member of the Settlement Class, (iv) the specific grounds for the objection, (v) all documents or

9    writings that the Settlement Class Member desires the Court to consider, and (vi) a notice of

10   intention to appear (if any). All written objections must be filed and postmarked no later than sixty

11   (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement

12   Class. Any Settlement Class Member who fails to object in the manner prescribed herein shall be

13   deemed to have waived his, her or its objections and forever be barred from making any such

14   objections in the Action or in any other action or proceeding. While the statement described in

15   subsection (ii) above is prima facie evidence that the objector is a member of the Settlement Class,

16   Plaintiff and/or Defendants may take discovery regarding the matter, subject to Court approval.

17   **X.    TERMINATION OF AGREEMENT**

18        The Class Representative in this Action, on behalf of the Settlement Class Members, and

19   any of the Defendants, shall have the right to terminate this Agreement by providing written notice

20   of his or its election to do so ("Termination Notice") to all other Parties hereto within forty-five

21   (45) days of: (i) the Court's refusal to grant Preliminary Approval of the Agreement in any

22   material respect, (ii) receiving notification that the number of Persons who opt to be excluded from

23   the Settlement exceeds a level separately agreed to by Class Counsel and Defendants on the

24   ground that exclusion at that level threatens to frustrate the essential purpose of this Agreement,

25   (iii) the Court's refusal to enter the Judgment in any material respect, and (iv) the date upon which

26   the Judgment is modified or reversed in any material respect by any appellate or other court.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## XI.    PLAINTIFF'S INCENTIVE AWARD, THE FEE AWARD AND COSTS

**A.    Incentive Award.** Defendants agree to pay the Class Representative, in addition to any Settlement Payment under the Agreement and in recognition of his efforts on behalf of the Settlement Class, subject to Court approval, the Incentive Award in the amount of two thousand five hundred dollars ($2,500.00). Defendants shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the Incentive Award to the Class Representative if limited to this amount. Class Counsel has, in turn, agreed to seek no more than this amount from the Court as the Inventive Award for the Class Representative. Defendants shall pay (by wire) to Class Counsel from the Settlement Fund the Incentive Award approved by the Court within fourteen (14) days after the Effective Date. The Court's Order approving the payment of an incentive award to Plaintiff as Class Representative shall be substantially in the form attached as Exhibit E to this Agreement.

**B.    The Fee Award.** Defendants will not object to or otherwise challenge, directly or indirectly, a Fee Award to Class Counsel, subject to Court approval, of up to One Million Six Hundred Fifty Thousand Dollars ($1,650,000.00), which shall include all attorneys' fees and reimbursement of expenses associated with the Action. Class Counsel has, in turn, agreed to seek no more than this amount from the Court as attorneys' fees and reimbursement of expenses. Defendants shall pay (by wire) to Class Counsel from the Settlement Fund the Fee Award approved by the Court within fourteen (14) days after the Effective Date.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the Fee Award to Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The Court's Order approving the payment of a Fee Award to Class Counsel shall be substantially in the form attached as Exhibit E to this Agreement.

## XII.   JUDGMENT

This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which will grant final approval of this Agreement and among other things shall:

1.    Dismiss the Action with prejudice and without costs, except as contemplated

---

by this Agreement;

       2.     Decree that neither the Judgment nor this Agreement constitutes an admission by Defendants of any liability or wrongdoing whatsoever;

       3.     Bar and enjoin all Settlement Class Members from asserting against any of the Released Parties any and all Released Claims that the Settlement Class Member had, has, or may have in the future;

       4.     Release each Released Party from any Released Claims that are based upon or related to, directly or indirectly, in whole or in part (i) the allegations, facts, subjects, or issues set forth or raised in the Action, or (ii) the Released Conduct;

       5.     Determine that this Agreement is entered into in good faith and represents a fair, reasonable and adequate settlement that is in the best interests of the members of the Settlement Class; and

       6.     Preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

A copy of the form of the proposed Order of Final Judgment agreed to by the Parties is attached hereto as Exhibit D.

## XIII.   <u>REPRESENTATIONS AND WARRANTIES</u>

Each signatory represents and warrants (i) that he, she, or it has all requisite power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated herein, (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (iii) that this Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

## XIV.   NO ADMISSION OF WRONGDOING

This Agreement, whether or not consummated, and any negotiations, proceedings or agreements relating to this Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

1.      Shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof;

2.      Shall not be described as, construed as, offered or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiff; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties; and

3.      Shall not be described as or construed against the Released Parties, Plaintiff, or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Plaintiff or the members of the Settlement Class after trial.

## XV.    MISCELLANEOUS PROVISIONS

**A.      Entire Agreement.** This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

**B.      Governing Law.** This Agreement shall be construed under and governed by the

laws of the State of California, applied without regard to laws applicable to choice of law.

**C.    Execution by Counterparts.** This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent via e-mail shall be treated as original signatures and shall be binding.

**D.    Notices.** Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendants to the attention of Defendants' Counsel of record, or if to Plaintiff or the Settlement Class to Class Counsel, or to other recipients as the Court may specify.

All notices to the Parties or counsel required by this Agreement, except Requests for Exclusion and objections, shall be made in writing and communicated by mail and e-mail to the following addresses:

If to Plaintiff or Class Counsel:

> Jay Edelson
> Rafey S. Balabanian
> Benjamin H. Richman
> Chandler R. Givens
> Edelson McGuire LLC
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654
> Telephone: (312) 589-6370
> Facsimile: (312) 589-6378
> rbalabanian@edelson.com
> brichman@edelson.com

If to Defendants or Defendants' Counsel:

> Maura L. Rees
> Anthony J Weibell
> Wilson Sonsini Goodrich & Rosati
> Professional Corporation
> 650 Page Mill Road
> Palo Alto, California 94304-1050
> Telephone: (650) 493-9300
> Facsimile:  (659) 565-5100
> mrees@wsgr.com
> aweibell@wsgr.com

**E.      Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors and legal representatives of each of the Parties hereto.

**F.      Construction.** For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

**G.      Severability.** The waiver or breach by one Party of any provision of this Agreement shall not be deemed a waiver or breach of any other provision of this Agreement.

**H.      Integration of Exhibits.** The exhibits to this Agreement are an integral and material part of the settlement and are hereby incorporated and made a part of the Agreement.

**I.      Recitals.** The recitals contained in Section I of this Agreement are incorporated into this Agreement and are made a part hereof.

**J.      Headings.** The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

**K.      Enforcement of the Agreement.** In the event of a breach of provisions VI.A, VI.B, VI.C.2, VI.C.3 or XI of the Agreement, any non-breaching Party shall be entitled to bring an action seeking to enforce those provisions in the United States District Court for the Northern District of California. The prevailing Party in any such action to enforce these provisions of the Agreement shall be entitled to recover their reasonable attorneys' fees and expenses incurred in connection with remedying the breach.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

**JAMES GROSS**, individually and on behalf of all others similarly situated,

Dated: 02/09/2013

By (signature): _James E. Gross_

Name (printed): James E. Gross

His (title): _____

**SYMANTEC CORP.**,

Dated: _____

By (signature): _____

Name (printed): _____

Its (title): _____

**PC TOOLS, LTD.**,

Dated: _____

By (signature): _____

Name (printed): _____

Its (title): _____

1

2

3      Dated: _____

4

5

6

7      Dated: 2/12/13

8

9

10

11

12     Dated: _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JAMES GROSS**, individually and on behalf of all
others similarly situated,

By (signature): _____

Name (printed): _____

His (title): _____


**SYMANTEC CORP.,**

By (signature): _____

Name (printed): Joseph FitzGerald

Its (title): SVP, Legal


**PC TOOLS, LTD.,**

By (signature): _____

Name (printed): _____

Its (title): _____

1

2   **JAMES GROSS**, individually and on behalf of all
    others similarly situated,

    Dated: _____

3   By (signature): _____

4   Name (printed): _____

5   His (title): _____

6

7   **SYMANTEC CORP.,**

    Dated: _____

8   By (signature): _____

9   Name (printed): _____

10  Its (title): _____

11  **PC TOOLS, LTD.,**

12  Dated: 2/13/13   By (signature): *Ce. M. Os~*

13  Name (printed): *NORMAN M. OSUMI*

14  Its (title): *SENIOR DIRECTOR - FINANCE*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Gross v. Symantec Corp., et al.*
**Case No. 3:12-cv-00154-CRB (U.S. District Court for the Northern District of California)**

## If you purchased certain Software Products described below between June 1, 2007 and [date of preliminary approval], you may be part of a class action settlement.

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT
AND IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

*(A federal court authorized this notice. It is <u>not</u> a solicitation from a lawyer.)*

Your legal rights are affected whether or not you act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR COMPLETED ONLINE BY [DATE]** | The only way to receive a cash Settlement Benefit. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | Receive no Settlement Benefit. This is the only option that allows you to pursue claims alleged in the Action against the Defendants by filing your own lawsuit at your own expense. |
| **COMMENT BY [DATE]** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **ATTEND A HEARING ON [DATE]** | Ask to speak to the Court about the fairness of the Settlement. *(The date and time of the final Fairness Hearing is subject to change by Court Order. See Section 10 below.)* |
| **DO NOTHING** | Receive only non-cash Settlement Benefits (free software and injunctive relief) and give up your right to sue. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.
- The Court overseeing this case still has to decide whether to approve the Settlement. Payments and other Settlement Benefits will be provided if the Court approves the Settlement and after any appeals are resolved.

