# EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated,<br><br>               *Plaintiff,*<br><br>    v.<br><br>SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company,<br><br>              *Defendants.* | Case No. 3:12-cv-00154-CRB<br><br>**DECLARATION OF<br>MALLORY R. SANDER**<br><br>Judge: Honorable Charles R. Breyer<br><br>Action Filed: January 10, 2012 |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

    1.    I, Mallory R. Sander, am a Project Manager at Epiq Systems, Inc. ("Epiq"). I am over the age of eighteen and am fully competent to make this declaration. I am familiar with the actions taken by Epiq with respect to the settlement reached in the above-captioned matter and the corresponding class Notice Plan. This declaration is based upon my personal knowledge and information provided to me by those whose regular job function it is to have such information and is accurate and truthful to the best of my knowledge.

    2.    Epiq is a full-service data processing company and has been administering bankruptcies since 1985 and settlements since 1993, including settlements of class actions, mass tort matters, Securities and Exchange Commission and Federal Trade Commission disgorgement actions, and other major litigation. Our associates include technology experts, attorneys,

DECLARATION OF MALLORY SANDER             1            CASE NO. 3:12-CV-00154-CRB

paralegals, MBAs, and CPAs. Epiq has administered more than 1,000 settlements in some of the largest and most complex class action cases ever settled.

3. As described above, Epiq is a firm with more than 20 years of experience in data processing, claims processing, and settlement administration. Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail and e-mail notice, receipt and processing of opt-outs by potential class members, coordination with the United States Postal Service, claims database management, claim adjudication, fund management, and distribution services. Epiq works with the settling parties, the courts, and the settlement class members in a neutral facilitation role, taking the negotiated terms of a settlement and implementing settlement administration services.

## OVERVIEW OF EPIQ'S RESPONSIBILITIES IN THE SETTLEMENT

4. Epiq was selected by the Parties and approved by the Court to administer the settlement in this Action. Epiq's responsibilities in connection with the settlement included:

  a. delivering direct notice to Settlement Class members via email;
  b. mailing the Long Form Notice and Claim Form ("Claim Package") to those Settlement Class members who have requested the same;
  c. establishing and maintaining an informational website which provides Settlement Class members access to information about the settlement, important deadlines, case documents, and the ability to submit Claim Forms online; and,
  d. establishing and maintaining a toll-free number with an Interactive Voice Response ("IVR"), which provides an automated recorded message, frequently asked questions, and the ability to request a Claim Package be mailed.

## DISSEMINATION OF NOTICE

5. As part of the administration of the settlement, one of Epiq's responsibilities was to disseminate notice to the Settlement Class via email. With respect to the email Notice to Settlement Class members, Epiq used a multi-faceted process to ensure that the Notice reached the

greatest number of Settlement Class members possible, while avoiding spam filters and other potential barriers to delivery of the Notice. The practices and procedures outlined herein are those that Epiq typically uses in the normal course of its work as a settlement administrator, and have been implemented successfully in other similar class actions in the past.

6. First, on May 31, 2013, Epiq received the class list containing 1,096,751 email addresses from defense counsel. After removing duplicate email addresses, 1,093,258 valid email addresses remained.

7. Second, Epiq populated the "From" display name and "From" display address in each email with a name and address easily recognizable by Settlement Class members (i.e., "Gross Settlement Administrator" and "administrator@gross-settlement.com"). In that way, Settlement Class members receiving the email Notice would be able to easily identify from whom the message was sent.

8. Third, each email Notice included an option to opt-out of future mailings, including instructions on how Settlement Class members may remove themselves from such mailings.

9. Fourth, Epiq refrained from the use of punctuation in the subject line of the email Notice, as certain punctuation (e.g., exclamation points) can cause an email to be marked as spam. Specifically, the subject line of the emails in this case was "Legal Notice Regarding Class Action Settlement." Based upon our experience with other notice campaigns involving email notice, we believed this particular subject line would assist in avoiding spam filters and other similar hindrances to delivery.

