KEITH E. EGGLETON, State Bar No. 159842
MAURA L. REES, State Bar No. 191698
ANTHONY J WEIBELL, State Bar No. 238850
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
E-mail: keggleton@wsgr.com;
mrees@wsgr.com; aweibell@wsgr.com

Attorneys for Defendant
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GROSS,<br><br>Plaintiff,<br><br>v.<br><br>SYMANTEC CORPORATION, et al.,<br><br>Defendants. | CASE NO.: C 12-00154 CRB<br><br>**SYMANTEC'S STATEMENT IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Date:  October 4, 2013<br>Time:  10:00 AM |

Pursuant to the provisions of the Court's May 28, 2013 order (ECF No. 70) granting preliminary approval to the parties' class-wide settlement ("the Settlement"), defendant Symantec Corporation ("Symantec") respectfully submits this Statement in Support of Final Approval of the Settlement. Symantec understands that Plaintiff is filing a comprehensive Motion for Final Approval of the Settlement that will address the various considerations for final approval in detail. Symantec will therefore be brief.

Courts consider several factors to determine whether a settlement is "fair, adequate, and reasonable," including the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; and the reaction of the class members to the proposed settlement. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The issue "is not whether the settlement could be better, but whether it is fair, reasonable, and adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

Here, the factors weigh in favor of final approval. As reflected in Symantec's multiple motions to dismiss the claims in this action, *see* ECF Nos. 28, 38, 51, Symantec has at all times maintained that this action lacks merit and has vigorously defended this case. Symantec successfully obtained withdrawal of Plaintiff's original complaint and a dismissal by the Court of the First Amended Complaint. *See* ECF Nos. 32, 49. In its pending motion to dismiss the Second Amended Complaint, which has been fully briefed but stayed in light of the Settlement, Symantec explains why the current amended complaint should likewise be dismissed with prejudice. *See* ECF Nos. 51, 54. Faced with Symantec's fully-briefed motion to dismiss and prior to the scheduled hearing on the motion, the parties agreed to attempt a resolution through professional mediation. During this second attempt at mediation,[1] Symantec agreed to settle this case to avoid the uncertainties, costs, and other negative impacts to its business of protracted litigation, notwithstanding its belief that Plaintiff's claims lack merit. The Settlement provides

---

[1] An initial mediation conducted prior to the filing of this action was unsuccessful.

injunctive, monetary, in-kind, and *cy pres* benefits to the settlement class—remedies that Symantec respectfully submits the class would not have recovered if the litigation continued.[2]

There have been no objections to the Settlement from the class. And only six of the more than one million class members have decided to opt out of the Settlement. Given the lack of objection to the Settlement and the provision of benefits to class members, as weighed against the likelihood that Symantec would ultimately prevail on the merits of Plaintiff's claims, the Court should grant final approval of this fair, adequate, and reasonable Settlement.

Dated: September 6, 2013

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Maura L. Rees
     Maura L. Rees

*Attorneys for Defendant*
SYMANTEC CORPORATION

---

[2] On August 6, 2013, the parties jointly filed a list of six organizations eligible to receive a *cy pres* distribution from the Settlement under the criteria set forth by the Ninth Circuit in *Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012). *See* ECF No. 72. Three of the organizations were proposed by Plaintiff and three by Symantec. The parties have left it to the Court's discretion to determine which of these proposed recipients will receive a share of any *cy pres* distribution under Section XI.C of the Settlement. *See id.* at 2.