**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company,<br><br>*Defendants*. | Case No. 3:12-cv-00154-CRB<br><br>**ORDER AWARDING ATTORNEYS' FEES AND INCENTIVE AWARD, AND DESIGNATING *CY PRES* DISTRIBUTION**<br><br>Judge: Honorable Charles R. Breyer<br>Action Filed: January 10, 2012 |

The Court, having considered Plaintiff's Renewed Motion for and Memorandum in Support of Final Approval of Class Action Settlement, Incentive Award and Attorneys' Fees (the "Motion"), the lack of opposition from Defendants Symantec Corporation ("Symantec") and PC Tools, Ltd. ("PC Tools") (Plaintiff and the Defendants are collectively referred to as the "Parties"), any and all objections thereto, and all other relevant factors, hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

Pursuant to Rules 23(h)(3) and 52(a) of the Federal Rules of Civil Procedure, the Court makes the following findings of fact:

1. On February 13, 2013, the Parties entered into a Stipulation of Class Action Settlement; on May 20, 2013, entered in to an Addendum to Stipulation of Class Action Settlement; and, on January 6, 2014, entered into a Second Addendum to Stipulation of Class Action Settlement (collectively, the "Agreement").

2. Unless otherwise defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to them in the Parties' Agreement.

3. On May 28, 2013, the Court entered an Order preliminarily approving the Parties' settlement ("Preliminary Approval Order"), directing that Notice be provided to the Settlement Class, scheduling a Fairness Hearing to determine whether to finally approve the settlement, to finally certify the Settlement Class, to award attorneys' fees, expenses and/or an incentive award, to designate any un-awarded portion of the agreed upon Fee Award for *cy pres* distribution, and to consider any objections properly and timely presented. (Dkt. 70.)

4. In the Court's Preliminary Approval Order, the Court appointed Plaintiff's counsel, Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens, all of Edelson PC, to serve as Class Counsel on behalf of the Settlement Class. (*Id.*)

5. Notice has been provided to the Settlement Class in accordance with the Preliminary Approval Order, disclosing the maximum amount that Class Counsel would seek in a

Fee Award and an incentive award to Plaintiff as Class Representative, and the fact that the Court may determine to designate any un-awarded amount of the maximum Fee Award for *cy pres* distribution.

6. Pursuant to the Preliminary Approval Order, and as set forth in the Notice, any objections to Class Counsel's petition for a Fee Award and incentive award were to be filed and served by August 20, 2013.

7. The Court held an initial Fairness Hearing on October 18, 2013, at which all interested persons were given the opportunity to be heard.

8. At the initial Fairness Hearing, the Court referred the Parties to Magistrate Judge Jacqueline Scott Corley for a settlement conference on making additional amendments to the Settlement.

9. On December 10, 2013, the Parties engaged in a settlement conference before Magistrate Judge Corley, during which they agreed to make certain amendments to the Settlement to satisfy the Court's concerns, which amendments were subsequently memorialized in the Second Addendum to Stipulation of Class Action Settlement.

10. On March 17, 2014, the Court held a second Fairness Hearing, at which all interested persons were given the opportunity to be heard. The Court heard and considered all submissions in connection with Class Counsel's request for a Fee Award and incentive award, and the proposed Settlement, including the arguments of counsel and any timely filed valid objections.

11. There, the Court found that the Settlement was negotiated at arms-length, with the assistance of a well-respected third-party mediator and Magistrate Judge Corley, by experienced counsel who did not put their interests ahead of the Settlement Class, as evidenced by the fact that all Settlement Benefits to the Settlement Class were agreed upon prior to the Parties' negotiations regarding a Fee Award to Class Counsel and an incentive award to Plaintiff as Class Representative. Thus, the Court finds that the Agreement was reached in good faith, is in the best interests of the Settlement Class, and is free of any collusion or other improper motive.

12. Accordingly, the Court entered a Final Judgment Order on March 18, 2014, fully and finally approving the Parties' Settlement as fair, reasonable and adequate, finally certifying the Settlement Class, and forever releasing the Released Parties as to the Released Claims.

13. Class Counsel has expended substantial time and effort in their prosecution of the claims at issue in this Action on behalf of Plaintiff and the Settlement Class.

14. Plaintiff is entitled to reasonable attorneys' fees in the amount of $700,000.00, which amount includes Plaintiff's reasonable expenses incurred by Class Counsel in the Action. This Fee Award is reasonable under the lodestar method, given that: (a) the number of hours that Class Counsel devoted to the Action is reasonable; (b) Class Counsel's hourly rates are reasonable and have previously been approved by other courts throughout the country; and (c) Class Counsel expended considerable time and labor in this Action, the risks that they would recover nothing, the novelty and complexity of the claims at issue, Class Counsel's skill and experience, and the results obtained through the Settlement.

