# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES GROSS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SYMANTEC CORPORATION, a Delaware corporation, and PC TOOLS, LTD., an Irish limited liability company,<br><br>*Defendants*. | Case No. 3:12-cv-00154-CRB<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Judge: Honorable Charles R. Breyer<br>Action Filed: January 10, 2012 |

The Court, having considered Plaintiff's Renewed Motion for and Memorandum in Support of Final Approval of Class Action Settlement, Incentive Award and Attorneys' Fees (the "Motion for Final Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff James Gross and Defendants Symantec Corp. and PC Tools, Ltd. (collectively, "Defendants"), pursuant to the Parties' Stipulation of Class Action Settlement, the Addendum to Stipulation of Class Action Settlement, and the Second Addendum to Stipulation of Class Action Settlement (the "Agreement"), and having duly considered the papers and arguments of counsel, Plaintiff's Motion is hereby GRANTED and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to them in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. On May 28, 2013 this Court preliminarily approved the Settlement and certified, for settlement purposes, the Settlement Class consisting of:

> All individuals and entities residing in the United States and its territories that, prior to May 28, 2013, purchased from an authorized seller a license to use any of the following software in the United States and its territories: PC Tools Registry Mechanic and PC Tools Performance Toolkit released since June 1, 2007, and Norton Utilities 14.0 through 16.0.

4. The persons listed on Addendum A hereto are found to have validly excluded themselves from the Settlement Class in accordance with the provisions of the Preliminary Approval Order.

5. This Court now affirms certification of the Settlement Class and gives final approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding. The Settlement consideration provided under the

Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

6. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. The preliminary appointment of Jay Edelson, Rafey S. Balabanian, Benjamin H. Richman and Chandler R. Givens of Edelson PC as Class Counsel is hereby confirmed.

7. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. Defendants are hereby ordered to implement and comply with the Settlement Agreement regarding the injunctive relief made available to the Settlement Class Members. Defendants shall pay the *Cy Pres* Distribution, Fee Award, and Incentive Award, as set forth in the accompanying Order Approving Fees and Incentive Award, and Designating *Cy Pres* Distribution, pursuant to and in the manner provided by the terms of the Settlement Agreement.

8. Other than as set forth in the accompanying Order Approving Fees and Incentive Award, and Designating *Cy Pres* Distribution, the Parties shall bear their own costs and attorneys' fees.

9. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the notice, which included direct e-mail notice and the creation of a Settlement Website, fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process, and constituted the best notice practicable under the circumstances.

10. The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act

FINAL JUDGMENT AND  3  CASE NO. 3:12-CV-00154-CRB
ORDER OF DISMISSAL WITH PREJUDICE

1 | of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice
2 | and accompanying materials, and finds that they complied with all applicable requirements of
3 | CAFA.

4 |     11.    Subject to the terms and conditions of the Settlement Agreement, this Court hereby
5 | dismisses the Action on the merits and with prejudice.

6 |     12.    This judgment has been entered without any admission by Defendants of liability or
7 | as to the merits of any of the allegations in Plaintiff's Second Amended Complaint.

8 |     13.    The Parties and Settlement Class Members are bound by the terms and conditions
9 | of the Agreement. Upon the Effective Date of this Settlement, Plaintiff and each and every
10 | Settlement Class Member shall be deemed to have released, acquitted and forever discharged
11 | Defendants and each of the Released Parties from any and all Released Claims.

12 |     14.    Upon the Effective Date, the above release of claims and the Settlement Agreement
13 | will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or
14 | other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members,
15 | Releasing Parties, and their heirs, executors, and administrators, successors, and assigns. All
16 | Settlement Class Members who have not been properly excluded from the Settlement Class shall
17 | be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released
18 | Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or
19 | proceeding.

20 |     15.    Without affecting the finality of this judgment, the Court retains exclusive
21 | jurisdiction of the Settlement, including without limitation, issues concerning its administration
22 | and consummation. The Court also retains exclusive jurisdiction over the Parties to the Agreement,
23 | including Defendants and all Settlement Class Members regarding the Agreement and this Final
24 | Judgment Order. Defendants, Plaintiff, and Settlement Class Members are hereby deemed to have
25 | submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or
26 | dispute arising out of or relating to the Released Claims, this Order, and the Agreement, including,

but not limited to, the applicability of the Released Claims, the Agreement, or this Order. Without limiting the generality of the foregoing, any dispute concerning the Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

17. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendants' right to

oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

18. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED** this   19th  day of  March, 2014.



HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

## **ADDENDUM A**

1. Samir Ahmed
2. Gerrit J. Dekoning
3. Scott V. Feaster
4. Lynne A. Casanova
5. Bob Rutzel
6. Ronald Groce