1

| **1.   What is this notice and why should I read it?** |
| --- |

This notice is to inform you of the settlement of a class action lawsuit in the case captioned *Gross v. Symantec Corp., et al.*, Case No. 3:12-cv-00154-CRB (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of California. You need not live in California to get a benefit under the Settlement, but you must live in the United States and its territories. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on [date] at [time] at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom [6, 17th Floor] to determine if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the Class Representative. This notice describes the Settlement. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Your legal rights are affected regardless of whether you act.

| **2.   What is a class action lawsuit and what is this lawsuit about?** |
| --- |

A class action is a lawsuit in which one or more plaintiffs—in this case, Plaintiff James Gross ("Plaintiff")—sue on behalf of themselves and other people who allegedly have similar claims. Here, Plaintiff filed a class action complaint against Defendants Symantec Corp. ("Symantec") and PC Tools, Ltd. ("PC Tools") in the Northern District of California on behalf of people who purchased certain of Defendants' Software Products—PC Tools Registry Mechanic, PC Tools Performance Toolkit, and Norton Utilities—alleging that the Software Products did not perform certain functions as advertised. A more complete description of the allegations is set forth in the Second Amended Complaint, which is available on the Settlement Website at [URL].

Although Symantec and PC Tools deny Plaintiff's claims of wrongdoing, the Parties have agreed to settle all claims against Defendants by entering into a written settlement agreement entitled "Stipulation of Class Action Settlement" (the "Agreement"). The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (i.e., the Settlement Class Members) are described in Section 4 below.

The Agreement has already been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed class, the Court has ordered this notice to be disseminated to the Settlement Class and is required to hold a Fairness Hearing to determine whether final approval may be granted to the Settlement, before it can take effect.

The Court has conditionally certified the Settlement Class for settlement purposes, so that Settlement Class Members can be given this notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get

2

the monetary benefit offered by the Settlement. If the Settlement is not granted final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no settlement and no certification of the Settlement Class.

| **3.   Why is there a settlement?** |
|---|

The Court has not decided in favor of either side in the case. The Defendants deny all allegations of wrongdoing or liability against them and assert that their conduct was lawful. The Defendants are settling to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Plaintiff and his attorneys believe that the settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class Members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

| **4.   Who is included in the Settlement?** |
|---|

The Settlement Class includes all individuals and entities residing in the United States and its territories that, prior to [date of preliminary approval], purchased from an authorized seller a license to use any of the following software in the United States and its territories: PC Tools Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0.

| **5.   What does the Settlement provide?** |
|---|

    **A.      Monetary Relief and Free Software.**

       **i.      Payments**.   Defendants have agreed to create an $11,000,000.00 Settlement Fund from which they will make a one-time check payment of nine dollars ($9.00) to each Settlement Class Member who submits a valid Claim Form in accordance with the procedure set forth below if they have purchased Software Product(s) for which they have not already received a full refund. In addition, Defendants have agreed to pay from the Settlement Fund Class Counsel's attorneys' fees and costs not to exceed $1,650,000.00, an incentive award to the Class Representative totaling $2,500.00, and the full administrative costs of the Settlement up to $150,000.00, and half of any additional administrative costs thereafter.

If you are a member of the Settlement Class (defined in the answer to Question No. 4 above), and you choose to stay in the Settlement Class, you can submit a Claim Form to receive a check payment.

       **ii.      Antivirus Software**.  Each Settlement Class Member shall also receive three (3) months of free access to Symantec's proprietary antivirus software known as Norton Antivirus, regardless of whether they submit a Claim Form or have already received a full refund of the money paid to purchase a Software Product.

iii.    **Process.**   To be eligible for a check payment under the Settlement, a Settlement Class Member must affirm in the Claim Form: (1) that he, she or it purchased one or more of the Software Products, and (2) that he, she or it did not previously receive a full refund of all monies paid for the Software Product(s).

You can download a Claim Form from the Settlement Website by going to [URL] and following the instructions provided there. You can also obtain a Claim Form by writing to the Settlement Administrator at [address] or calling toll-free [phone number]. Your Claim Form must be postmarked or electronically submitted by [date].

**B.**    **Prospective Relief.**   As part of the Settlement, the Defendants have agreed that, as soon as practicable, but no later than ninety (90) days from the Effective Date of the Agreement, they will modify the current versions of the respective Software Products to: (i) deactivate the "System Health" meter within the main Graphical User Interface ("GUI") such that a user's System health is reported as "unknown" until after the individual performs a scan with the Software Product to assess the registry and other monitored areas for invalid entries and other uses; (ii) refrain from claiming in the GUI prompt presented to users when upgrading from the trial version to the full version of the Software Products that upgrading will increase the "speed" of the user's computer or will cause the computer to run "faster"; (iii) no longer include representations within the Software Products that any specific errors require "immediate repair"; (iv) no longer describe invalid registry entries as "errors"; and (v) within the Software Products' GUI "Help" section, include documentation that clearly explains the detection and reporting methodologies underlying the operations of the respective Software Products' diagnostic scan.

Defendants have also agreed to develop and publish new documentation that explains, in a clear and concise manner, the meaning of the "System Health" meter and the factors considered in determining a computer's "System Health" as well as describes the potential harm posed by the issues detected, including what is meant by a "High Priority" issue.

## 6.  Who represents the Settlement Class?

**A.**    **Class Representative.**  For purposes of the Settlement, the Court has appointed Plaintiff James Gross to serve as the Class Representative.

**B.**    **Settlement Class Counsel.**  The Court has approved the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens of Edelson McGuire LLC as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in January 2012 to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and actual expenses (including their court costs) in a total amount not to exceed $1,650,000.00. The Defendants have agreed not to oppose Class Counsel's application for an award of attorneys' fees and reimbursable expenses up to $1,650,000.00. If the Court approves the attorneys' fee application, the award will be paid by

Defendants. The Settlement Class Members will not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

| 7.   How can I exclude myself from the Settlement Class? |
| --- |

You can get out of the Settlement Class by "excluding" yourself. If you exclude yourself, you won't be able to submit a Claim Form, and you won't be allowed to claim any of the relief offered by the Settlement. If you exclude yourself from the Settlement Class, you can pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class in *Gross v. Symantec Corp., et al.* Your Request for Exclusion must include your name, address and telephone number, identify the email address you believe was used to purchase, register or activate the Software Products you purchased, and be physically signed with a statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *Gross v. Symantec Corp., et al.*" **Your Request for Exclusion must be postmarked no later than [date], and sent to the Settlement Administrator at the following address: [insert address].**

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not received on time, will not be valid and the person(s) asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Settlement Class Member.

**If you elect to exclude yourself, you will (i) not have any rights as a member of the Settlement Class pursuant to the Agreement, (ii) not be able to receive any Settlement Benefit as provided in the Agreement, (iii) not be bound by any further orders or judgments in this case, and (iv) not be entitled to object to any aspect of the Agreement. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under the Agreement, or no benefit at all.**

| 8.   How can I tell the Court what I think about the Settlement? |
| --- |

**If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so.** Your objection to or comment on the Settlement must be submitted in writing by [date] and **must be sent to the Court and the attorneys for the Parties at the addresses below:**

| **Clerk of the Court** | **Settlement Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court | Jay Edelson | Maura L. Rees |
| U.S. Dist. Ct.. N.D. Cal. | Rafey S. Balabanian | Anthony J Weibell |
| 450 Golden Gate Avenue | Benjamin H. Richman | Wilson Sonsini Goodrich & Rosati |
| San Francisco, CA 94102 | Chandler R. Givens | Professional Corporation |
| | Edelson McGuire LLC | 650 Page Mill Road |
| | 350 N. LaSalle, Suite 1300 | Palo Alto, California 94304-1050 |
| | Chicago, IL 60654 | |

The objection or comment must be in writing and include the case name *Gross v. Symantec Corp., et al.*, Case No. 3:12-cv-00154-CRB, and: (a) the Settlement Class Member's full name and current address; (b) the email address the Settlement Class Member believes was used to purchase, register or activate the Software Product(s) purchased by the Settlement Class Member; (c) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class; (d) the specific grounds for the objection; (e) all documents or writings that the Settlement Class Member desires the Court to consider; and (f) a notice of intention to appear at the Fairness Hearing (if any). The Court will consider all properly filed comments from Settlement Class Members.

If you do not submit a written comment on the Settlement or the application of Class Counsel for an incentive award and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the Fairness Hearing.

If you do not object as described in this notice, and you do not exclude yourself from the Settlement Class, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and, if the Settlement is granted final approval, to have released the Released Claims (defined in the Agreement, available at [URL]).

| **9.   What is the effect of final approval of the Settlement?** |
|---|

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment and dismiss the case as to the Defendants. Claim Forms and payments under the Settlement will then be processed, claims payments will be distributed, and access to the free antivirus software will be distributed. The release by Settlement Class Members will also take effect. All members of the Settlement Class will release, acquit and forever discharge the Defendants and each of the Released Parties from any and all Released Claims (as defined in the Agreement). Please refer to Section V of the Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will <u>not</u> be permitted to continue to assert Released Claims in any other litigation against the Defendants or other

persons and entities covered by the Release. You can obtain a copy of the Agreement from the Clerk of the Court, online at [Settlement Website URL], or by writing to the Settlement Administrator at [address]. If you do not wish to be a Settlement Class Member, you must exclude yourself from the Settlement Class (see No. 7, above).

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes, the Settlement Class will recover more than is provided for under the Agreement, or will recover anything at all.

## 10. When and where will the Court hold a hearing on the fairness of the Settlement?

A Fairness Hearing has been set for [date] at [time], before The Honorable Charles R. Breyer at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom [6, 17th Floor]. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.

**Note:** The date and time of the Fairness Hearing are subject to change by Court Order.

## 11. Do I have to come to the Fairness Hearing? May I speak at the hearing?

You do not need to attend the Fairness Hearing to remain a Settlement Class Member or submit a Claim Form. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses by following the instructions in No. 8 above.