10. Fifth, Epiq transmitted both a text only and HTML version of the email Notice simultaneously. This was also done to increase the likelihood that the email would be deliverable.

11. Sixth, the email Notice was sent in batches of 50,000, also to avoid spam filters, which are often activated in response to large bulk mailings.

12. Having implemented each of these precautions, on June 21, 2013 each of the 1,093,258 email addresses contained on the email list were sent the Notice. The email Notice is included as Attachment 1 hereto.

13. 238,684 of the 1,093,258 emails sent bounced back or were otherwise undeliverable.

14. Therefore on July 22, 2013, a second attempt was made to email the Notice to those email addresses that were undeliverable. Of the 238,684 emails sent, 190,455 were returned as undeliverable.

15. After both the first and second rounds of email Notice were disseminated, Epiq also monitored the email inbox for the case and re-sent 93 emails due to 'captcha' requests, and other similar requests for additional action.

## REQUESTS FOR EXCLUSION, OBJECTIONS AND CLAIMS

16. The Notice emailed to the Class members provided a deadline of August 20, 2013 for Settlement Class members to request to exclude themselves from the settlement by mailing a timely and complete Request for Exclusion. As of September 5, 2013, Epiq has received six (6) Requests for Exclusion. A list of individuals that have requested to be excluded from the settlement is attached to this declaration as Attachment 2.

17. The Notice emailed to the Settlement Class members further provided a deadline of August 20, 2013 for Settlement Class Members to object to the settlement. As of September 5, 2013, Epiq has received zero (0) objections.

18. The Notice emailed to the Class members also provided a deadline of September 19, 2013 for Settlement Class members to submit Claim Forms under the settlement. To date, Epiq had received 1,939 Claim Forms, both online and by mail.

## INFORMATION CENTER AND TELEPHONE SUPPORT

19. As provided in the Parties' Stipulation of Class Action Settlement and directed by the Court, Epiq launched the Settlement Website on June 18, 2013, using the URL www.gross-settlement.com. At all times since its initial launch on June 18th, the Settlement Website contains extensive information and materials pertaining to the settlement, including answers to frequently asked questions, a downloadable Claim Form, the Long Form Notice, the Settlement Agreement, and the Preliminary Approval Order. The Settlement Website has also always included a list of

key dates and deadlines, and allowed for Settlement Class members to submit claims online through an electronic Claim Form.

20. On August 7, 2013, Plaintiff's Motion for an Award of Attorneys' Fees and Incentive Award, and the Parties' Joint Proposal of *Cy Pres* Recipients were also posted to the Settlement Website.

21. The Settlement Website will remain in service through the end of the settlement administration.

22. Also on June 18, 2013, Epiq established a toll-free telephone line, 1-888-227-1416. The line is a 24-hour automated service that provides information regarding the settlement and answers to frequently asked questions, as well as providing callers with the option to request that a Claim Package be mailed to them. The line is operated by Interactive Voice Response ("IVR").

23. This telephone line is in service to this day and will remain in service through the end of the settlement administration.

24. Finally, Epiq rented a post office box under the name of Gross Settlement Administrator (P.O. Box 6389, Portland, OR 97208-6389) to receive hard copy communications from Settlement Class members. The post office box address was published in the Notice and is available through the IVR and the Settlement Website as well.

\*    \*    \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of September 2013 at Beaverton, Oregon.

*/s/ Mallory B. Sander*
Mallory R. Sander

# Attachment 1

Your Unique Claim Code: XXXXXX

(Please save this code for your records. You will need to enter this unique claim code on your Claim Form in order to receive a payment under the Settlement.)

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Gross v. Symantec Corp., et al.*

CASE NO. 3:12-Cv-00154-CRB (U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA)

## IF YOU PURCHASED CERTAIN SOFTWARE PRODUCTS DESCRIBED BELOW BETWEEN JUNE 1, 2007 AND MAY 28, 2013, YOU MAY BE PART OF A CLASS ACTION SETTLEMENT.

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND IF YOU ARE A SETTLEMENT CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO MAKE A CLAIM UNDER THE SETTLEMENT OR TO OBJECT TO THE SETTLEMENT

(A federal court authorized this notice. It is *not* a solicitation from a lawyer.)