15. Pursuant to Section XI.C of the Settlement, the Court hereby exercises its discretion to designate the following organization(s) to receive a *cy pres* distribution from the Settlement Fund in the amount(s) indicated, the total of which *cy pres* distribution will be in the amount of $1,250,000:

        National Consumer Law Center - $812,500.00

        The U.C. Berkeley Center for Law and Technology - $62,500.00

        The Rose Foundation - $62,500.00

        Consumer Watchdog - $62,500.00

        Girls STEM Network: Cybersecurity - $250,000.00

16. The organization(s) identified above are proper recipients of the *cy pres* component of the Settlement Fund because the work they do directly relates to the primary issues in this litigation and the interests of the Settlement Class, including increasing awareness and protections

1. for Internet users and consumers related to computers, computer software and/or related purchases (online and otherwise).

17. Further, Plaintiff initiated the Action, acted to protect the interests of the Settlement Class, and assisted Class Counsel, which efforts have resulted in an Agreement entered into in good faith that provides a fair, reasonable, adequate and certain result for the Settlement Class.

18. Thus, Plaintiff as Class Representative, is entitled to an incentive award for his time and efforts in these proceedings in the amount of $2,500.00.

## **CONCLUSIONS OF LAW**

Pursuant to Rules 23(h)(3) and 52(a) of the Federal Rules of Civil Procedure, the Court makes the following conclusions of law:

19. Rule 23 of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

20. In awarding attorneys' fees and costs under Rule 23(h), the Court may hold a hearing and must make findings of fact and state its legal conclusions. *See* Fed. R. Civ. P. 23(h)(3).

21. In "common fund" cases, such as this, the Court has the discretion to award a plaintiff's attorneys' fees by using the lodestar method. *See In re Bluetooth*, 654 F.3d 935, 942 (9th Cir. 2011) (citing *In re Mercury Interactive Corp.*, 618 F.3d at 992); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989).

22. In so doing, the Court determines a reasonable attorneys' fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee amount calculated under the lodestar method is presumptively reasonable. *Id*. Counsel's total lodestar amount may include work performed by litigation support staff as well. *See Mogck v. Unum Life Ins. Co. of Am.*, 289 F. Supp. 2d 1181, 1190-91, 1194 (S.D. Cal. 2003) (granting attorneys' fees under lodestar/multiplier approach for attorney, paralegal and

secretarial staff hours) (citing *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1387 (9th Cir. 1990)).

23. In deciding an appropriate attorneys' fee award under the lodestar method, courts should consider a number of factors, including *inter alia*, the time and labor required of counsel, the novelty and complexity of the litigation, the skill and experience of counsel, the contingent nature of the case, and the results obtained. *See Blum v. Stenson*, 465 U.S. 866, 898-900 (1984); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

24. Additionally, a *cy pres* distribution is appropriate where it will "account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011).

25. Further, incentive awards are also typical in class action cases. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Although the amounts of incentive awards granted by courts vary, it is not uncommon for a court to award a class representative several thousand dollars. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving incentive award of $5,000); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 253 (D.N.J. 2009) (approving incentive award of $10,000).

## **ORDER**

Now, therefore, good cause appearing, it is HEREBY ORDERED, ADJUDGED, AND DECREED:

26. This Court has jurisdiction over the subject matter of Plaintiff's application for a Fee Award and incentive award, and all matters relating thereto.

27. Due and adequate notice of the maximum Fee Award and incentive award that Class Counsel would request was directed to all persons who were reasonably identifiable Settlement Class Members, advising them of their right to object thereto or request exclusion from the settlement.

28. The Court hereby awards Class Counsel a Fee Award in the amount of $700,000.00. For the reasons stated above, the Court finds that this amount is fair and reasonable under either the percentage of recovery method or lodestar method.

29. The Court hereby orders that the following organization(s) shall receive a *cy pres* distribution from the Settlement Fund in the amount(s) indicated:

    National Consumer Law Center - $812,500.00

    The U.C. Berkeley Center for Law and Technology - $62,500.00

    The Rose Foundation - $62,500.00

    Consumer Watchdog - $62,500.00

    Girls STEM Network: Cybersecurity - $250,000.00

30. The Court further awards Plaintiff as Class Representative an incentive award in the amount of $2,500.00. For the reasons stated above, the Court finds that this amount is reasonable in light of Plaintiff's service in these proceedings.

31. All such payments are to be made in accordance with the terms of the Agreement.

**IT IS SO ORDERED** this 19th day of March, 2014.

                         HONORABLE CHARLES R. BREYER
                         UNITED STATES DISTRICT JUDGE