## 12. How do I receive the Settlement Benefits?

If you do not exclude yourself from the Settlement Class, and would like to receive the monetary benefit provided by the Settlement, you must submit a timely and valid Claim Form as set forth in No. 5 above. **Claim Forms must be submitted online or by mail postmarked by [date]**. You can submit an electronic Claim Form online at [URL], or obtain a copy of the Claim Form by downloading it from [URL] or by writing to the Settlement Administrator at: [address] or calling toll-free [phone number].

## 13. What happens if I do nothing at all?

If you do nothing, you will receive no payment under the Settlement, but you will receive three

(3) months of free access to Norton Antivirus. You will also still be part of the Settlement Class and subject to the Release described in Section V of the Agreement. This means you will not be permitted to continue to assert Released Claims in any other case against Defendants or other persons and entities covered by the Release. Please refer to Section V of the Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

| 14. Where can I get additional information? |
| --- |

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Agreement. You can view the Agreement and get more information at [URL]. You can also get more information by writing to the Settlement Administrator at [address] or calling toll-free [number]. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of California (San Francisco Division), at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

If you would like additional information, you can also write to Class Counsel at the address listed in No. 8 above.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.**

# Exhibit B

*Gross v. Symantec Corp., et al.,* **Case No. 3:12-cv-00154-CRB (N.D. Cal.)**
**CLAIM FORM**

**NOTE: If you are a Settlement Class Member and believe you are entitled to receive a cash payment for the Software Product(s) you purchased from Symantec Corp. and/or PC Tools, Ltd., you must complete this Claim Form pursuant to the terms of the Settlement Agreement. For your claim to be considered valid, you must provide the information requested below, including your signature (or electronic verification). Your claim form <u>must be postmarked or completed online on or before</u> [date].**

**Instructions for completing this form are found below**. Please fill out the information below completely. If the information you provide is insufficient to determine whether you are a Settlement Class Member, your claim may be rejected.

Name: _____

Address: _____

Email Address (to which the Settlement Notice was sent): _____

Phone Number (Optional. The Settlement Administrator may call you for additional information to process your claim, if necessary): _____

Please note that the term "Software Products" refers to PC Tools Registry Mechanic and PC Tools Performance Toolkit software, and Norton Utilities software versions 14.0 through 16.0, purchased from an authorized seller during the period June 1, 2007 through [date of preliminary approval].

These products and services are described in more detail on the Settlement Website at [URL].

**PRODUCT PURCHASE INFORMATION:**

        1.     I, _____ (your name), submit this declaration.

        2.     I paid for the following Software Products (name of Software Products): _____

_____
_____

        3.     Have you received a full refund of the money you paid for the Software Product(s) listed in No. 2 above? (Yes <u>or</u> No): _____

_____

    \*\*\*If you have already received a full refund of the money you paid for the Software Product(s) listed above, you are not entitled to any additional payment under this Settlement.\*\*\*

The Parties have the right to audit all claims for accuracy, veracity and compliance with the terms and conditions of the settlement Agreement.

I declare under penalty of perjury of the laws of the United States that all of the foregoing information I have provided is true and correct.

Dated: _____, 20____.       _____

**INSTRUCTIONS FOR COMPLETION OF THIS CLAIM FORM:**

1.      Please print or type all information legibly and carefully. If and when the Settlement receives final approval from the Court and any appeals of such determination have been resolved in favor of approval of the Settlement, a check will be sent to all Settlement Class Members whose names appear on a valid Claim Form. An e-mail with instructions about how to obtain three (3) months of free access to Symantec's Norton Antivirus software will be sent to all Settlement Class Members.

2.      You may submit a claim only if you paid for one or more of the Software Products listed above during the period June 1, 2007 through [date of preliminary approval].

3.      If your claim is valid and timely, and you have not already received a full refund of the money you paid for the Software Product(s) you purchased, you may recover a one-time payment of $9.00.

# Exhibit C

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated, | Case No. 3:12-cv-00154-CRB |
| *Plaintiff,* | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |
| *v.* | |
| SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company, | Judge: Honorable Charles R. Breyer<br>Action Filed: January 10, 2012 |
| *Defendants.* | |

This matter having come before the Court on Plaintiff's motion for preliminary approval (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff James Gross and Defendants Symantec Corp. and PC Tools, Ltd. (collectively, "Defendants"), pursuant to the Parties' Stipulation of Class Action Settlement (the "Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.      Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Agreement.

2.      The Court has conducted a preliminary evaluation of the Settlement set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is cause to believe that the Settlement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, and (iii) the notice of the material terms of the Settlement to Settlement Class Members for their consideration and reaction is warranted. Therefore, the Court grants preliminary approval of the Settlement.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All individuals and entities residing in the United States and its territories that, prior to the date of this Order, purchased from an authorized seller a license to use any of the following software in the United States and its territories: PC Tools Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0.

4.      For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiff James Gross as Class Representative.

5.      For settlement purposes only, the Court hereby preliminarily approves the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman, and Chandler R. Givens of Edelson McGuire LLC, as Class Counsel.

6. On [date] at [time] or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement and to determine whether (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiff, should be granted, and in what amount. No later than the date fourteen (14) days prior to the date for Settlement Class Members to comment in support of or in opposition to the Settlement (as set forth below), Plaintiff shall file his papers in support of Class Counsel's application for attorneys' fees and expenses, and an incentive award to him as Class Representative. No later than the date twenty-eight (28) days prior to the Fairness Hearing, Plaintiff must file his papers in support of final approval of the Settlement and in response to any objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than the date twenty-eight (28) days prior to the Fairness Hearing.

7. Pursuant to the Agreement, Epiq Systems is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order. To aid in the efficient submission of Claim Forms, the Agreement provides for Settlement Class Members to submit Claim Forms online without the need for a manual signature. However, by submitting an online Claim Form, such Settlement Class Members shall be bound to the same extent as if they had used a manual signature.

8. The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by e-mail and establishing a Settlement Website, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than twenty-eight (28) days following the entry of this Preliminary Approval Order and in accordance with the terms of the Agreement.

9. All persons who meet the definition of the Settlement Class and who wish to

exclude themselves from the Settlement Class must submit their Request for Exclusion in writing, identifying the case name *Gross v. Symantec Corp., et al.*, and state the name, address and telephone number of the Settlement Class Member(s) seeking exclusion as well as the email address the Settlement Class Member(s) believes was used to purchase, register or activate the Software Products purchased. Each Request for Exclusion must also be physically signed with a statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *Gross v. Symantec Corp., et al*." The request must be mailed to the Settlement Administrator at the address provided in the notice and postmarked no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. A Request for Exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the notice, or that is not received within the time specified, shall be invalid and any person(s) serving such a request shall be deemed a member of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement. The Settlement Administrator shall promptly forward copies of all Requests for Exclusion to Class Counsel and Defendants' Counsel.

10.     Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however*, that all comments and objections must be filed with the Court and received by Class Counsel and Defendants' Counsel prior to the Fairness Hearing. A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her or its comment to be considered by the Court; however, all papers, briefs, pleadings, or other documents that any objector would like the Court to consider ("Objections") must be filed with the Court, with a copy postmarked to Class Counsel and Defendants' Counsel, no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. All Objections shall include the caption *Gross v. Symantec Corp.*, *et al.*, No. 3:12-cv-00154-CRB, and provide: (i) the Settlement Class Member's full name and current address; (ii) the email address the Settlement Class Member believes was used to purchase, register

or activate the Software Products purchased, (iii) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class; (iv) the specific grounds for the objection; (v) all documents or writings that such Settlement Class Member desires the Court to consider; and (vi) a notice of intention to appear at the Fairness Hearing (if any).

11.      Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding. While the declaration described in subparagraph 10(iii) is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiff or Defendants or both may take discovery regarding the matter, subject to Court approval. If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for an incentive award and attorneys' fees and expenses in accordance with the deadline and procedure set forth in the notice, and the Settlement Class Member is not granted relief by the Court, the Settlement Class Member will be deemed to have waived his, her or its right to be heard at the Fairness Hearing.

12.      The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent the Parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

13.      The certification of the Settlement Class shall be binding only with respect to the

settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this _____day of _____, 2013.

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

# Exhibit D

1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**
10         **NORTHERN DISTRICT OF CALIFORNIA**
11         **SAN FRANCISCO DIVISION**
12

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated, | Case No. 3:12-cv-00154-CRB |
| *Plaintiff*, | **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| *v.* | |
| SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company, | Judge: Honorable Charles R. Breyer Action Filed: January 10, 2012 |
| *Defendants*. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1      The Court, having considered Plaintiff's Motion for Final Approval (the "Motion for Final

2  Approval") of a proposed class action settlement of the above-captioned action (the "Action")

3  between Plaintiff James Gross and Defendants Symantec Corp. and PC Tools, Ltd. (collectively,

4  "Defendants"), pursuant to the Parties' Stipulation of Class Action Settlement (the "Agreement"),

5  and having duly considered the papers and arguments of counsel, Plaintiff's Motion is hereby

6  GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

7      1.      Unless defined herein, all capitalized terms in this Order shall have the respective

8  meanings ascribed to them in the Agreement.

9      2.      This Court has jurisdiction over the subject matter of the Action and over all Parties

10  to the Action, including all Settlement Class Members.

11      3.      On [date], this Court preliminarily approved the Settlement and certified, for

12  settlement purposes, the Settlement Class consisting of:

13      All individuals and entities residing in the United States and its territories that, prior
14      to [date of preliminary approval], purchased from an authorized seller a license to
        use any of the following software in the United States and its territories: PC Tools
        Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007,
15      and Norton Utilities 14.0 through 16.0.

16      4.      The persons listed on Addendum A hereto are found to have validly excluded

17  themselves from the Settlement Class in accordance with the provisions of the Preliminary

18  Approval Order.

19      5.      This Court now affirms certification of the Settlement Class and gives final

20  approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate,

21  and in the best interests of the Settlement Class. The complex legal and factual posture of this case,

22  and the fact that the Settlement Agreement is the result of arms' length negotiations presided over

23  by a neutral mediator support this finding. The Settlement consideration provided under the

24  Agreement constitutes fair value given in exchange for the release of the Released Claims against

25  the Released Parties. The Court finds that the consideration to be paid to members of the

26  Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses

27

28

asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

6.      The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.  The preliminary appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens as Class Counsel is hereby confirmed.