Your legal rights are affected whether or not you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR COMPLETED ONLINE BY SEPTEMBER 19, 2013** | The only way to receive a cash Settlement Benefit. |
| **EXCLUDE YOURSELF FROM THE CLASS BY AUGUST 20, 2013** | Receive no Settlement Benefit. This is the only option that allows you to pursue claims alleged in the Action against the Defendants by filing your own lawsuit at your own expense. |
| **COMMENT BY AUGUST 20, 2013** | Write to the Court about why you do, or do not, like the Settlement. You must remain in the Settlement Class to comment in support of or in opposition to the Settlement. |
| **ATTEND A HEARING ON OCTOBER 4, 2013** | Ask to speak to the Court about the fairness of the Settlement.<br><br>(The date and time of the final Fairness Hearing is subject to change by Court Order. See Section 10 below.) |
| **DO NOTHING** | Receive only non-cash Settlement Benefits (free software and injunctive relief) and give up your right to sue. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.
- The Court overseeing this case still has to decide whether to approve the Settlement. Payments and other Settlement Benefits will be provided if the Court approves the Settlement and after any appeals are resolved.

### 1. What is this notice and why should I read it?

This notice is to inform you of the settlement of a class action lawsuit in the case captioned *Gross v. Symantec Corp., et al.*, Case No. 3:12-cv-00154-CRB (the "Action"), brought on behalf of the Settlement Class, and pending in the United States District Court for the Northern District of California. You need not live in California to get a benefit under the Settlement, but you must live in the United States and its territories. The Court has granted preliminary approval of the Settlement and has set a final hearing to take place on October 4, 2013 at 10:00am at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom 6, 17th Floor to determine if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for attorneys' fees, expenses, and an incentive award for the Class Representative and to consider whether a portion of the maximum allowable Fee Award to Class Counsel should be designated for distribution to one or more charitable organizations, and in what amount. This notice describes the Settlement. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options–**and the deadlines to exercise them**–are explained in this notice. Your legal rights are affected regardless of whether you act.

### 2. What is a class action lawsuit and what is this lawsuit about?

A class action is a lawsuit in which one or more plaintiffs–in this case, Plaintiff James Gross ("Plaintiff")–sue on behalf of themselves and other people who allegedly have similar claims. Here, Plaintiff filed a class action complaint against Defendants Symantec Corp. ("Symantec") and PC Tools, Ltd. ("PC Tools") in the Northern District of California on behalf of people who purchased certain of Defendants' Software Products–PC Tools Registry Mechanic, PC Tools Performance Toolkit, and Norton Utilities–alleging that the Software Products did not perform certain functions as advertised. A more complete description of the allegations is set forth in the Second Amended Complaint, which is available on the Settlement Website at www.Gross-Settlement.com.

Although Symantec and PC Tools deny Plaintiff's claims of wrongdoing, the Parties have agreed to settle all claims against Defendants by entering into a written settlement agreement entitled "Stipulation of Class Action Settlement" (the "Agreement"). The individuals on whose behalf the Settlement has been made are called "Settlement Class Members." The individuals who make up the Settlement Class (i.e., the Settlement Class Members) are described in Section 4 below.

The Agreement has already been preliminarily approved by the Court. Nevertheless, because the settlement of a class action determines the rights of all members of the proposed class, the Court has ordered this notice to be disseminated to the Settlement Class and is required to hold a Fairness Hearing to determine whether final approval may be granted to the Settlement, before it can take effect.

The Court has conditionally certified the Settlement Class for settlement purposes, so that Settlement Class Members can be given this notice and the opportunity to exclude themselves from the Settlement Class, voice their support or opposition to the Settlement, and explain how those who do not exclude themselves from the Settlement Class may submit a Claim Form to get the monetary benefit offered by the Settlement. If the Settlement is not granted final approval by the Court, or the Parties terminate it, the Settlement will be void, and the lawsuit will continue as if there had been no settlement and no certification of the Settlement Class.