7.      Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.  Defendants are hereby ordered to implement and comply with the Settlement Agreement regarding the injunctive relief made available to the Settlement Class Members. Defendants shall pay the Fee Award and Incentive Award, as set forth in the accompanying Order Approving Fees and Incentive Award, pursuant to and in the manner provided by the terms of the Settlement Agreement.

8.      Other than as set forth in the accompanying Order Approving Fees and Incentive Award, the Parties shall bear their own costs and attorneys' fees.

9.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the notice, which included direct e-mail notice and the creation of a Settlement Website, fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process, and constituted the best notice practicable under the circumstances.

10.     The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

11.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the action on the merits and with prejudice.

12.     This judgment has been entered without any admission by Defendants of liability or as to the merits of any of the allegations in Plaintiff's Second Amended Complaint.

13.     The Parties and Settlement Class Members are bound by the terms and conditions of the Agreement. Upon the Effective Date of this settlement, Plaintiffs and each and every Settlement Class Member shall be deemed to have released, acquitted and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

14.     Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, Releasing Parties, and their heirs, executors, and administrators, successors, and assigns. All Settlement Class Members who have not been properly excluded from the Settlement Class shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

15.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of the Settlement, including without limitation, issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over the Parties to this Agreement, including Defendants and all Settlement Class Members regarding the Agreement and this Final Judgment Order. Defendants, Plaintiff, and Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, and the Agreement, including, but not limited to, the applicability of the Released Claims, this Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute

a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

17. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

18. Based upon the Court's finding that there is no just reason for delay of enforcement

or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED** this _____ day of _____, 2013.

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

# Exhibit E

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company,<br><br>*Defendants.* | Case No. 3:12-cv-00154-CRB<br><br>**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND INCENTIVE AWARD**<br><br>Judge: Honorable Charles R. Breyer<br>Action Filed: January 10, 2012 |

The Court, having considered Plaintiff's Motion for an Award of Attorneys' Fees and Incentive Award (the "Motion"), the lack of opposition from Defendants Symantec Corporation ("Symantec") and PC Tools, Ltd. ("PC Tools") (Plaintiff and the Defendants are collectively referred to as the "Parties"), any and all objections thereto, and all other relevant factors, hereby makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Pursuant to Rules 23(h)(3) and 52(a) of the Federal Rules of Civil Procedure, the Court makes the following findings of fact:

1.      On [date], 2013, the Parties entered into a Stipulation of Class Action Settlement (the "Agreement").

2.      Unless otherwise defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to them in the Parties' Agreement.

3.      On [date], 2013, the Court entered an Order preliminarily approving the Parties' settlement ("Preliminary Approval Order"), directing that Notice be provided to the Settlement Class, scheduling a Fairness Hearing to determine whether to finally approve the settlement, to finally certify the Settlement Class, and to award attorneys' fees, expenses and/or an incentive award, and to consider any objections properly and timely presented. (Dkt. xx.)

4.      In the Court's Preliminary Approval Order, the Court appointed Plaintiff's counsel, Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens, all of Edelson McGuire LLC, to serve as Class Counsel on behalf of the Settlement Class. (*Id.*)

5.      Notice has been provided to the Settlement Class in accordance with the Preliminary Approval Order, disclosing the maximum amount that Class Counsel would seek in a Fee Award and an incentive award to Plaintiff as Class Representative.

6.      Pursuant to the Preliminary Approval Order, and as set forth in the Notice, any objections to Class Counsel's petition for a Fee Award and incentive award were to be filed and served by [date], 2013.

7.      The Court held a Fairness Hearing on [date], 2013, at which all interested persons were given the opportunity to be heard. The Court heard and considered all submissions in connection with Class Counsel's request for a Fee Award and incentive award, and the proposed Settlement, including the arguments of counsel and any timely filed valid objections.

8.      There, the Court found that the settlement was negotiated at arms-length, with the assistance of a well-respected third-party mediator, by experienced counsel who did not put their interests ahead of the Settlement Class, as evidenced by the fact that all Settlement Benefits to the Settlement Class were agreed upon prior to the Parties' negotiations regarding a Fee Award to Class Counsel and an incentive award to Plaintiff as Class Representative. Thus, the Court finds that the Agreement was reached in good faith, is in the best interests of the Settlement Class, and is free of any collusion or other improper motive.

9.      Accordingly, the Court entered a Final Judgment Order on [date], 2013, fully and finally approving the Parties' settlement as fair, reasonable and adequate, finally certifying the Settlement Class, and forever releasing the Released Parties as to the Released Claims.

10.     Class Counsel has expended substantial time and effort in their prosecution of the claims at issue in this Action on behalf of Plaintiff and the Settlement Class.

11.     Plaintiff is entitled to reasonable attorneys' fees in the amount of [xx]% of the $11,000,000 Settlement Fund, or $[amount], which amount includes Plaintiff's reasonable expenses incurred by Class Counsel in the Action. Plaintiff's request for a Fee Award is reasonable under both the "common fund" percentage of recovery analysis and under the lodestar cross-check method, given that: (a) the requested fee represents [xx]% of the Settlement Fund, which is below the 25% benchmark "common fund" award in the Ninth Circuit; (b) the number of hours that Class Counsel devoted to the Action is reasonable; (c) Class Counsel's hourly rates are reasonable and have previously been approved by other courts throughout the country; and (d) Plaintiff's request for a Fee Award is reasonable considering the time and labor required of Class Counsel, the risks

that they would recover nothing, the novelty and complexity of the claims at issue, Class Counsel's skill and experience, and the results obtained through the settlement.

12.     Plaintiff initiated the Action, acted to protect the interests of the Settlement Class, and assisted Class Counsel, which efforts have resulted in an Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class.

13.     Thus, Plaintiff as Class Representative, is entitled to an incentive award for his time and efforts in these proceedings in the amount of $[amount].

## CONCLUSIONS OF LAW

Pursuant to Rules 23(h)(3) and 52(a) of the Federal Rules of Civil Procedure, the Court makes the following conclusions of law:

14.     Rule 23 of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

15.     In awarding attorneys' fees and costs under Rule 23(h), the Court may hold a hearing and must make findings of fact and state its legal conclusions. *See* Fed. R. Civ. P. 23(h)(3).

16.     In "common fund" cases, such as this, the Court has the discretion to award a plaintiff's attorneys' fees as either a percentage of the common fund, or by using the lodestar method. *See In re Bluetooth*, 654 F.3d 935, 942 (9th Cir. 2011) (citing *In re Mercury Interactive Corp.*, 618 F.3d at 992); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989)

17.     In the Ninth Circuit, the "benchmark" award in common fund cases is 25% of the recovery obtained. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

18.     The Court may also apply the lodestar method to determine a reasonable attorneys' fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee amount calculated under the lodestar method is presumptively reasonable. *Id*. In common fund cases, the lodestar method may also be

1   used as a cross-check of the percentage of recovery method. *See In re Bluetooth*, 654 F.3d at 942.

2   Counsel's total lodestar amount may include work performed by litigation support staff as well.

3   *See Mogck v. Unum Life Ins. Co. of Am.*, 289 F. Supp. 2d 1181, 1190-91, 1194 (S.D. Cal. 2003)

4   (granting attorneys' fees under lodestar/multiplier approach for attorney, paralegal and secretarial

5   staff hours) (citing *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1387 (9th Cir.

6   1990)).

7       19.     In deciding an appropriate attorneys' fee award under the lodestar method, courts

8   should consider a number of factors, including *inter alia*, the time and labor required of counsel,

9   the novelty and complexity of the litigation, the skill and experience of counsel, the contingent

10  nature of the case, and the results obtained. *See Blum v. Stenson*, 465 U.S. 866, 898-900 (1984);

11  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

12      20.     Further, incentive awards are also typical in class action cases. *Rodriguez v. West*

13  *Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Although the amounts of incentive awards

14  granted by courts vary, it is not uncommon for a court to award a class representative several

15  thousand dollars. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir.

16  2000) (approving incentive award of $5,000); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241,

17  253 (D.N.J. 2009) (approving incentive award of $10,000).

18                                      **ORDER**

19      Now, therefore, good cause appearing, it is HEREBY ORDERED, ADJUDGED, AND

20  DECREED:

21      21.     This Court has jurisdiction over the subject matter of Plaintiff's application for a

22  Fee Award and incentive award, and all matters relating thereto.

23      22.     Due and adequate notice of the maximum Fee Award and incentive award that

24  Class Counsel would request was directed to all persons who were reasonably identifiable

25  Settlement Class Members, advising them of their right to object thereto or request exclusion from

26  the settlement.

27

28

23.     The Court hereby awards Class Counsel a Fee Award in the amount of $[amount]. For the reasons stated above, the Court finds that this amount is fair and reasonable under either the percentage of recovery method or lodestar method.

24.     The Court further awards Plaintiff as Class Representative an incentive award in the amount of $[amount]. For the reasons stated above, the Court finds that this amount is reasonable in light of Plaintiff's service in these proceedings.