### 3. Why is there a Settlement?

The Court has not decided in favor of either side in the case. The Defendants deny all allegations of wrongdoing or liability against them and assert that their conduct was lawful. The Defendants are settling to avoid the expense, inconvenience, and inherent risk and disruption of litigation. Plaintiff and his attorneys believe that the Settlement is in the best interests of the Settlement Class because it provides an appropriate recovery for Settlement Class Members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

### 4. Who is included in the Settlement?

The Settlement Class includes all individuals and entities residing in the United States and its territories that, prior to May 28, 2013, purchased from an authorized seller a license to use any of the following software in the United States and its territories: PC Tools Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0.

## 5. What does the Settlement provide?

A. **Monetary Relief and Free Software.**

   i. **Payments.** Defendants have agreed to create an $11,000,000.00 Settlement Fund from which they will make a one-time check payment of nine dollars ($9.00) to each Settlement Class Member who submits a valid Claim Form in accordance with the procedure set forth below if they have purchased Software Product(s) for which they have not already received a full refund. In addition, Defendants have agreed to pay from the Settlement Fund Class Counsel's attorneys' fees and costs not to exceed $1,650,000.00 (and any difference between the amount of attorneys' fees awarded by the Court and $1,650,000.00 to appropriate charitable organizations), an incentive award to the Class Representative totaling $2,500.00, and the full administrative costs of the Settlement up to $150,000.00, and half of any additional administrative costs thereafter.

   If you are a member of the Settlement Class (defined in the answer to Question No. 4 above), and you choose to stay in the Settlement Class, you can submit a Claim Form to receive a check payment.

   ii. **Antivirus Software.** Each Settlement Class Member shall also receive three (3) months of free access to Symantec's proprietary antivirus software known as Norton Antivirus, regardless of whether they submit a Claim Form or have already received a full refund of the money paid to purchase a Software Product.

   iii. **Process.** To be eligible for a check payment under the Settlement, a Settlement Class Member must affirm in the Claim Form: (1) that he, she or it purchased one or more of the Software Products, and (2) that he, she or it did not previously receive a full refund of all monies paid for the Software Product(s).

   You can download a Claim Form from the Settlement Website by going to www.Gross-Settlement.com and following the instructions provided there. You can also obtain a Claim Form by writing to the Settlement Administrator at PO Box 6389, Portland, OR 97228-6389 or calling toll-free (888) 227-1416. Your Claim Form must be postmarked or electronically submitted by September 19, 2013.

B. **Prospective Relief.** As part of the Settlement, the Defendants have agreed that, as soon as practicable, but no later than ninety (90) days from the Effective Date of the Agreement, they will modify the current versions of the respective Software Products to: (i) deactivate the "System Health" meter within the main Graphical User Interface ("GUI") such that a user's System health is reported as "unknown" until after the individual performs a scan with the Software Product to assess the registry and other monitored areas for invalid entries and other issues; (ii) refrain from claiming in the GUI prompt presented to users when upgrading from the trial version to the full version of the Software Products that upgrading will increase the "speed" of the user's computer or will cause the computer to run "faster"; (iii) no longer include representations within the Software Products that any specific errors require "immediate repair"; (iv) no longer describe invalid registry entries as "errors"; and (v) within the Software Products' GUI "Help" section, include documentation that clearly explains the detection and reporting methodologies underlying the operations of the respective Software Products' diagnostic scans.

Defendants have also agreed to develop and publish new documentation that explains, in a clear and concise manner, the meaning of the "System Health" meter and the factors considered in determining a computer's "System Health" as well as describes the potential harm posed by the issues detected, including what is meant by a "High Priority" issue.

## 6. Who represents the Settlement Class?

A. **Class Representative.** For purposes of the Settlement, the Court has appointed Plaintiff James Gross to serve as the Class Representative.