25.     All such payments are to be made in accordance with the terms of the Agreement.


**IT IS SO ORDERED** this _____ day of _____, 2013.


_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

### SAN FRANCISCO DIVISION

11

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated, | Case No. 3:12-cv-00154-CRB |
| *Plaintiff*, | **ADDENDUM TO STIPULATION OF CLASS ACTION SETTLEMENT** |
| *v.* | |
| SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company, | Judge: Honorable Charles R. Breyer Action Filed: January 10, 2012 |
| *Defendants*. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Addendum to Stipulation of Class Action Settlement (the "Addendum") is entered by and among Plaintiff James Gross ("Gross" or "Plaintiff") for himself individually and on behalf of the Settlement Class, and Defendants Symantec Corporation ("Symantec") and PC Tools, Ltd. ("PC Tools") (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties").[1]  The provisions of this Addendum shall be deemed a part of and shall supersede any conflicting or inconsistent provisions contained in the Settlement Agreement. Except as expressly modified by this Addendum, all provisions of the Settlement Agreement shall remain unmodified and in full force and effect.

WHEREAS, a hearing on Plaintiff's motion for preliminary approval of the Settlement Agreement was held before the Court on April 19, 2013, at which the Court held that it would not grant preliminary approval of the Settlement Agreement unless it were amended to grant the Court discretion to designate for cy pres distribution a portion of the Settlement Fund equal to or less than the difference between the actual Fee Award granted by the Court and the maximum allowable Fee Award set forth in the Agreement, to the extent the Court does not grant the maximum allowable Fee Award to Class Counsel;

NOW THEREFORE, the Parties hereby stipulate and agree that the Settlement Agreement is amended as follows:

## I.    AMENDMENT TO SECTION XI OF THE AGREEMENT

The following shall be inserted as Section XI.C of the Agreement:

**C.**    **The Potential Cy Pres Component.**  If the Court approves a Fee Award that is less than the maximum amount set forth in Section XI.B, the Court shall have discretion to designate for cy pres distribution a portion of the Settlement Fund equal to or less than the difference between the actual Fee Award and the maximum allowable Fee Award set forth in Section XI.B. No later than the date fourteen (14) days prior to the date for Settlement Class Members to comment in support of or in opposition to the Settlement, the Parties shall jointly submit to the

---

[1]      Except as otherwise specified, defined terms shall have the meanings set forth in the Agreement.

1   Court a list of proposed recipients of any potential cy pres distribution, including any proposals for

2   allocation among cy pres recipients.  Defendants shall make any cy pres distributions designated

3   by the Court within thirty (30) days after the Effective Date.  The Court's exercise of its discretion

4   to designate some, all, or no portion of the maximum allowable Fee Award for cy pres distribution

5   shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

6   In making reports or public statements regarding its charitable contributions, Symantec may

7   include in its totals any amounts distributed to cy pres recipients under the Agreement, and is not

8   obligated to specifically make reference to the Action, the Agreement, or the context in which

9   those distributions were made, when making such statements.

10  **II.      AMENDMENTS TO THE EXHIBITS TO THE AGREEMENT**

11          Exhibits A, C, D, and E to the Agreement shall be stricken and replaced by the attached

12  amended Exhibits A, C, D, and E.

13                                    *        *        *

14          IN WITNESS WHEREOF, each of the Parties hereto has caused this Addendum to be

15  executed on its behalf by its duly authorized representative or counsel of record, all as of the day

16  set forth below.

17

18                                     **JAMES GROSS**, individually and on behalf of all
                                       others similarly situated.

19  Dated: 5/20/13                     By (signature): _____

20                                     Name (printed): Rafey S. Balabanian

21                                     His (title): Attorney

22

23                                     **SYMANTEC CORP.**,

24  Dated: 5/16/2013                   By (signature): _____

25                                     Name (printed): Hillary Weingast

26                                     Its (title): Vice President, Legal

27

28

ADDENDUM TO STIPULATION OF                    3                    CASE NO. 3:12-cv-00154-CRB
CLASS ACTION SETTLEMENT

1

2

Dated: **May 16, 2012**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PC TOOLS, LTD.**

By (signature): _C. M. O_____

Name (printed): _NORMAN M. OSUMI_

Its (title): _SENIOR DIRECTOR_

---

ADDENDUM TO STIPULATION OF                4                CASE NO. 3:12-cv-00154-CRB
CLASS ACTION SETTLEMENT

# Exhibit A

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Gross v. Symantec Corp., et al.*
**Case No. 3:12-cv-00154-CRB (U.S. District Court for the Northern District of California)**

## If you purchased certain Software Products described below between June 1, 2007 and [date of preliminary approval], you may be part of a class action settlement.

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT
AND IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE
SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

*(A federal court authorized this notice. It is <u>not</u> a solicitation from a lawyer.)*

Your legal rights are affected whether or not you act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR COMPLETED ONLINE BY [DATE]** | The only way to receive a cash Settlement Benefit. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | Receive no Settlement Benefit. This is the only option that allows you to pursue claims alleged in the Action against the Defendants by filing your own lawsuit at your own expense. |
| **COMMENT BY [DATE]** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **ATTEND A HEARING ON [DATE]** | Ask to speak to the Court about the fairness of the Settlement. *(The date and time of the final Fairness Hearing is subject to change by Court Order. See Section 10 below.)* |
| **DO NOTHING** | Receive only non-cash Settlement Benefits (free software and injunctive relief) and give up your right to sue. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.
- The Court overseeing this case still has to decide whether to approve the Settlement. Payments and other Settlement Benefits will be provided if the Court approves the Settlement and after any appeals are resolved.

1

| 1.   What is this notice and why should I read it? |
| --- |

This notice is to inform you of the settlement of a class action lawsuit in the case captioned *Gross v. Symantec Corp., et al.*, Case No. 3:12-cv-00154-CRB (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of California. You need not live in California to get a benefit under the Settlement, but you must live in the United States and its territories. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on [date] at [time] at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom [6, 17th Floor] to determine if the Settlement is fair, reasonable and adequate, to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the Class Representative, and to consider whether a portion of the maximum allowable Fee Award to Class Counsel should be designated for distribution to one or more charitable organizations, and in what amount. This notice describes the Settlement. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Your legal rights are affected regardless of whether you act.

| 2.   What is a class action lawsuit and what is this lawsuit about? |
| --- |

A class action is a lawsuit in which one or more plaintiffs—in this case, Plaintiff James Gross ("Plaintiff")—sue on behalf of themselves and other people who allegedly have similar claims. Here, Plaintiff filed a class action complaint against Defendants Symantec Corp. ("Symantec") and PC Tools, Ltd. ("PC Tools") in the Northern District of California on behalf of people who purchased certain of Defendants' Software Products—PC Tools Registry Mechanic, PC Tools Performance Toolkit, and Norton Utilities—alleging that the Software Products did not perform certain functions as advertised. A more complete description of the allegations is set forth in the Second Amended Complaint, which is available on the Settlement Website at [URL].

Although Symantec and PC Tools deny Plaintiff's claims of wrongdoing, the Parties have agreed to settle all claims against Defendants by entering into a written settlement agreement entitled "Stipulation of Class Action Settlement" (the "Agreement"). The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (i.e., the Settlement Class Members) are described in Section 4 below.

The Agreement has already been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed class, the Court has ordered this notice to be disseminated to the Settlement Class and is required to hold a Fairness Hearing to determine whether final approval may be granted to the Settlement, before it can take effect.

The Court has conditionally certified the Settlement Class for settlement purposes, so that Settlement Class Members can be given this notice and the opportunity to exclude themselves

from the Settlement Class, voice their support or opposition to the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get the monetary benefit offered by the Settlement. If the Settlement is not granted final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no settlement and no certification of the Settlement Class.

### 3.  Why is there a settlement?

The Court has not decided in favor of either side in the case. The Defendants deny all allegations of wrongdoing or liability against them and assert that their conduct was lawful. The Defendants are settling to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Plaintiff and his attorneys believe that the settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class Members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

### 4.  Who is included in the Settlement?

The Settlement Class includes all individuals and entities residing in the United States and its territories that, prior to [date of preliminary approval], purchased from an authorized seller a license to use any of the following software in the United States and its territories: PC Tools Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0.

### 5.  What does the Settlement provide?

#### A.    Monetary Relief and Free Software.

      **i.    Payments**.  Defendants have agreed to create an $11,000,000.00 Settlement Fund from which they will make a one-time check payment of nine dollars ($9.00) to each Settlement Class Member who submits a valid Claim Form in accordance with the procedure set forth below if they have purchased Software Product(s) for which they have not already received a full refund. In addition, Defendants have agreed to pay from the Settlement Fund Class Counsel's attorneys' fees and costs not to exceed $1,650,000.00 (and any difference between the amount of attorneys' fees awarded by the Court and $1,650,000.00 to appropriate charitable organizations), an incentive award to the Class Representative totaling $2,500.00, and the full administrative costs of the Settlement up to $150,000.00, and half of any additional administrative costs thereafter.

If you are a member of the Settlement Class (defined in the answer to Question No. 4 above), and you choose to stay in the Settlement Class, you can submit a Claim Form to receive a check payment.

      **ii.    Antivirus Software**.  Each Settlement Class Member shall also receive three (3) months of free access to Symantec's proprietary antivirus software known as

Norton Antivirus, regardless of whether they submit a Claim Form or have already received a full refund of the money paid to purchase a Software Product.

       **iii.**    **Process.**  To be eligible for a check payment under the Settlement, a Settlement Class Member must affirm in the Claim Form: (1) that he, she or it purchased one or more of the Software Products, and (2) that he, she or it did not previously receive a full refund of all monies paid for the Software Product(s).

You can download a Claim Form from the Settlement Website by going to [URL] and following the instructions provided there. You can also obtain a Claim Form by writing to the Settlement Administrator at [address] or calling toll-free [phone number]. Your Claim Form must be postmarked or electronically submitted by [date].