B. **Settlement Class Counsel.** The Court has approved the appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens of Edelson LLC as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

From the beginning of the case in January 2012 to the present, Class Counsel has not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees and actual expenses (including their court costs) in a total amount not to exceed $1,650,000.00. The Defendants have agreed not to oppose Class Counsel's application for an award of attorneys' fees and reimbursable expenses up to $1,650,000.00. If the Court approves the attorneys' fee application, the award will be paid by Defendants. The Settlement Class Members will not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the Settlement on behalf of all Settlement Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

In the event the Court does not award the full $1,650,000.00 in attorneys' fees, it will determine whether the difference

between the amount actually awarded and the $1,650,000.00 (or a portion of the difference) should be distributed to charitable organizations that will be proposed to the Court by the Parties, and in what amount.

### 7. How can I exclude myself from the Settlement Class?

You can get out of the Settlement Class by "excluding" yourself. If you exclude yourself, you won't be able to submit a Claim Form, and you won't be allowed to claim any of the relief offered by the Settlement. If you exclude yourself from the Settlement Class, you can pursue whatever legal rights you may have in any separate proceeding if you choose to do so, but you will have to do so at your own expense.

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the Settlement Class in *Gross v. Symantec Corp., et al.* Your Request for Exclusion must include your name, address and telephone number, identify the email address you believe was used to purchase, register or activate the Software Products you purchased, and be physically signed with a statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in *Gross v. Symantec Corp., et al.*" **Your Request for Exclusion must be postmarked no later than August 20, 2013**, and sent to the Settlement Administrator at the following address: PO Box 6389, Portland, OR 97228-6389.

A Request for Exclusion that does not include all of the above information, that is sent to an address other than the one listed above, or that is not postmarked on time, will not be valid and the person(s) asking to be excluded will be considered a member of the Settlement Class, and will be bound as a Settlement Class Member.

If you elect to exclude yourself, you will (i) not have any rights as a member of the Settlement Class pursuant to the Agreement, (ii) not be able to receive any Settlement Benefit as provided in the Agreement, (iii) not be bound by any further orders or judgments in this case, and (iv) not be entitled to object to any aspect of the Agreement. If you proceed on an individual basis, you might receive more, or less, of a benefit than you would otherwise receive under the Agreement, or no benefit at all.

### 8. How can I tell the Court what I think about the Settlement?

If you do not exclude yourself from the Settlement Class, you or your attorney can comment in support of or in opposition to the Settlement and have the right to appear before the Court to do so. Your objection to or comment on the Settlement must be submitted in writing by **August 20, 2013** and **must be sent to the Court and the attorneys for the Parties at the addresses below:**

| Clerk of the Court | Settlement Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. Dist. Ct.. N.D. Cal.<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Jay Edelson<br>Rafey S. Balabanian<br>Benjamin H. Richman<br>Chandler R. Givens<br>Edelson LLC<br>350 N. LaSalle, Suite 1300<br>Chicago, IL 60654 | Maura L. Rees<br>Anthony J Weibell<br>Wilson Sonsini Goodrich & Rosati<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, California 94304-1050 |

The objection or comment must be in writing and include the case name *Gross v. Symantec Corp., et al.*, Case No. 3:12-cv-00154-CRB, and: (a) the Settlement Class Member's full name and current address; (b) the email address the Settlement Class Member believes was used to purchase, register or activate the Software Product(s) purchased by the Settlement Class Member; (c) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class; (d) the specific grounds for the objection; (e) all documents or writings that the Settlement Class Member desires the Court to consider; and (f) a notice of intention to appear at the Fairness Hearing (if any). The Court will consider all properly filed comments from Settlement Class Members.

If you do not submit a written comment on the Settlement or the application of Class Counsel for an incentive award and attorneys' fees and expenses in accordance with the deadline and procedure set forth above, and you are not granted relief by the Court, you will waive your right to be heard at the Fairness Hearing.

If you do not object as described in this notice, and you do not exclude yourself from the Settlement Class, you will be deemed to have consented to the Court's certification of, and jurisdiction over, the Settlement Class, and, if the Settlement is granted final approval, to have released the Released Claims (defined in the Agreement, available at www.Gross-Settlement.com).