       **B.**    **Prospective Relief.**  As part of the Settlement, the Defendants have agreed that, as soon as practicable, but no later than ninety (90) days from the Effective Date of the Agreement, they will modify the current versions of the respective Software Products to: (i) deactivate the "System Health" meter within the main Graphical User Interface ("GUI") such that a user's System health is reported as "unknown" until after the individual performs a scan with the Software Product to assess the registry and other monitored areas for invalid entries and other uses; (ii) refrain from claiming in the GUI prompt presented to users when upgrading from the trial version to the full version of the Software Products that upgrading will increase the "speed" of the user's computer or will cause the computer to run "faster"; (iii) no longer include representations within the Software Products that any specific errors require "immediate repair"; (iv) no longer describe invalid registry entries as "errors"; and (v) within the Software Products' GUI "Help" section, include documentation that clearly explains the detection and reporting methodologies underlying the operations of the respective Software Products' diagnostic scan.

Defendants have also agreed to develop and publish new documentation that explains, in a clear and concise manner, the meaning of the "System Health" meter and the factors considered in determining a computer's "System Health" as well as describes the potential harm posed by the issues detected, including what is meant by a "High Priority" issue.

| **6.   Who represents the Settlement Class?** |
| --- |

       **A.**    **Class Representative.**  For purposes of the Settlement, the Court has appointed Plaintiff James Gross to serve as the Class Representative.

       **B.**    **Settlement Class Counsel.**  The Court has approved the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens of Edelson LLC as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in January 2012 to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and actual expenses (including their court costs) in a

total amount not to exceed $1,650,000.00. The Defendants have agreed not to oppose Class Counsel's application for an award of attorneys' fees and reimbursable expenses up to $1,650,000.00. If the Court approves the attorneys' fee application, the award will be paid by Defendants. The Settlement Class Members will not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

In the event that the Court does not award the full $1,650,000.00 in attorneys' fees, it will determine whether the difference between the amount actually awarded and $1,650,000.00 (or a portion of the difference) should be distributed to charitable organizations that will be proposed to the Court by the Parties, and in what amount.

| **7.  How can I exclude myself from the Settlement Class?** |
|---|

You can get out of the Settlement Class by "excluding" yourself. If you exclude yourself, you won't be able to submit a Claim Form, and you won't be allowed to claim any of the relief offered by the Settlement. If you exclude yourself from the Settlement Class, you can pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class in *Gross v. Symantec Corp., et al.* Your Request for Exclusion must include your name, address and telephone number, identify the email address you believe was used to purchase, register or activate the Software Products you purchased, and be physically signed with a statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *Gross v. Symantec Corp., et al.*" **Your Request for Exclusion must be postmarked no later than [date], and sent to the Settlement Administrator at the following address: [insert address].**

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not received on time, will not be valid and the person(s) asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Settlement Class Member.

**If you elect to exclude yourself, you will (i) not have any rights as a member of the Settlement Class pursuant to the Agreement, (ii) not be able to receive any Settlement Benefit as provided in the Agreement, (iii) not be bound by any further orders or judgments in this case, and (iv) not be entitled to object to any aspect of the Agreement. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under the Agreement, or no benefit at all.**

**8. How can I tell the Court what I think about the Settlement?**

**If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so**. Your objection to or comment on the Settlement must be submitted in writing by [date] and **must be sent to the Court and the attorneys for the Parties at the addresses below:**

| Clerk of the Court | Settlement Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court | Jay Edelson | Maura L. Rees |
| U.S. Dist. Ct.. N.D. Cal. | Rafey S. Balabanian | Anthony J Weibell |
| 450 Golden Gate Avenue | Benjamin H. Richman | Wilson Sonsini Goodrich & Rosati |
| San Francisco, CA 94102 | Chandler R. Givens | Professional Corporation |
| | Edelson LLC | 650 Page Mill Road |
| | 350 N. LaSalle, Suite 1300 | Palo Alto, California 94304-1050 |
| | Chicago, IL 60654 | |

The objection or comment must be in writing and include the case name *Gross v. Symantec Corp., et al.*, Case No. 3:12-cv-00154-CRB, and: (a) the Settlement Class Member's full name and current address; (b) the email address the Settlement Class Member believes was used to purchase, register or activate the Software Product(s) purchased by the Settlement Class Member; (c) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class; (d) the specific grounds for the objection; (e) all documents or writings that the Settlement Class Member desires the Court to consider; and (f) a notice of intention to appear at the Fairness Hearing (if any). The Court will consider all properly filed comments from Settlement Class Members.

If you do not submit a written comment on the Settlement or the application of Class Counsel for an incentive award and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the Fairness Hearing.

If you do not object as described in this notice, and you do not exclude yourself from the Settlement Class, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and, if the Settlement is granted final approval, to have released the Released Claims (defined in the Agreement, available at [URL]).

**9. What is the effect of final approval of the Settlement?**

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment and dismiss the case as to the Defendants. Claim Forms and payments under the Settlement will then be processed, claims payments will be distributed, and access to the free antivirus software will be distributed. The release by Settlement Class Members will also take effect. All members of the Settlement Class will release, acquit and forever discharge the

Defendants and each of the Released Parties from any and all Released Claims (as defined in the Agreement). Please refer to Section V of the Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will <u>not</u> be permitted to continue to assert Released Claims in any other litigation against the Defendants or other persons and entities covered by the Release. You can obtain a copy of the Agreement from the Clerk of the Court, online at [Settlement Website URL], or by writing to the Settlement Administrator at [address]. If you do not wish to be a Settlement Class Member, you must exclude yourself from the Settlement Class (see No. 7, above).

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes, the Settlement Class will recover more than is provided for under the Agreement, or will recover anything at all.

### 10. When and where will the Court hold a hearing on the fairness of the Settlement?

A Fairness Hearing has been set for [date] at [time], before The Honorable Charles R. Breyer at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom [6, 17th Floor]. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.

<u>Note</u>:  The date and time of the Fairness Hearing are subject to change by Court Order.

### 11. Do I have to come to the Fairness Hearing? May I speak at the hearing?

You do not need to attend the Fairness Hearing to remain a Settlement Class Member or submit a Claim Form. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses by following the instructions in No. 8 above.

### 12. How do I receive the Settlement Benefits?

If you do not exclude yourself from the Settlement Class, and would like to receive the monetary benefit provided by the Settlement, you must submit a timely and valid Claim Form as set forth in No. 5 above. **Claim Forms must be submitted online or by mail postmarked by [date].** You can submit an electronic Claim Form online at [URL], or obtain a copy of the Claim Form

by downloading it from [URL] or by writing to the Settlement Administrator at: [address] or calling toll-free [phone number].

| 13. What happens if I do nothing at all? |
|---|

If you do nothing, you will receive no payment under the Settlement, but you will receive three (3) months of free access to Norton Antivirus. You will also still be part of the Settlement Class and subject to the Release described in Section V of the Agreement. This means you will not be permitted to continue to assert Released Claims in any other case against Defendants or other persons and entities covered by the Release. Please refer to Section V of the Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

| 14. Where can I get additional information? |
|---|

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Agreement. You can view the Agreement and get more information at [URL]. You can also get more information by writing to the Settlement Administrator at [address] or calling toll-free [number]. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of California (San Francisco Division), at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

If you would like additional information, you can also write to Class Counsel at the address listed in No. 8 above.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.**

# Exhibit C

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated, | Case No. 3:12-cv-00154-CRB |
| *Plaintiff*, | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |
| *v.* | |
| SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company, | Judge: Honorable Charles R. Breyer<br>Action Filed: January 10, 2012 |
| *Defendants*. | |

1       This matter having come before the Court on Plaintiff's motion for preliminary approval

2   (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-

3   captioned action (the "Action") between Plaintiff James Gross and Defendants Symantec Corp.

4   and PC Tools, Ltd. (collectively, "Defendants"), pursuant to the Parties' Stipulation of Class

5   Action Settlement (the "Agreement") and the Addendum to Stipulation of Class Action Settlement

6   (the "Addendum"), and having duly considered the papers and arguments of counsel, the Court

7   hereby finds and orders as follows:

8       1.    Unless defined herein, all defined terms in this Order shall have the respective

9   meanings set forth in the Agreement.

10       2.    The Court has conducted a preliminary evaluation of the Settlement set forth in the

11   Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the

12   Court finds that (i) there is cause to believe that the Settlement is fair, reasonable, and adequate,

13   and within the range of possible approval, (ii) the Settlement has been negotiated in good faith at

14   arms-length between experienced attorneys familiar with the legal and factual issues of this case,

15   and (iii) the notice of the material terms of the Settlement to Settlement Class Members for their

16   consideration and reaction is warranted. Therefore, the Court grants preliminary approval of the

17   Settlement.

18       3.    Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), and for settlement

19   purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

20       All individuals and entities residing in the United States and its territories that, prior

21   to the date of this Order, purchased from an authorized seller a license to use any of the following software in the United States and its territories: PC Tools Registry

22   Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0.

23       4.    For settlement purposes only, the Court hereby preliminarily approves the

24   appointment of Plaintiff James Gross as Class Representative.

25       5.    For settlement purposes only, the Court hereby preliminarily approves the

26   appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman, and Chandler R. Givens

27

28

of Edelson LLC, as Class Counsel.

6.      On [date] at [time] or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement and to determine whether (i) final approval of the Settlement should be granted, (ii) Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiff, should be granted, and in what amount, and (iii) a portion of the maximum allowable Fee Award should be designated for cy pres distribution, and in what amount. No later than the date fourteen (14) days prior to the date for Settlement Class Members to comment in support of or in opposition to the Settlement (as set forth below), Plaintiff shall file his papers in support of Class Counsel's application for attorneys' fees and expenses, and an incentive award to him as Class Representative. No later than the date fourteen (14) days prior to the date for Settlement Class Members to comment in support of or in opposition to the Settlement, the Parties shall jointly submit to the Court a list of proposed recipients of any potential cy pres distribution, including any proposals for allocation among cy pres recipients.  No later than the date twenty-eight (28) days prior to the Fairness Hearing, Plaintiff must file his papers in support of final approval of the Settlement and in response to any objections. Defendants may (but are not required to) file papers in support of final approval of the Settlement, so long as they do so no later than the date twenty-eight (28) days prior to the Fairness Hearing.