### 9. What is the effect of final approval of the Settlement?

If the Court grants final approval to the Settlement, the Court will enter a final order and judgment and dismiss the case as to the Defendants. Claim Forms and payments under the Settlement will then be processed, claims payments will be distributed, and access to the free antivirus software will be distributed. The release by Settlement Class Members will also take effect. All members of the Settlement Class will release, acquit and forever discharge the Defendants and each of the Released Parties from any and all Released Claims (as defined in the Agreement). Please refer to Section V of the Agreement for a full description of the claims and persons that will be released upon final approval of the Settlement.

Whether you consider the Settlement favorable or unfavorable, any and all members of the Settlement Class who do not exclude themselves from the Settlement Class will not be permitted to continue to assert Released Claims in any other litigation against the Defendants or other persons and entities covered by the Release. You can obtain a copy of the Agreement from the Clerk of the Court, online at www.Gross-Settlement.com, or by writing to the Settlement Administrator at PO Box 6389, Portland, OR 97228-6389. If you do not wish to be a Settlement Class Member, you must exclude yourself from the Settlement Class (see No. 7, above).

If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. There can be no assurance that if the Settlement is not approved and the case resumes, the Settlement Class will recover more than is provided for under the Agreement, or will recover anything at all.

### 10. When and where will the Court hold a hearing on the fairness of the Settlement?

A Fairness Hearing has been set for October 4, 2013 at 10:00am, before The Honorable Charles R. Breyer at the Phillip Burton Federal Building and United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, 94102, in Courtroom 6, 17th Floor. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses. You do not need to attend this hearing. You also do not need to attend to have a comment or objection considered by the Court.

Note: The date and time of the Fairness Hearing are subject to change by Court Order.

### 11. Do I have to come to the Fairness hearing? May I speak at the hearing?

You do not need to attend the Fairness Hearing to remain a Settlement Class Member or submit a Claim Form. You or your own lawyer may attend the hearing if you wish, at your own expense.

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses by following the instructions in No. 8 above.

### 12. How do I receive the Settlement Benefits?

If you do not exclude yourself from the Settlement Class, and would like to receive the monetary benefit provided by the Settlement, you must submit a timely and valid Claim Form as set forth in No. 5 above. **Claim Forms must be submitted online or by mail postmarked by September 19, 2013**. You can submit an electronic Claim Form online at www.Gross-Settlement.com, or obtain a copy of the Claim Form by downloading it from www.Gross-Settlement.com or by writing to the Settlement Administrator at: PO Box 6389, Portland, OR 97228-6389 or calling toll-free (888) 227-1416.

### 13. What happens if I do nothing at all?

If you do nothing, you will receive no payment under the Settlement, but you will receive three (3) months of free access to Norton Antivirus. You will also still be part of the Settlement Class and subject to the Release described in Section V of the Agreement. This means you will not be permitted to continue to assert Released Claims in any other case against Defendants or other persons and entities covered by the Release. Please refer to Section V of the Agreement for a full description of the claims and persons who will be released upon final approval of the Settlement.

### 14. Where can I get additional information?

This notice provides only a summary of the matters relating to the Settlement. For more detailed information, you may wish to review the Agreement. You can view the Agreement and get more information at www.Gross-Settlement.com. You can also get more information by writing to the Settlement Administrator at PO Box 6389, Portland, OR 97228-6389 or calling toll-free (888) 227-1416. The Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the Northern District of California (San Francisco Division), at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

If you would like additional information, you can also write to Class Counsel at the address listed in No. 8 above.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT.**

Please do not reply to this email. If you have any questions please visit www.gross-settlement.com or call (888) 227-1416.

If you would prefer not to receive further messages from this sender, please Click Here and confirm your request.

L1276 v.06 06.11.2013

6

# Attachment 2

Gross v Symantec Opt Outs

| Name | Status |
| --- | --- |
| SAMIR AHMED | Complete |
| GERRIT J DEKONING | Complete |
| SCOTT V FEASTER | Complete |
| LYNNE A CASANOVA | Complete |
| BOB RUTZEL | Complete |
| RONALD GROCE | Complete |