7.      Pursuant to the Agreement, Epiq Systems is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order. To aid in the efficient submission of Claim Forms, the Agreement provides for Settlement Class Members to submit Claim Forms online without the need for a manual signature. However, by submitting an online Claim Form, such Settlement Class Members shall be bound to the same extent as if they had used a manual signature.

8.      The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by e-mail and establishing a Settlement Website, as more fully described in the

Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than twenty-eight (28) days following the entry of this Preliminary Approval Order and in accordance with the terms of the Agreement.

9.     All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their Request for Exclusion in writing, identifying the case name *Gross v. Symantec Corp., et al.*, and state the name, address and telephone number of the Settlement Class Member(s) seeking exclusion as well as the email address the Settlement Class Member(s) believes was used to purchase, register or activate the Software Products purchased. Each Request for Exclusion must also be physically signed with a statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *Gross v. Symantec Corp., et al.*" The request must be mailed to the Settlement Administrator at the address provided in the notice and postmarked no later than sixty (60) days following the date that the Settlement Class Notice is first disseminated to the Settlement Class. A Request for Exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the notice, or that is not received within the time specified, shall be invalid and any person(s) serving such a request shall be deemed a member of the Settlement Class, and shall be bound as a Settlement Class Member(s) by the Settlement. The Settlement Administrator shall promptly forward copies of all Requests for Exclusion to Class Counsel and Defendants' Counsel.

10.     Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however*, that all comments and objections must be filed with the Court and received by Class Counsel and Defendants' Counsel prior to the Fairness Hearing. A Settlement Class Member who objects to the Settlement need not appear at the Fairness Hearing for his, her or its comment to be considered by the Court; however, all papers, briefs, pleadings, or

1   other documents that any objector would like the Court to consider ("Objections") must be filed

2   with the Court, with a copy postmarked to Class Counsel and Defendants' Counsel, no later than

3   sixty (60) days following the date that the Settlement Class Notice is first disseminated to the

4   Settlement Class. All Objections shall include the caption *Gross v. Symantec Corp., et al.*, No.

5   3:12-cv-00154-CRB, and provide: (i) the Settlement Class Member's full name and current

6   address; (ii) the email address the Settlement Class Member believes was used to purchase, register

7   or activate the Software Products purchased, (iii) a signed declaration that he or she believes

8   himself or herself to be a member of the Settlement Class; (iv) the specific grounds for the

9   objection; (v) all documents or writings that such Settlement Class Member desires the Court to

10  consider; and (vi) a notice of intention to appear at the Fairness Hearing (if any).

11          11.     Any Settlement Class Member who fails to object in the manner prescribed herein

12  shall be deemed to have waived his, her or its objections and forever be barred from making any

13  such objections in this Action or in any other action or proceeding. While the declaration described

14  in subparagraph 10(iii) is *prima facie* evidence that the objector is a member of the Settlement

15  Class, Plaintiff or Defendants or both may take discovery regarding the matter, subject to Court

16  approval. If a Settlement Class Member does not submit a written comment on the proposed

17  Settlement or the application of Class Counsel for an incentive award and attorneys' fees and

18  expenses in accordance with the deadline and procedure set forth in the notice, and the Settlement

19  Class Member is not granted relief by the Court, the Settlement Class Member will be deemed to

20  have waived his, her or its right to be heard at the Fairness Hearing.

21          12.     The Agreement and the proceedings and statements made pursuant to the

22  Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and

23  shall not in any event be construed as, offered in evidence as, received in evidence as, and/or

24  deemed to be evidence of a presumption, concession, or an admission of any kind by any of the

25  Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been,

26  could have been, or in the future might be asserted in the Action, any other litigation, court of law

27

28

1  or equity, proceeding, arbitration, tribunal, investigation, government action, administrative

2  proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of

3  the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing

4  contained herein shall be construed to prevent the Parties from offering the Agreement into

5  evidence for the purposes of enforcement of the Agreement.

6         13.    The certification of the Settlement Class shall be binding only with respect to the

7  settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or is

8  not approved in all material respects by the Court, or such approval is reversed, vacated, or

9  modified in any material respect by this or any other court, the certification of the Settlement Class

10  shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been

11  certified (including Defendants' right to oppose any subsequent motion for class certification), and

12  no reference to the Settlement Class, the Agreement, or any documents, communications, or

13  negotiations related in any way thereto shall be made for any purpose.

14

15         **IT IS SO ORDERED** this ____day of _____, 2013.

16

17
                                    _____
18                                  HONORABLE CHARLES R. BREYER
                                    UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28

# Exhibit D

1

2

3

4

5

6

7

8

9              **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11               **SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated, | Case No. 3:12-cv-00154-CRB |
|         *Plaintiff,* | **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| v. | |
| SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company, | Judge: Honorable Charles R. Breyer<br>Action Filed: January 10, 2012 |
|         *Defendants.* | |

19

20

21

22

23

24

25

26

27

28

1    The Court, having considered Plaintiff's Motion for Final Approval (the "Motion for Final

2    Approval") of a proposed class action settlement of the above-captioned action (the "Action")

3    between Plaintiff James Gross and Defendants Symantec Corp. and PC Tools, Ltd. (collectively,

4    "Defendants"), pursuant to the Parties' Stipulation of Class Action Settlement and the Addendum

5    to Stipulation of Class Action Settlement (the "Agreement"), and having duly considered the

6    papers and arguments of counsel, Plaintiff's Motion is hereby GRANTED and it is hereby

7    ORDERED, ADJUDGED, and DECREED THAT:

8        1.    Unless defined herein, all capitalized terms in this Order shall have the respective

9    meanings ascribed to them in the Agreement.

10       2.    This Court has jurisdiction over the subject matter of the Action and over all Parties

11   to the Action, including all Settlement Class Members.

12       3.    On [date], this Court preliminarily approved the Settlement and certified, for

13   settlement purposes, the Settlement Class consisting of:

14       All individuals and entities residing in the United States and its territories that, prior
         to [date of preliminary approval], purchased from an authorized seller a license to
15       use any of the following software in the United States and its territories: PC Tools
         Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007,
16       and Norton Utilities 14.0 through 16.0.

17       4.    The persons listed on Addendum A hereto are found to have validly excluded

18   themselves from the Settlement Class in accordance with the provisions of the Preliminary

19   Approval Order.

20       5.    This Court now affirms certification of the Settlement Class and gives final

21   approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate,

22   and in the best interests of the Settlement Class. The complex legal and factual posture of this case,

23   and the fact that the Settlement Agreement is the result of arms' length negotiations presided over

24   by a neutral mediator support this finding. The Settlement consideration provided under the

25   Agreement constitutes fair value given in exchange for the release of the Released Claims against

26   the Released Parties. The Court finds that the consideration to be paid to members of the

27

28

1   Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses

2   asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing

3   trial on the merits.

4         6.      The Class Representative and Class Counsel adequately represented the Settlement

5   Class for purposes of entering into and implementing the Settlement Agreement.  The preliminary

6   appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens

7   as Class Counsel is hereby confirmed.

8         7.      Accordingly, the Settlement Agreement is hereby finally approved in all respects,

9   and the Parties are hereby directed to perform its terms.  Defendants are hereby ordered to

10  implement and comply with the Settlement Agreement regarding the injunctive relief made

11  available to the Settlement Class Members. Defendants shall pay the Fee Award and Incentive

12  Award, as set forth in the accompanying Order Approving Fees and Incentive Award, [and

13  Designating *Cy Pres* Distribution], pursuant to and in the manner provided by the terms of the

14  Settlement Agreement.

15        8.      Other than as set forth in the accompanying Order Approving Fees and Incentive

16  Award, [and Designating *Cy Pres* Distribution] the Parties shall bear their own costs and attorneys'

17  fees.

18        9.      Notice to the Settlement Class has been provided in accordance with the Court's

19  Preliminary Approval Order, and the substance of and dissemination program for the notice, which

20  included direct e-mail notice and the creation of a Settlement Website, fully complied with the

21  requirements of Federal Rule of Civil Procedure 23 and due process, and constituted the best

22  notice practicable under the circumstances.

23        10.     The Court finds that the Defendants properly and timely notified the appropriate

24  state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act

25  of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice

26  and accompanying materials, and finds that they complied with all applicable requirements of

27

28

1 CAFA.

2       11.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby

3 dismisses the Action on the merits and with prejudice.

4       12.     This judgment has been entered without any admission by Defendants of liability or

5 as to the merits of any of the allegations in Plaintiff's Second Amended Complaint.

6       13.     The Parties and Settlement Class Members are bound by the terms and conditions

7 of the Agreement. Upon the Effective Date of this Settlement, Plaintiffs and each and every

8 Settlement Class Member shall be deemed to have released, acquitted and forever discharged

9 Defendants and each of the Released Parties from any and all Released Claims.

10      14.     Upon the Effective Date, the above release of claims and the Settlement Agreement

11 will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or

12 other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members,

13 Releasing Parties, and their heirs, executors, and administrators, successors, and assigns. All

14 Settlement Class Members who have not been properly excluded from the Settlement Class shall

15 be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released

16 Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or

17 proceeding.

18      15.     Without affecting the finality of this judgment, the Court retains exclusive

19 jurisdiction of the Settlement, including without limitation, issues concerning its administration

20 and consummation. The Court also retains exclusive jurisdiction over the Parties to the Agreement,

21 including Defendants and all Settlement Class Members regarding the Agreement and this Final

22 Judgment Order. Defendants, Plaintiff, and Settlement Class Members are hereby deemed to have

23 submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or

24 dispute arising out of or relating to the Released Claims, this Order, and the Agreement, including,

25 but not limited to, the applicability of the Released Claims, the Agreement, or this Order. Without

26 limiting the generality of the foregoing, any dispute concerning the Agreement, including, but not

27

28

limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

17. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be

1    made for any purpose.

2        18.     Based upon the Court's finding that there is no just reason for delay of enforcement

3    or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee

4    implementation and enforcement of the Agreement, the Court directs the Clerk to enter final

5    judgment.

6

7        **IT IS SO ORDERED** this _____ day of _____, 2013.

8

9
                                    _____
10                                  HONORABLE CHARLES R. BREYER
                                    UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12 JAMES GROSS, individually and on behalf of all others similarly situated, | Case No. 3:12-cv-00154-CRB |
| 13 | **[PROPOSED] ORDER AWARDING** |
| *Plaintiff,* | **ATTORNEYS' FEES AND INCENTIVE** |
| 14 | **AWARD, AND DESIGNATING *CY PRES*** |
| *v.* | **DISTRIBUTION** |
| 15 | |
| SYMANTEC CORPORATION, a Delaware | Judge: Honorable Charles R. Breyer |
| 16 corporation, and PC TOOLS, LTD., an Irish | Action Filed: January 10, 2012 |
| limited liability company, | |
| 17 | |
| *Defendants.* | |
| 18 | |

19

20

21

22

23

24

25

26

27

28

The Court, having considered Plaintiff's Motion for an Award of Attorneys' Fees and Incentive Award (the "Motion"), the lack of opposition from Defendants Symantec Corporation ("Symantec") and PC Tools, Ltd. ("PC Tools") (Plaintiff and the Defendants are collectively referred to as the "Parties"), any and all objections thereto, and all other relevant factors, hereby makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Pursuant to Rules 23(h)(3) and 52(a) of the Federal Rules of Civil Procedure, the Court makes the following findings of fact:

1.     On [date], 2013, the Parties entered into a Stipulation of Class Action Settlement and on [date], entered in to an Addendum to Stipulation of Class Action Settlement (collectively, the "Agreement").

2.     Unless otherwise defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to them in the Parties' Agreement.

3.     On [date], 2013, the Court entered an Order preliminarily approving the Parties' settlement ("Preliminary Approval Order"), directing that Notice be provided to the Settlement Class, scheduling a Fairness Hearing to determine whether to finally approve the settlement, to finally certify the Settlement Class, to award attorneys' fees, expenses and/or an incentive award, [to designate any un-awarded portion of the agreed upon Fee Award for *cy pres* distribution], and to consider any objections properly and timely presented. (Dkt. xx.)

4.     In the Court's Preliminary Approval Order, the Court appointed Plaintiff's counsel, Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens, all of Edelson LLC, to serve as Class Counsel on behalf of the Settlement Class. (*Id.*)

5.     Notice has been provided to the Settlement Class in accordance with the Preliminary Approval Order, disclosing the maximum amount that Class Counsel would seek in a Fee Award and an incentive award to Plaintiff as Class Representative, and the fact that the Court

1    may determine to designate any un-awarded amount of the maximum Fee Award for *cy pres*

2    distribution.

3        6.      Pursuant to the Preliminary Approval Order, and as set forth in the Notice, any

4    objections to Class Counsel's petition for a Fee Award and incentive award were to be filed and

5    served by [date], 2013.

6        7.      The Court held a Fairness Hearing on [date], 2013, at which all interested persons

7    were given the opportunity to be heard. The Court heard and considered all submissions in

8    connection with Class Counsel's request for a Fee Award and incentive award, and the proposed

9    Settlement, including the arguments of counsel and any timely filed valid objections.

10       8.      There, the Court found that the settlement was negotiated at arms-length, with the

11   assistance of a well-respected third-party mediator, by experienced counsel who did not put their

12   interests ahead of the Settlement Class, as evidenced by the fact that all Settlement Benefits to the

13   Settlement Class were agreed upon prior to the Parties' negotiations regarding a Fee Award to

14   Class Counsel and an incentive award to Plaintiff as Class Representative. Thus, the Court finds

15   that the Agreement was reached in good faith, is in the best interests of the Settlement Class, and is

16   free of any collusion or other improper motive.

17       9.      Accordingly, the Court entered a Final Judgment Order on [date], 2013, fully and

18   finally approving the Parties' Settlement as fair, reasonable and adequate, finally certifying the

19   Settlement Class, and forever releasing the Released Parties as to the Released Claims.

20       10.     Class Counsel has expended substantial time and effort in their prosecution of the

21   claims at issue in this Action on behalf of Plaintiff and the Settlement Class.

22       11.     Plaintiff is entitled to reasonable attorneys' fees in the amount of [xx]% of the

23   $11,000,000 Settlement Fund, or $[amount], which amount includes Plaintiff's reasonable

24   expenses incurred by Class Counsel in the Action. This Fee Award is reasonable under both the

25   "common fund" percentage of recovery analysis and under the lodestar cross-check method, given

26   that: (a) the fee represents [xx]% of the Settlement Fund, which is below the 25% benchmark

27

28

1  "common fund" award in the Ninth Circuit; (b) the number of hours that Class Counsel devoted to

2  the Action is reasonable; (c) Class Counsel's hourly rates are reasonable and have previously been

3  approved by other courts throughout the country; and (d) Class Counsel expended considerable

4  time and labor in this Action, the risks that they would recover nothing, the novelty and

5  complexity of the claims at issue, Class Counsel's skill and experience, and the results obtained

6  through the Settlement.

7        12.    [Pursuant to Section XI.C of the Settlement, the Court hereby exercises its

8  discretion to designate the following organization(s) to receive a *cy pres* distribution from the

9  Settlement Fund in the amount(s) indicated, the total of which *cy pres* distribution does not exceed

10  the difference between the $1,650,000 maximum Fee Award agreed upon by the Parties and the

11  Fee Award approved by this Court (i.e., $[amount]):

12                 [Organization, Amount];

13        13.    [The organization(s) identified above are proper recipients of the *cy pres*

14  component of the Settlement Fund because the work they do directly relates to the primary issues

15  in this litigation and the interests of the Settlement Class, including increasing awareness and

16  protections for Internet users and consumers related to computers, computer software and/or

17  related purchases (online and otherwise).]

18        14.    [Further,] Plaintiff initiated the Action, acted to protect the interests of the

19  Settlement Class, and assisted Class Counsel, which efforts have resulted in an Agreement entered

20  into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement

21  Class.

22        15.    Thus, Plaintiff as Class Representative, is entitled to an incentive award for his time

23  and efforts in these proceedings in the amount of $[amount].

## CONCLUSIONS OF LAW

25      Pursuant to Rules 23(h)(3) and 52(a) of the Federal Rules of Civil Procedure, the Court

26  makes the following conclusions of law:

16.     Rule 23 of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

17.     In awarding attorneys' fees and costs under Rule 23(h), the Court may hold a hearing and must make findings of fact and state its legal conclusions. *See* Fed. R. Civ. P. 23(h)(3).

18.     In "common fund" cases, such as this, the Court has the discretion to award a plaintiff's attorneys' fees as either a percentage of the common fund, or by using the lodestar method. *See In re Bluetooth*, 654 F.3d 935, 942 (9th Cir. 2011) (citing *In re Mercury Interactive Corp.*, 618 F.3d at 992); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989)

19.     In the Ninth Circuit, the "benchmark" award in common fund cases is 25% of the recovery obtained. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

20.     The Court may also apply the lodestar method to determine a reasonable attorneys' fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee amount calculated under the lodestar method is presumptively reasonable. *Id.* In common fund cases, the lodestar method may also be used as a cross-check of the percentage of recovery method. *See In re Bluetooth*, 654 F.3d at 942. Counsel's total lodestar amount may include work performed by litigation support staff as well. *See Mogck v. Unum Life Ins. Co. of Am.*, 289 F. Supp. 2d 1181, 1190-91, 1194 (S.D. Cal. 2003) (granting attorneys' fees under lodestar/multiplier approach for attorney, paralegal and secretarial staff hours) (citing *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1387 (9th Cir. 1990)).

21.     In deciding an appropriate attorneys' fee award under the lodestar method, courts should consider a number of factors, including *inter alia*, the time and labor required of counsel, the novelty and complexity of the litigation, the skill and experience of counsel, the contingent

nature of the case, and the results obtained. *See Blum v. Stenson*, 465 U.S. 866, 898-900 (1984); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

22.     Additionally, a *cy pres* distribution is appropriate where it will "account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members."   *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011).

23.     Further, incentive awards are also typical in class action cases. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Although the amounts of incentive awards granted by courts vary, it is not uncommon for a court to award a class representative several thousand dollars. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving incentive award of $5,000); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 253 (D.N.J. 2009) (approving incentive award of $10,000).

## ORDER

Now, therefore, good cause appearing, it is HEREBY ORDERED, ADJUDGED, AND DECREED:

24.     This Court has jurisdiction over the subject matter of Plaintiff's application for a Fee Award and incentive award, and all matters relating thereto.

25.     Due and adequate notice of the maximum Fee Award and incentive award that Class Counsel would request was directed to all persons who were reasonably identifiable Settlement Class Members, advising them of their right to object thereto or request exclusion from the settlement.

26.     The Court hereby awards Class Counsel a Fee Award in the amount of $[amount]. For the reasons stated above, the Court finds that this amount is fair and reasonable under either the percentage of recovery method or lodestar method.

27.     [The Court hereby orders that the following organization(s) shall receive a *cy pres* distribution from the Settlement Fund in the amount(s) indicated:

[Organization, Amount];

28.     The Court further awards Plaintiff as Class Representative an incentive award in the amount of $[amount]. For the reasons stated above, the Court finds that this amount is reasonable in light of Plaintiff's service in these proceedings.

29.     All such payments are to be made in accordance with the terms of the Agreement.

**IT IS SO ORDERED** this _____ day of _____, 2013.

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE